UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ADVOCATING DISABILITY RIGHTS,
INC. A NOT-FOR-PROFIT
CORPORATION, AND EDUARDO
UMPIERRE,
                    Plaintiffs,

vs.
                                                    Case No.: 05-1185 (ADC)

THE PUERTO RICO PORTS AUTHORITY
a public corporation created by law of the
Commonwealth of Puerto Rico; THE
MARITIME TRANSPORTATION
AUTHORITY OF PUERTO RICO, a public
corporation created by law of the
Commonwealth of Puerto Rico; THE
MARITIME TRANSPORTATION
AUTHORITY OF PUERTO RICO AND
THE MUNICIPAL ISLANDS, a public        **PLAINTIFFS' VERIFIED MOTION FOR**
corporation created by law of the      **ATTORNEYS' FEES AND**
Commonwealth of Puerto Rico            **MEMORANDUM OF LAW IN**
                    Defendants.        **SUPPORT[1]**
_____/

         Plaintiffs, Advocating Disability Rights, Inc. a not-for-profit corporation ("ADR"), and

_____

         [1]   The following are attached as exhibits and bookmarked using the Adobe Acrobat
bookmark feature.  When viewing this document click on the "bookmark" tab on the left side of
the screen to view the hyper linked bookmarks:
EXHIBIT 1 - Statement of Attorney Time - Attorney Lorenzo J. Palomares-Starbuck
EXHIBIT 2 - Statement of Attorney Time - Attorney William D. Tucker
EXHIBIT 3  - CV of Attorney Lorenzo J. Palomares-Starbuck
EXHIBIT 4 - CV of Attorney William D. Tucker
EXHIBIT 5  - Case List Attorney Lorenzo J. Palomares-Starbuck
EXHIBIT 6 - Case List Attorney William D. Tucker - ADA cases in U.S. District Courts
EXHIBIT 7 - Sworn Statement of Eduardo Umpierre, individually and as director of Advocating
Disability Rights, Inc. a not-for-profit Corporation.
EXHIBIT 8 - Sworn Statement of Edward T. Dinna, a director of Advocating Disability Rights,
Inc. a not-for-profit Corporation.

Eduardo Umpierre request an order awarding them their attorneys' fees, and in support thereof state:

## I.    BACKGROUND

This is a civil rights lawsuit for disability based discrimination in which Plaintiffs successfully obtained injunctive relief under the anti-discrimination provisions of title II of the Americans with Disabilities Act of 1990, P.L. 101-336, ("ADA"), and Section 504 of the Rehabilitation Act of 1973 29 U.S.C. §794 ("Section 504"), and declaratory relief under the Declaratory Judgement Act, 28 U.S.C. § 2201, as a result of discrimination on the basis of disability they suffered in connection with Defendants' fixed route ferry transportation system.

After three years of litigation, this matter was resolved by [133] the Consent Decree, filed 2/2/2008.[2]  Plaintiffs now move for an order awarding their attorneys' fees as follows:

| Attorney | Rate / Hour | Hours | Multiplier | Amount |
|---|---|---|---|---|
| Lorenzo J. Palomares | $300.00 | 917.55 | 1.75 | $481,713.75 |
| William D. Tucker | $300.00 | 703.76 | 1.75 | $369,474.00 |
| | | ======== | | ========= |
| **TOTALS** | | 1,621.31 | | $851,187.75 |

## II.    DISCUSSION

### A.    Plaintiffs' Are the Prevailing Parties and  Entitled to Their Attorneys' Fees, Expert Fees, and  Litigation Costs Pursuant to the Consent Decree

To recover attorney's fees under *§505, ADA* (42 U.S.C. § 12205) a Plaintiff must be a prevailing party.  *Buckhannon Bd. & Care Home. Inc. v. W. Va. Dept of Health & Human Res.*,

---

[2]  This Court approved, adopted, and ratified the Consent Decree by [135] the Order dated 2-6-2006, and filed 2-20-2008, and on February 27, 2008 [136] the final judgment entered.

532 U.S. 598 (2001). Plaintiffs are a prevailing party if they were "awarded some relief" by the Court and also "achieved an alteration in the legal relationship of the parties." *Id.* at 603-05. Furthermore, "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon,* 532 U.S. at 604.

Plaintiffs are prevailing parties under [136] the February 27, 2008 final judgment entered on the basis of [135] the February 20, 2008 Order approving, adopting and ratifying [133] the Consent Decree.

The Consent Decree provides that Plaintiffs' are entitled to their attorneys' fees, expert fees, and litigation costs in an amount to be determined by the Court. The Consent Decree provides, in pertinent part:

> Plaintiffs are entitled to their reasonable attorney's fees, experts' fees, and litigation costs which have accrued as of the effective date of this Consent Decree, in an amount to be determined by the Court on Motion by the Plaintiffs. Defendants may oppose the Motion as provided by the local rules. The Order as to Plaintiffs' attorneys fees and costs shall be final and part of this Consent Decree, not subject to appellate review, and shall be reduced to final judgment.

[133] Consent Decree at ¶36.

In determining the attorneys' fees to be awarded, the Court should bear in mind that the basic purpose of the civil rights acts such as the ADA is to promote private enforcement of the civil rights statutes by enabling litigants to obtain competent counsel to press their claims. Thus, the amount of fees awarded in a civil rights case should be governed by the same standards which prevail in other types of equally complex federal litigations, such as antitrust cases. S. Rep. 6; *Sergeant v. Sharp*, 579 F.2d 645, 648 (1st Cir. 1978). (Emphasis added.)

In *Blum v. Stevenson*, 465 U.S. 886, 888 (1984), the Supreme Court held that the initial

estimate of a reasonable attorneys fees is properly calculated by multiplying the number of hours reasonably expended on the litigation times at a reasonable hourly rate. *See also*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The product of these two numbers (hours & rate) is known as the "lodestar".

Following the guidance of the Supreme Court, this circuit has adopted both the lodestar method to calculate attorneys' fees and the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) for determining the amount of fees.[3] *See, e.g.*, *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F. 3d 331, 337 (1st Cir. 1997).

The importance of attorneys fees cannot be over emphasized in a case where, as here, the plaintiffs seek, on behalf of themselves and others, to end discrimination prohibited by law, with no monetary gain for themselves. As the first circuit stated in *Coutin*:

> [t]he [lodestar] method is also a device which enables courts to pay homage to the fundamental reason that Congress passed the Fees Act: its resolve that certain types of wrongs, such as discrimination on account of sex, should not be countenanced, and that private suits aimed at redeeming

---

[3] *See Hensley v. Eckerhart,* 461 U.S. 424, 429-31 (1983) (citing the legislative history of the Fees Act and observing that it is appropriate to adjust fees in accordance with the twelve factors set forth in *Johnson*).

The *Johnson* factors are:
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee; (6) the nature of the fee (fixed or contingent); (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the size of awards in similar cases.

*Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F. 3d 331, 337 (1st Cir. 1997)

such abuses should be encouraged.

*Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F. 3d 331, 337 (1st Cir. 1997) (citations omitted)

**B.     Lodestar- The *Johnson* factors**

***1.     The Amount Involved and the Results Obtained - Johnson Factor #8***

Although listed as the eighth factor, the Supreme Court has identified the amount involved and the results obtained as a preeminent consideration in the determination of attorneys' fees. *See Hensley*, 461 U.S. at 432, 440.

Under the Consent Decree the defendants are obligated to spend at least $25 million dollars to implement the projects required under the Consent Decree ($5 million per year over the five year term of the Consent Decree). *[133] Consent Decree at* ¶22. As such, even though plaintiffs sought no personal gain – they requested only injunctive and declaratory relief – consideration of the amount involved is not irrelevant to this analysis.

Twenty five million dollars is a not inconsequential amount, and this must be taken into account when evaluating the results obtained by plaintiffs in this case.

The term "results obtained" can refer to a plaintiff's success claim by claim, or to the relief actually achieved, or to the societal importance of the right which has been vindicated, or to all of these measures in combination. Although all three types of results can potentially bear upon the amount of an ensuing fee award, the last meaning is the best choice. *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F. 3d 331 (1st Cir. 1997) , *See generally Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir.1988).

By all three measures of "results obtained", the results obtained by Plaintiffs are truly extraordinary. Plaintiffs succeeded on every claim, obtained all the relief sought, and the

societal importance of the results plaintiffs obtained in this case is widespread because the benefits of the barrier removal provisions of the Consent Decree extend to the every disabled individual in Puerto Rico who depend on the defendants for transportation.

As this Court has taken judicial notice,[4] although there have been advances in the fight against discrimination on the basis of disability, much remains as true today as it was when congress enacted the ADA in 1990.  See, *e.g.*, *ADA 2(a)(3)* ("discrimination against individuals with disabilities persists in such critical areas as . . . *transportation, . . . and access to public services*.") (emphasis added).

Despite the enactment of the ADA eighteen years ago, the defendants have received amounts approaching perhaps one hundred million dollars in federal funding, and yet have continued to discriminate against the disabled in violation of numerous provisions of the ADA. *See, [133] Consent Decree at ¶¶ 5, 6, and 7.*

The scope of the relief obtained by plaintiffs on behalf of all disabled individuals in connection with defendants' transportation programs, services, and activities encompassed by the Consent Decree is tremendous.  Under the Consent Decree the Defendants are to do within sixty months what they have failed to do in the eighteen years since the enactment of the ADA.

The Consent Decree, totaling over  one hundred eighty pages, provides, in pertinent part,

---

[4]. *See*, [52] the this Court's 3/10/2006 Order granting and taking judicial notice of following requests by plaintiff for judicial notice and items attached as exhibits:  [46] Plaintiffs' Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information, [47] Plaintiffs' Request for Mandatory Judicial Notice of: (i) Section 2 of the ADA; (ii) President Bush's New Freedom Initiative; and (iii) the 2004 Harris Survey of Americans with Disabilities; [48] Plaintiffs' Request for Mandatory Judicial Notice Of: Statement of Former President, George H.W. Bush as Amicus Curiae In Support of Petitioners, *U.S. v. Georgia, and Goodman v. Georgia*, United States Supreme Court, Case Nos 04-1203 and 04-1236.

that:

> [t]he Defendants shall perform certain work to increase the accessibility and usability of their ferry systems for persons with disabilities.  These projects include the removal of barriers to accessibility on Defendants' ferry vessels and ferry terminals, the installation of accessible elements, including accessible routes which connect accessible elements within Defendants ferry terminal facilities, and accessible routes which connect elements within Defendants ferry terminal facilities to sidewalks, physical alterations to existing facilities, public sidewalks and roadways, the establishment of certain policies and procedures that ensure proper information and materials are made available to persons with disabilities in the provision of the Defendants' ferry services and activities, and the designation of staff to oversee and coordinate the Defendants' projects to comply with this Consent Decree and title II and Section 504.

[133] *Consent Decree at ¶9.*

### 2.     *The Time and Labor Required, the Novelty and Difficulty of the Questions, and the Skill Requisite to Perform the Legal Services Properly - Johnson Factors #s (1) through (3)*

The first three *Johnson* factors – the time and labor required, the novelty and difficulty of the questions, and the skill requisite to perform the legal services properly –  are interrelated.  As an initial matter, the attached contemporaneous time records detail the substantial amount of time plaintiffs' attorneys spent on this matter. Over a span of four calendar years plaintiffs' attorney Lorenzo J. Palomares-Starbuck devoted 917.55 hours to this matter and plaintiffs' attorney William D. Tucker devoted 703.76 hours to this matter.

The accompanying statement under the penalties of perjury evince that the time actually worked by plaintiffs' attorneys in this case is reasonable when we take into consideration the factual and legal complexity of the case.  Plaintiffs generally were represented by two attorneys and, as can be seen from the attached schedules,  the number of hours spent is closely related to the pertaining issues in controversy, and care has been taken to avoid inclusion of time spent on tasks which are excessive, duplicative, or unnecessary. *Tejada-Batista*, 263 F. Supp.2d at 326-

27.[5]  *See attached Exhibits 1 and 2.*

Plaintiffs anticipate that defendants may attempt to oppose this petition by arguing that, on the basis of [59] defendants 8/15/2006 amended answer and [60] defendants' 8/15/2006 motion for judgment on the on pleadings, that defendants "conceded" plaintiffs' position and agreed to essentially all of plaintiffs' allegations.

This is pure sophistry.  First, while plaintiffs commend the defendants for finally acknowledging that plaintiffs' were correct in their assertion that discrimination in the basis of disability was rampant in the defendants' transportation system, the court should keep in mind that plaintiffs filed suit in February, 2005, and that the defendants forced them to litigate this matter for over a year and a half before the defendants amended their answer.[6]

It should also not be forgotten that the defendants initially refused to admit, and in fact, outright denied, virtually single one of the substantive allegations in [44] plaintiffs' 12-4-2005 second amended complaint.  *See [49] PRPA's 12-27-2005 answer to plaintiffs' second amended complaint* (see e.g. ¶ 60 "Defendant affirmatively denies having incurred in any act of

---

[5]      All of the fees, litigation expenses and costs requested are for work performed up to March 17, 2008.  Plaintiffs also reserve the right to seek additional attorneys' fees, litigation expenses and costs if additional discovery is undertaken by Defendants, a hearing is required, or if plaintiffs' are otherwise required to expend additional time and effort in regard to this Application.  The general rule is that time expended litigating attorneys' fees is fully compensable. *See e.g.* Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990).

[6] From the outset plaintiffs' attempted to resolve this matter by agreement without extensive litigation.  For example in, at footnote 2, to [23] plaintiffs urged "the [defendants] to work with Plaintiffs towards a resolution of the issues in this case in keeping with the Congressional statement that it encourages 'the use of alternative means of dispute resolution, including settlement negotiations, conciliation, facilitation, mediation, fact finding'" (citations omitted).

'discrimination'.); and *[51] 2/10/2006 Answer by Maritime Transportation Authority of Puerto Rico and the Municipal Islands ("MTA") to plaintiffs' second amended complaint* (see e.g. ¶ 62 "Defendant MTA affirmatively denies any "discrimination" against plaintiff").

Second, it is possible to view cynically the defendants' move as an (ultimately successful) attempt to short circuit certain actions that plaintiffs advised they would take in this action which, if successful would severely compromise defendants' bureaucratic independence and subject them to intense judicial scrutiny, oversight, and control.

In December, 2005, plaintiffs notified the defendants of their intention to seek as injunctive relief that the court exercise oversight and control over the defendants' federal funding stream and operations such as that which the district court exercised in *Missouri v. Jenkins*, 491 U.S. 274 (1989).[7]

 On May 25, 2005, shortly before defendants capitulated, plaintiffs notified defense counsel of their intention to amend their complaint to add class action claims, and on 8/28/2006 plaintiffs' sought to amend their complaint by adding class action allegations.

Thus, by admitting the correctness of plaintiffs' allegations, the defendants avoided conversion of this action into a class action, and they avoided the intense judicial scrutiny, oversight, and control authorized by *Missouri v. Jenkins*, 491 U.S. 274 (1989).

Finally, once the defendants acknowledged that plaintiffs were correct, the work required by plaintiffs and their experts to identify the nature and extent of the remedial measures was

---

[7] *See, at pages 6-11 [47] Plaintiffs' 12/13/2005, Request for Mandatory Judicial Notice of: Statement of Former President, George H.W. Bush as Amicus Curiae In Support of Petitioners, U.S. v. Georgia, and Goodman v. Georgia, United States Supreme Court, Case Nos 04-1203 and 04-1236*

tremendous.

Although the docket alone does not reveal the whole story, it does reveal that of hundred and thirty six entries, approximately fifty eight were filed by the Plaintiffs and thirty nine were filed by the Court. The vast majority of Plaintiffs' filings were substantial, lengthy, and more to the point, relevant to the highly technical nature of the legal and factual issues involved in this case.

The highly complex legal issues in this case ranged from the federal funding scheme established by congress for the appropriation of and allocation to the defendants' transportation system federal transportation dollars[8], to issues under the laws of Puerto Rico pertaining to the ownership, possession, and control of the facilities used in the provision of the ferry transportation programs, services, and activities at issue here.[2] Defendants vigorously litigated the issue of which entity had ownership, possession, and control, of the facilities used in the provision of the ferry transportation programs, services, and activities at issue here so as to be liable for compliance with the ADA. The Defendants ultimately conceded the plaintiffs' position on this issue. *See [133] Consent Decree, at ¶¶ 5-7.*

The novelty and difficulty of the questions presented here were of the first order of magnitude. When plaintiffs' filed suit on February 14, 2005, it was not a settled issue of law that the ADA even applied to passenger vessels such as those at issue here, *i.e.*, that defendants' ferry transportation programs, services, activities, vessels were even subject to the anti discrimination

---

[8]  *See, e.g.*, [46] Plaintiffs' 12/8/2005 Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information; and [52] the 3/10/2006 Order granting and taking judicial notice of [46] and items attached as exhibits.

[2]  *See [22], [23], [24], [25], [27], [31], [32], and [34].*

provisions of ADA title II's transportation provisions.

In fact, the undersigned represented the plaintiffs in a similar case under title III, which this court dismissed, holding that "an ADA accessibility claim against cruise ships is not proper due to the lack of ADA cruise ship regulations."  It was not until after this suit was filed that the undersigned were ultimately successful in having the decision overturned at the first circuit (April 26, 2005),[3] and the Supreme Court came out with its decision in *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119 (2005) (June 6, 2005), holding that title III of the ADA applies to foreign flag cruise ships in United States waters.[4]

Plaintiffs  maintained that the disability discrimination in Defendants' mass transit system impermissibly burdened the Plaintiffs' and other disabled individuals' constitutionally protected fundamental right of travel,[5] thereby denying them the right to travel – the exercise of a

---

[3]  *See, Disabled Americans For Equal Access, Inc., and Eduardo Umpierre v. Ferries Del Caribe, Inc.*, 405 F.3d 60 (1st Cir. 2005) 4-26-2005.

[4]        Implicit in the Court's holding is that the ADA applies to passenger vessels.

[5]  *See Pottinger v. City of Miami*, 810 F. Supp. 1551, 1579-80 (S.D. Fla. 1992), *remanded for limited purposes* 40 F.3d 1155 (11th Cir. 1994), *and directed to undertake settlement discussions*, 76 F.3d 1157 (11th Cir. 1996)  (right of intrastate travel is a constitutionally protected fundamental right and arrests of homeless constituted impermissible burden on this fundamental right).
    The eleventh circuit reviewed *de novo* the district court's legal rulings, and left them undisturbed.  *Pottinger v. City of Miami*, 40 F.3d 1155, 1157 (11th Cir. 1994).  Thus, the eleventh circuit, while it has not expressly found that there exists a fundamental right to intra state travel, implicitly did so in *Pottinger*.
    The Supreme Court has long recognized a fundamental right to interstate travel *Crandall v. Nevada*, 6 Wall. 35, 41 (1867); *Williams v. Fears*, 179 U.S. 270, 274 (1900).  While the modern Supreme Court has recognized a right to interstate travel beginning with *U.S. v. Guest*, 383 U.S. 745, 757-58 (1966), and *Shapiro v. Thompson*, 394 U.S. 618, 629-30 (1969), *see also*, *Saenz v. Roe*, 526 U.S. 489, 500 (1999),  it has not determined whether there is a similar fundamental right to intrastate travel. *See e.g.*, *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 256-57 (1974).
    However, the majority of circuit courts that have addressed the issue have recognized the

fundamental right guaranteed by the Fourteenth Amendment.  *See [47]  at pages 6-10*. Based on

this the plaintiffs sought to establish that the legacy of systemic, pervasive, and unconstitutional

disability discrimination against Plaintiffs by the Ferry System is similar to the legacy of

unconstitutional racial discrimination suffered by the public school students in *Jenkins v.*

*Missouri*, 807 F.2d 657 (8th Cir. 1987), so as to allow the court to exercise a much greater

degree of control in fashioning injunctive relief. [6]

---

existence of a fundamental right to intrastate travel.  *See Johnson v. City of Cincinnati*, 310 F.3d
484, 496-98 (6th Cir. 2002), *rehearing denied (2003); Lutz v. City of York, Pennsylvania*, 899
F.2d 255, 268  (3rd Cir.1990)*; King v. New Rochelle Municipal Housing Authority*, 442 F.2d 646
(2nd Cir.1971), cert. denied, 404 U.S. 863 (1971).  *But see e.g, Andre v. Bd. of Trs. Of Maywood*,
561 F.2d 48, 52-53 (7th Cir. 1977) (declining to recognize a fundamental right to intrastate
travel).

[6]       *See, Missouri v. Jenkins*, 491 U.S. 274 (1989). In *Jenkins* "the district court dealt
with undisputed constitutional violations and its series of orders were necessary to remedy the
lingering results of these violations, since local and state authorities had defaulted in their duty to
correct them." *Jenkins*, 855 F.2d at 1299.
*See Swann v. Charlotte-Mecklenburg Bd. of Educ*., 402 U.S. 1, 15, (1971); Brown v. Board of
Education, 349 U.S. 294, (1955) (Brown II ).
        Plaintiffs maintain that in this case, similar considerations apply, and that the broad
guidelines available to the *Jenkins* court to end the longstanding, systemic and unconstitutional
discrimination that existed in the Kansas City school system, should likewise apply here to
remedy the longstanding, systemic, and unconstitutional disability based discrimination in the
Ferry System.  *See*, Milliken v. Bradley, 433 U.S. 267 (1977) (Milliken II ).
        In *Milliken*, the Court set forth a three part analysis of the district court's  remedial power:
                 In the first place, like other equitable remedies, the nature of the
                desegregation remedy is to be determined by the nature and scope
                of the constitutional violation. The remedy must therefore be
                related to 'the condition alleged to offend the Constitution....'
                Second, the decree must indeed be remedial in nature, that is, it
                must be designed as nearly as possible 'to restore the victims of
                discriminatory conduct to the position they would have occupied
                in the absence of such conduct.' Third, the federal courts in
                devising a remedy must take into account the interests of state and
                local authorities in managing their own affairs, consistent with the
                Constitution
*Milliken*, 433 U.S. at 280-81, (citations omitted).

### 3.    *The Preclusion of Other Employment by the Attorney(s) Due to Acceptance of the Case - Johnson Factor #4*

Clearly, the substantial amount of time plaintiffs' counsel devoted to this case precluded them from accepting other work.

### 4.    *The  Customary Fee - Johnson Factor #5*

The hourly rates requested for Attorneys Lorenzo J. Palomares-Starbuck and William D. Tucker are $300.

According to the lodestar method, "the hourly rate should be 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and  reputation'." *Tejada-Batista v. Fuentes-Agostini*, 263 F. Supp.2d 321, 327 (D.P.R. 2003) (quoting *Blum v. Stevenson*, 465 U.S. 886, 895 (1984))

The plaintiffs request that their attorneys be compensated for the time expended in prosecuting their case, and attach extensive schedules to this motion in which they detail the hours devoted to the case.  Also attached are Attorneys' Lorenzo J. Palomares and William D. Tucker's CVs which detail their professional background.

With regards to the attorneys' experience, Attorneys Lorenzo J. Palomares-Starbuck and William D. Tucker have extensive civil litigation experience, in both state and federal court in district and appellate levels.

A review of this motion and the attached schedules the Court should consider the hourly rates to be reasonable in light of the experience and professional background of the prevailing plaintiffs' attorneys.  The rates charged for the attorneys' working time is commensurate with

the rates charged in this jurisdiction by attorneys of similar experience and exposure.

### 5.     *The Nature of the Fee (Fixed or Contingent) - Johnson Factor #6*

The plaintiffs' attorneys handled this matter on a contingency fee basis and were responsible for advancing the costs, including expert fees, which as the court will note were substantial.[7]  Plaintiffs' counsel took on a substantial risks.  They took on the risk that they would receive no fees if the suit was ultimately dismissed as a matter of law, and they took on the risk that they would also lose the substantial amount of expert fees for which they incurred liability in this matter.

### 6.     *The Time Limitations Imposed by the Client or the Circumstances  - Johnson Factor #7*

Plaintiffs did not impose time limitations on their attorneys except to spend as much time as necessary to accomplish the goal of eliminating discrimination of the basis of disability in the defendants' transportation system.

### 7.     *The Experience, Reputation, and Ability of the Attorney(s)  - Johnson Factor #9*

Plaintiffs' attorneys are highly experienced in this area of the law.  As may bee seen from the attached curriculum vitae, plaintiffs' counsel have combined experience litigating almost 400 cases under titles II and III of the ADA.  These attorneys have secured Consent Decrees in ADA title cases throughout the United States, including Puerto Rico..

For example in *Disabled Americans v. San Juan, United States District Court District of Puerto Rico, Case # 02-2758*, the Plaintiffs' counsel represented the plaintiffs in an action under

---

[7]  Plaintiffs costs included $122,130 for experts.  *See [137] plaintiffs' 3/14/2008 bill of costs, and [138] plaintiffs' 3/14/2008 motion for costs.*

title II of the ADA in which plaintiffs were successful in obtaining a Consent Decree with a term of five years which required the City of San Juan to undertake wholesale alterations to its facilities, programs, services, and activities in order to increase accessibility for disabled individuals.

In *Advocating Disability Rights, et al v. Broward County*, United States District Court, Southern District of Florida, Case No. 03-61239-CIV-MARRA/Seltzer, attorney Tucker represented the plaintiffs in an action under title II of the ADA involving Broward County, Florida's mass transportation system comprising over four hundred buses, five thousand bus stops, and its water bus ferry system. The five year term Consent Decree in that case obligates Broward County to make sweeping changes to its mass transit system in order to eliminate discrimination on the basis of disability.

In *Advocating Disability Rights, Inc., et al., v. City of Fort Lauderdale*, Southern District of Florida, 02-61126-CIV-ZLOCH, a case under title II of the ADA involving various city programs, services, and activities, including city sidewalks and curb cuts, Mr. Tucker represented Advocating Disability Rights, Inc., the same plaintiff as in this case. In 2004, a Consent Decree was entered obligating Fort Lauderdale to make sweeping changes to its facilities, including city sidewalks and curb cuts in order to increase accessibility for individuals with disabilities.

### 8.    The "Undesirability" of the Case   - Johnson Factor #10

In this case, the size, scope and complexity of the legal and factual issues, plus need to retain experts at substantial cost, when combined with the fact that there is no "common fund", *i.e.*., plaintiffs seek only injunctive and declaratory relief, result in this case being "undesirable"

from an economic point of view.  Few attorneys, even if possessing the expertise and experience

necessary to litigate this case, would be willing to incur the substantial investment of time and

money necessary to pursue this action.    *See Exhibit 7, Sworn Statement of Eduardo Umpierre;*

*Exhibit 8, Sworn Statement of Edward Dinna.*

> ### 9.    *The Nature and Length of the Professional Relationship with the Client - Johnson Factor #11*

Mr. Tucker and Mr. Palomares have had a close and lengthy relationship with both

plaintiffs in this action, and were recently recognized for their efforts by ADR's board of

directors.  *See Exhibit 7, Sworn Statement of Eduardo Umpierre; Exhibit 8, Sworn Statement of*

*Edward Dinna.*

These attorneys have the demonstrated expertise and willingness to pursue lengthy and

costly legal battles on behalf of the disabled, and the Plaintiffs seek to ensure that their expertise,

efforts, and accomplishments are adequately rewarded so as to ensure continued representation

in the future.  *See  See Exhibit 7, Sworn Statement of Eduardo Umpierre; Exhibit 8, Sworn*

*Statement of Edward Dinna.*

> ### 10.  *The Size of Awards in Similar Cases  - Johnson Factor #12*

There are not many cases under the transportation provisions of title II whose size, scope,

and complexity compare to that of this case.  A few examples.

In *Advocating Disability Rights, et al v. Broward County*, United States District Court,

Southern District of Florida, Case No. 03-61239-CIV-MARRA/Seltzer, an action under title II of

the ADA involving Broward County, Florida's mass transportation system comprising over four

hundred buses, five thousand bus stops, and its water bus ferry system, the plaintiffs received

four hundred thirty five thousand dollars in attorneys fees and costs.  Mr. Tucker represented the

plaintiffs in that action.

On January 22, 2004, in *Barden v. the City of Sacramento*,  United States District Court, Eastern District of California, Case No. 99-cv-497-ME-JFM, a class action for injunctive and declaratory relief under title II of the ADA involving only Sacramento's sidewalks and curb cuts, the plaintiffs' were awarded attorneys' fees of $745,000, plus an additional $50,000 for litigation between June 2003 and January , 2005.

*Martin v. Metropolitan Atlanta Rapid Transit Authority (MARTA)*, United States District Court for the Northern District of Georgia, case number 1:01-CV-3255-TWT, involved MARTA's failure to make literature available in Braille, the failure to maintain wheel chair lifts on its buses, and limited issues related to its paratransit service.  After  less than a year of litigation the court granted the plaintiffs' motion for injunctive relief, but the case was settled before the court entered the order of temporary injunction.  The plaintiffs' were awarded attorneys' fees and costs in excess of $262,000.

In *Advocating Disability Rights, Inc., et al., v. City of Fort Lauderdale*, Southern District of Florida, 02-61126-CIV-ZLOCH, a case under title II of the ADA involving various city programs, services, and activities, including city sidewalks and curb cuts, Mr. Tucker represented Advocating Disability Rights, Inc., the same plaintiff as in this case.  In 2004, after less than a year of litigation, the plaintiffs were awarded attorneys' fees and costs in excess of $163,000, pursuant to a Consent Decree.

The legal issues, factual issues, and legal effort expended in this case far exceed those present in the  *Broward County, Marta, City of Fort* Lauderdale, and *Barden* cases, and plaintiffs' attorneys should be compensated accordingly.

**B.    Plaintiffs are entitled to a multiplier**

Plaintiffs request that the court apply a multiplier of 1.75.  Plaintiffs' attorneys achieved an extraordinary result in the form of the Consent Decree on the basis of their demonstrated unique expertise and their ability to devote substantial time and resources to this case.  And given that from the outset there was no guarantee of success, these attorneys had the substantial had at risk the substantial amount of costs they necessarily incurred to litigate this case.

In addition, and as more fully set forth in the sworn statement of Plaintiff Eduardo Umpierre, and ADR director and attorney Edward T. Dinna, in 2004 (and currently) there were very few attorneys in the United States or Puerto Rico with the demonstrated expertise in this area of disability rights advocacy, who had the ability to devote time in excess of one thousand six hundred hours over fours years, and incur almost ninety thousand dollars in expenses, where, as here, there was no guarantee of success, and with no prospect of money damages.  *See Exhibit 7, Sworn Statement of Eduardo Umpierre.; Exhibit 8, Sworn Statement of Edward Dinna*.

Under the circumstances presented here, the court has the discretion to award a multiplier.  The plaintiffs request a multiplier of 1.75, which is the multiplier upheld by the circuit court in *Barnes v. City of Cincinnati,* 401 F.3d 729 (6th Cir. 2005).

In *Barnes*, an employment discrimination case under title VI, the sixth circuit held that the district court did not abuse its discretion in granting multiplier of 1.75 to award of attorney fees to the plaintiff police officer in successful Title VII employment action against city, where the officer alleged that he was demoted due to failure to conform to sex stereotypes.

The court found that a multiplier of 1.75 as appropriate due to novelty and difficulty of legal questions involved, the immense skill required to conduct case properly, and extraordinary

result achieved.  *Barnes*, 401 F.3d at 746-47.  *See also*,  *Guam Soc. Of Obstetricians &*

*Gynecologists v. Ada*, 100 F.3d 691, 697 (9th Cir. 1996) (multiplier of 2 upheld because of the

undesirability of the case and the exceptional nature of the case); *Krausz ex rel. Principal*

*Protection Fund VI*, Slip Copy, 2008 WL 217102 (D. Mass., 2008) (applying a multiple of 2 to

lodestar); *McKenzie v. Kennickell*, 875 F.2d 330, 338-39 (D.C.Cir.1989) (awarding twenty five

percent enhancement for exceptional results and where counsel "remained active in the litigation

over a period of fifteen years"); *Brotherton v. Cleveland*, 141 F.Supp.2d 907, 913 (S.D.Ohio

2001) (awarding 150 percent multiplier for solo practitioner who achieved exceptional results by

taking an unpopular case others turned down and bringing to light a previously unrecognized

cause of action); *Quinn v. Nassau County Police Dept.,* 75 F. Sup.2d 74 (E.D.N.Y. 1999)

(awarding ten percent multiplier in employment discrimination case due to ground breaking

nature of case); *Hollowell v. Gravett*, 723 F.Supp. 107, 110 (E.D. Ark.1989) (awarding seventy

five percent quality enhancement where plaintiff's counsel prepared the case thoroughly and

provided superb representation "under the most adverse circumstances."); *Shakman v.*

*Democratic Org.,* 677 F.Supp. 933, 945 (N.D.Ill. 1987) (awarding a one third quality

enhancement in a class action where the court noted the case had great significance and

plaintiffs' counsel showed "imagination and creativity").

## III.    CONCLUSION

Based on the foregoing, and on the information contained in the attached exhibits,

plaintiffs request an order awarding plaintiffs their attorneys' fees as follows: 917.55 hours for

Lorenzo Palomares, and 703.76 hours for William D. Tucker, for a total of 1,621.31 hours

multiplied by their hourly rate of $300.00 and a multiplier of 1.75 for a total amount of

$851,187.75.

Plaintiffs do not request a hearing at this time.

## Verification pursuant to 28 U.S.C. § 1746

Under penalties of perjury, we declare that we have fully reviewed the time records and supporting data, that the attorneys fees are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed, and we further declare that we have read the foregoing Plaintiffs' Verified Application for Attorneys' Fees with Incorporated Memorandum of Law and that the facts stated in it are true.


**s/William D. Tucker, Esq.**          **March 17, 2008**
                                         Date

**s/Lorenzo J. Palomares, Esq.**        **March 17, 2008**
                                         Date

WE  HEREBY CERTIFY that we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Pedro E. Ruiz Melendez, Esquire, pruiz@ruizlawoffices.com, and Edelmiro Salas Gonzalez, Esquire, edelmiro.salas@gmail.com, Counsel for Defendants, Pedro E. Ruiz Law Offices, PSC, P.O. Box 190879, San Juan, Puerto Rico 00919-0879, Tel. 787.622.6232, Fax. 787.622.6230, this March 17, 2008.

Respectfully submitted,


**s/William D. Tucker, Esq.**                    **s/Lorenzo Palomares, Esq.**
USDC# : 221012                                   USDC# : 218107
Co-Counsel for Plaintiffs                        Co-Counsel for Plaintiffs
PMB 188                                          500 Munoz Rivera, Centro II
1507 Ponce de Leon Avenue                        Suite 1402
San Juan, Puerto Rico 00909                      Hato Rey, PR 00918
T. 877-452-4501                                  T. 787.753.7441
F. 877-452-4507                                  F. 787.565.0650
E. wdtucker@fdn.com                              E. ljpalomares@bellsouth.net

Z:\ADA\__Ports Authority\TIME AND COSTS\motion for fees\__motion for attorneys' fees.wpd

# INDEX TO EXHIBITS

EXHIBIT 1 - Statement of Attorney Time - Attorney Lorenzo J. Palomares-Starbuck

EXHIBIT 2 - Statement of Attorney Time - Attorney William D. Tucker

EXHIBIT 3  - CV of Attorney Lorenzo J. Palomares-Starbuck

EXHIBIT 4 - CV of Attorney William D. Tucker

EXHIBIT 5  - Case List Attorney Lorenzo J. Palomares-Starbuck

EXHIBIT 6 - Case List Attorney William D. Tucker - ADA cases in U.S. District Courts

EXHIBIT 7 - Sworn Statement of Eduardo Umpierre, individually and as director of Advocating Disability Rights, Inc. a not-for-profit Corporation.

EXHIBIT 8 - Sworn Statement of Edward T. Dinna, a director of Advocating Disability Rights, Inc. a not-for-profit Corporation.

# EXHIBIT 1

Statement of Attorney Time
Attorney Lorenzo J. Palomares-Starbuck

## STATEMENT OF ATTORNEYS' TIME  - ATTORNEY LORENZO J. PALOMARES-STARBUCK

| Date | Description | Time (Hours) |
|---|---|---|
| 11/1/2004 | First client Interview | 7.00 |
| 11/6/2004 | Conf. Expert Umpierre regarding presuit inspection | 2.25 |
| 11/8/2004 | Second Interview/Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 7.00 |
| 11/24/2004 | R&R Umpierre preliminary report; conf client; conf expert Chapman | 3.00 |
| 11/29/2004 | Review, analysis and organization of documents and information to draft complaint | 5.00 |
| 12/27/2004 | Continued, Review, analysis and organization of documents and information to draft complaint.  Research, review, revise, Complaint | 5.75 |
| 1/24/2005 | Continued, Review, analysis and organization of documents and information to draft complaint | 5.00 |
| 1/31/2005 | Conf. Client to discuss complaint draft | 3.00 |
| 2/2/2005 | Review Umpierre report | 2.50 |
| 2/3/2005 | Continue research, review, revise, Complaint | 5.25 |
| 2/7/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 2/14/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 02/17/2005 | T/C between plaintiffs' counsel. | 0.75 |
| 02/18/2005 | Finalize Research, review, revise, file  [1] COMPLAINT [2] Summons - Puerto Rico Ports Authority, The Maritime Transportation Authority of Puerto Rico | 6.25 |
| 2/20/2005 | T/C between plaintiffs' counsel | 0.25 |
| 2/21/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 2/23/2005 | Exchange corr between plaintiffs' counsel regarding  second notice new civil case | 0.25 |
| 2/27/2005 | T/C between plaintiffs' counsel | 0.25 |
| 2/28/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 03/01/2005 | Draft, file  [3] notice of appearance by Lorenzo J. Palomares-Starbuck on behalf of all Plaintiffs | 0.25 |
| 3/7/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 3/13/2005 | T/C between plaintiffs' counsel | 0.25 |
| 3/14/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 03/15/2005 | Receipt and review [4] First MOTION for More Definite Statement of Claim filed by Pedro E. Ruiz-Melendez on behalf of Puerto Rico Ports Authority, The Maritime Transportation Authority of Puerto Rico | 2.00 |
| 3/16/2005 | Research Rule 8(a), FRCP, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), t/c clients; t/c Expert Umpierres, Chapman | 4.00 |
| 3/20/2005 | T/C between plaintiffs' counsel | 0.25 |
| 3/21/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 03/22/2005 | Draft, review, revise, file [5] First MOTION for extension of time until April 18, 2005 to respond to 4 motion for more definite statement; t/c opposing counsel regarding extension | 1.00 |
| 3/28/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| Date | Description | Hours |
|------|-------------|-------|
| 03/30/2005 | T/C between plaintiffs' counsel regarding [6] ORDER granting 5 Motion for extension of time. | 0.25 |
| 4/3/2005 | T/C between plaintiffs' counsel | 0.25 |
| 4/4/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/10/2005 | T/C between plaintiffs' counsel | 0.25 |
| 4/11/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/17/2005 | Research, review, revise AMENDED COMPLAINT against all defendants.  T/C between plaintiffs' counsel | 5.00 |
| 4/18/2005 | Research, review, revise AMENDED COMPLAINT against all defendants.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 5.50 |
| 4/19/2005 | Continue Research, review, revise AMENDED COMPLAINT against all defendants.  T/C between plaintiffs' counsel | 4.00 |
| 4/20/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 04/25/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 04/28/2005 | Receipt and review [9] defendants' motion for Extension of Time until June 27, 2005 to File Answer. Receipt and review [10] Defendants' motion to dismiss/Lack of Jurisdiction as to Advocating Disability.  Research: Dura Pharmaceuticals v. Broudo, U.S. ___, No. 03 932 (April 19, 2005); T/C between plaintiffs' counsel. | 2.50 |
| 4/30/2005 | Commence Research, review, revise, plaintiffs' 5/5/2005 response in Opposition to [10] Defendants' Motion to Dismiss; research associational standing, ADA disability issues: Warth v. Seldin, 422 U.S. 490 (1975); Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333 (1977); Automobile Workers v. Brock, 477 U.S. 274 (1986); Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472, 70 L. Ed. 2d 700, 102 S. Ct. 752 (1982) (citations omitted); Bennett v. Spear, 520 U.S. 154, 167-168, 137 L. Ed. 2d 281, 117 S. Ct. 1154 (1997); Terre du Lac Ass'n, Inc. v. Terre du Lac, Inc., 772 F.2d 467 (8th Cir. 1985); Concerned Parents to Save Dreher Park Ctr. v. City of W. Palm Beach, 884 F. Supp. 487, 488-489 (D. Fla., 1994); Rolland v. Cellucci, 52 F. Supp. 2d 231, 242 (D. Mass., 1999); Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 199 (2002); ; ; US Airways v. Barnett, 535 U.S. 391, 396-397 (2002); Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 198 (2002), Access Now, Inc. v. Town of Jasper, 268 F. Supp. 2d 973, 979 (D. Tenn., 2003); The Florida Bar v. Clement, 662 So. 2d 690, 700 (Fla., 1995); ; Access Now, Inc. v. Holland Am. Line-Westours, Inc., 147 F. Supp. 2d 1311, 1312 (S.D. Fla. 2001); U.S. Const., art. III, § 2, cl. 2; ; advanced notice of proposed rule making in the Federal Register. See 70 Fed. Reg. 14435; 69 Fed. Reg. 69246; 29 CFR pt. 1630, App. § 1630.2(j) (2001); Automobile Workers v. Brock, 477 U.S. 274 (1986); Playboy Enterprises, Inc. v. Public Service Comm'n of Puerto Rico, 906 F.2d 25, 34 (1st Cir. 1990); United Food and Commercial Workers Local Union, 751 v. Brown Group, Inc., 517 U.S. 544, 545 (1996); Appraisers Coalition v. Appraisal Inst., 845 F. Supp. 592, 601 (N.D. III. 1994); Retired Chi. Police Ass'n v. City of Chicago, 7 F.3d 584, 601-02 (7th Cir. 1993); ADA § 202; t/c expert chapman; t/c(s) client; | 8.50 |
| 04/30/2005 | T/C between plaintiffs' counsel | 0.25 |
| 4/30/2005 | Continue research, review, revise, plaintiffs' response in Opposition to [10] Defendants' Motion to Dismiss; T/C client; | 7.50 |
| 5/1/2005 | Continue research, review, revise, plaintiffs' response in Opposition to [10] Defendants' Motion to Dismiss; T/C client; | 5.00 |
| 5/2/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 1.50 |
| 5/4/2005 | Continue research, review, revise, plaintiffs' response in Opposition to [10] Defendants' Motion to Dismiss; T/C client; | 7.50 |
| 5/8/2005 | T/C between plaintiffs' counsel | 0.25 |
| 5/9/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| | | |
|---|---|---|
| 5/16/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 05/17/2005 | T/C between plaintiffs' counsel re [13] Order granting [9] Motion for Extension of Time to Answer. Answer due by 6/27/2005;  and [14] Order granting as requested [12] defendants' Motion for Extension of Time to File Response/Reply. | 0.25 |
| 5/18/2005 | Receipt and review [15] defendants' 5/18/2005  reply to [11] plaintiffs' Response to Motion to dismiss.  Commence research, draft, review, revise Plaintiffs' 5/20/2005  motion for Leave to File Sur-reply to [15] Defendants' Reply Memorandum Surreply attached.  Research issues raised by defendants concerning accessibility issues and standards pertaining to maritime facilities Ass'n for Disabled Ams., Inc. v. Concorde Gaming Corp., 158 F. Supp. 2d 1353, 1364-1369 (D. Fla., 2001)Disabled Americans for Equal Access, Inc. v. Ferries del Caribe, Inc., 2005 U.S. App. LEXIS 7091 (1st Cir., 2005); Spector v. Norwegian Cruise Line Ltd., 356 F.3d 641, 650 n.10 (5th Cir.), cert. granted, 159 L. Ed. 2d 856, 125 S. Ct. 26 (2004); Westchester County Corrections v. County of Westchester, 346 F. Supp. 2d 527, 533 (D.N.Y., 2004); M.O.C.H.A. Soc. v. City of Buffalo, 199 F. Supp. 2d 40, 48-49 (D.N.Y., 2002);  Swanson v. City of Lowell, 2002 WL 1803729 (D. Mass., Aug 5, 2002); 42 U.S.C. §12142(a) & (b); 49 C.F.R.37.7, 49 C.F.R. 37.9 and 49 C.F.R. 38.17; ADAAG §10.5 | 8.25 |
| 5/19/2005 | Continue research, review, revise Plaintiffs' 5/20/2005  motion for Leave to File Sur-reply to [15] Defendants' Reply Memorandum Surreply attached. Research, draft, review, revise, serve Discovery Request - Rule 34 Notice of Vessel Inspections; Research, draft, review, revise Discovery Request - Rule 26.1.G interrogatories to Defendants; Research, draft, review, revise Discovery Request - notice of deposition duces tecum of Defendants' corporate representative(s); Exchange corr with defense counsel Pedro Ruiz-Melendez, Esq., regarding Plaintiffs' intention to file amended complaint adding class action allegations; research, draft, review, revise second amended complaint | 9.25 |
| 05/22/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 5/23/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/30/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 06/01/2005 | Commence research, draft, review, revise, file  plaintiffs' notice of Serving Initial Disclosures. T/C between plaintiffs' counsel. | 3.00 |
| 6/6/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/12/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 6/13/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 06/14/2005 | T/C between plaintiffs' counsel. Re [19] Order granting [16] defendants' Motion for Leave to File, denying [17] defendants' motion to Strike Plaintiffs Sur-Reply. | 0.25 |
| 6/20/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/26/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 6/27/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 06/27/2005 |  T/C between plaintiffs' counsel re [22] Defendants's 6/27/2005 motion to Substitute Party. Commence research, draft, review, revise Plaintiffs' response to [22] defendants' Motion to Substitute.  Research: substitution versus joinder, Rule 25, Fed. R. Civ. P.  Review allegations of amended complaint; Puerto Rico Commonwealth Law No. 231, Article 19 of Law No. 1 of January 2000; P.R. Laws Ann. Tit. 23 sections 3201, 3202, 3213 (2005); Maritime Transportation Authority of Puerto Rico and the Municipal Islands, and their new managers Department of Transportation and Public Works and Puerto Rico Highway and Transportation Authority (collectively "MTAPRMI"); PR Statutes regarding same | 4.25 |
| 06/28/2005 | Continue research, review, revise  Plaintiffs' response to [22] defendants' Motion to Substitute | 3.25 |
| 6/29/2005 | T/C between plaintiffs' counsel. | 0.50 |
| 7/4/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| | | |
|---|---|---|
| 07/08/2005 | T/C between plaintiffs' counsel re [25] Defendant PRPA's 7/8/2005 reply to [23] plaintiffs' Response to [22] defendants' Motion for Substitution of Parties, and [26] 7/8/2005 notice by PRPA of service of Motion to substitute on Department of Transportation and Public Works, the Puerto Rico Highway and Transportation Authority, and the Maritime Transportation Authority of Puerto Rico and Municipal Islands. Commence research, draft, review, revise, Plaintiffs motion for Leave to File surreply in opposition to defendant's motion for substitution, and Sur reply to [25] Reply to [23] Plaintiffs response to [22] motion to substitute.  Research Maritime Transit Authority Act, Title 23, Part IV, Chapter 107, Puerto Rico Statutes, 23 L.P.R. §§ 3201 – 3215, ("MTAA"), pertaining to transfer by PRPA to the MTAPRMI, of any real estate or other property . . . used in the delivery of ferry services, and whether under subsection 3213(c) PRPA, will retain title to the piers. | 6.00 |
| 07/09/2005 | Continue research, draft, review, revise, file  Plaintiffs motion for Leave to File surreply in opposition to defendant's motion for substitution, and Sur reply to [25] Reply to [23] Plaintiffs response to [22] motion to substitute. T/C plaintiffs' counsel | 5.25 |
| 07/11/2005 | T/C between plaintiffs' counsel.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.00 |
| 07/14/2005 | T/C between plaintiffs' counsel re [29] ORDER granting [24] Defendants' Motion for Leave to File Reply to [23] Plaintiffs' Response to [22] motion to substitute, [30] ORDER granting [27] Plaintiffs' motion for leave to file sur reply, and [31] Plaintiffs' 7/14/2005 Sur reply to [25] Reply to [23] Plaintiffs response to [22] Defendants' motion to substitute. | 0.50 |
| 07/18/2005 |  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 07/24/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 7/25/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/1/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 1.50 |
| 08/02/2005 | Receipt and review [34] defendants' response to [31] plaintiffs' Sur Reply to [25] defendants' reply to [23] plaintiffs' response in Opposition to [22] PRPA's Motion to substitute. Calendar, update database.  Research  definitions of pier: LHWCA "any adjoining pier . . . customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel." 33 U.S.C. § 903(a).  Hurston v. Director, Office of Workers Comp. Programs, 989 F.2d 1457 (9th Cir. 1993); substitution under Fed. R. Civ. P. 25(a)(1); 23 L.P.R. §3213, pertaining to whether the term pier includes "paths", "routes" and "shoreside assembly areas; T/C between plaintiffs' counsel. | 4.25 |
| 8/8/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/15/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 8/22/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/29/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 9/5/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 9/12/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 9/19/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 9/26/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/3/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| | | |
|---|---|---|
| 10/06/2005 | T/C between plaintiffs' counsel re [36] Memorandum of the Clerk that pursuant to [35] the 9/28/05 Referral Order issued by Judge Juan M. Perez-Gimenez, case assigned through random drawing within the Case Assignment System to Magistrate Judge Aida M. Delgado-Colon for further proceedings and entry of final judgment | 0.25 |
| 10/10/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 10/17/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 10/24/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 10/31/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/01/2005 | T/C between plaintiffs' counsel re [37] ORDER scheduling a Status/Scheduling Conference for 11/8/2005 10:00 AM before US Magistrate Judge Aida M. Delgado-Colon. | 0.25 |
| 11/02/2005 | Research, draft, review, revise, file [38] Plaintiffs' 11/2/2005 Motion  to Continue status conference due to schedule conflict .  T/C between plaintiffs' counsel. | 1.00 |
| 11/7/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. T/C between plaintiffs' counsel. | 1.75 |
| 11/14/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/15/2005 | Preparation for and attendance at status/scheduling conference at which parties reported on discovery status, submitted consent to the Magistrate- Judge's trial authority.  Advised the Court that Plaintiff seeks only injunctive relief and there are no claims for damages, that Plaintiff has designated his expert. Ordered that on or before 12/2/05, plaintiff is to amend the complaint to include the new entity, and that Plaintiffs will serve a  request for production of documents as to the issues of ownership and control of "shoreside" elements of the ferry system. | 3.00 |
| 11/16/2005 | Exchange correspondence plaintiffs' counsel;   T/C between plaintiffs' counsel re Plaintiffs' Second Amended Complaint. | 0.75 |
| 11/17/2005 | Continue research, review, revise, Plaintiffs' Second Amended Complaint.  Research ADA §§ 2(a)(1)-(9), (b), 202, 203, 226, 227(a), 228(a); Rehabilitation Act § 505, 29 U.S.C. § 794a; 28 CFR § 41.57 (Department of Justice regulations implementing Executive Order 12250, implementing Section 504); 28 CFR §§ 35.105, 35.160 & 35.163(a),  ADA Accessibility Guidelines for Transportation Buildings and Facilities ("ADAAG"), 49 C.F.R. pt. 37, App. A; 49 CFR §§ 27.7(b)(1) & (3) (Department of Transportation regulations implementing Section 504), 37.61, The Civil Rights Act of 1964 §§ 706(f) through (k), 717, 42 U.S.C. §§ 2000e-5(f) through (k), 2000e-16 all of the above pertaining to Defendants' obligation to provide accessible transportation programs, services, facilities, and ferry vessels, including the obligation to  provide effective communication, transition plan, accessible alterations, site selection, ; Research and review defendants federal funding for capital projects  pursuant to various programs under Section 9 and/or 49 USC chapter 53, and other federal funding programs Review motion and papers pertaining to PRPA's motion to substitute; review background ferry system.  Exchange correspondence plaintiffs' counsel;   T/C between plaintiffs' counsel. | 8.00 |
| 11/18/2005 | Continue research, review, revise, Plaintiffs' Second Amended Complaint. T/C(s) client. | 7.00 |
| 11/19/2005 | Continue research, review, revise, Plaintiffs' Second Amended Complaint. T/C(s) expert Chapman; T/C(s) expert Umpierre | 6.00 |
| 11/21/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/28/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/01/2005 | | 0.50 |

| | | |
|---|---|---|
| 12/01/2005 | T/C between Plaintiffs' counsel re [42] Status/Scheduling Conference Report and Order reviewing and [43] Notice, Consent, and Order of reference - exercise of jurisdiction by US Mag. Judge Aida Delgado-Colon.<br>Commence research, draft, serve, (NOTE: served only, not filed)  plaintiffs' first request for production to all defendants.  15 pages, 92 categories of documents requested;<br>Commence research, draft, review, revise Plaintiffs' Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information.<br>Plaintiffs. Attachments: Exhibit Number 1.  Notice of FTA Fiscal Year 2005 Apportionments, Allocations and Program Information, 69 Fed. Reg 78,204 (December 29, 2004); Exhibit Number 2.  Table 29, FY 1999 Capital Program Obligations for Ferryboats and Related Expenditures, located at: http://www.dot.gov/transit_data_info/reports_publications/publications/statistical_summaries/1999/5509_ENG_HTML.htm; Exhibit Number 3.  Table 33, FY 2002 Capital Program Obligations for Ferryboats and Related Expenditures, located at: http://www.fta.dot.gov/14486_17602_ENG_Printable.htm; Exhibit Number 4. Table 107, Obligations for Ferry Boats and Related Expenditures, FY 1984 - 2001, located at: http://www.fta.dot.gov/transit_data_info/reports_publications/publications/statistical_summaries/2001/2810_ENG_HTML.ht; Exhibit Number 5.  Table 108, Cumulative Obligations for Ferry Boats and Related Equipment Fiscal Years 1965 - 2001, located at: http://www.fta.dot.gov/transit_data_info/reports_publications/publications/statistical_summaries/2001/2811_ENG_HTML.htm; Exhibit Number 6.  Table 109, Obligations for Ferry Boats and Related Expenditures, FY 1984 - 2004, located at: http://www.fta.dot.gov/files/t-109.xls; Exhibit Number 7.  Table 110, Ferry Boats and Related Equipment, Years 1965 - 2003, located at  http://www.fta.dot.gov/documents/t-110.xls; Exhibit Number 8.  Table 110, Ferry Boats and Related Equipment, Years 1965 - 2004, http://www.fta.dot.gov/files/t-110.xls; Exhibit Number 9.  Ferry Boat Discretionary Program Information (December 2005) located at: http://www.fhwa.dot.gov/discretionary/fbdinfo.htm; Exhibit Number 10.  FY 1998/1999 Ferry Boat Discretionary (FBD) Program Awards, located at: http://www.fhwa.dot.gov/discretionary/fbawrd99.htmResearch: US DOT table 29 1999 capital program obligations for ferry boats, US DOT table 33 FY 2002 capital program obligations for ferry boats , US DOT table 107 FY 1984 through2001 , US DOT table 108 cumulative obligations for ferry boats 1965 through 2001,  US DOT table 109 1984 through 2003, US DOT table 109 ferry boat and related by grantee FY 1984 through 2002,  US DOT table 109 FY 1984 through 2002, US DOT table 109 FY 1984 through 2003, US DOT table 109 FY 1984 through 2004, US DOT table 110 1965 through 2003, US DOT table 110 1965 through 2004 , ferry boat discretionary (FBD) program awards 1998-1999, ferry boat discretionary (FBD) program information (December 2005), notice of FY2005 FTA funding from federal register | 7.50 |
| 12/2/2005 | Continue research, review, revise, Plaintiffs' first request for production to all defendants,  15 pages, 92 categories of documents requested; Continue research, review, revise Plaintiffs' Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information. | 7.00 |
| 12/3/2005 | Continue research, review, revise, Plaintiffs' first request for production to all defendants,  15 pages, 92 categories of documents requested; Continue research, review, revise Plaintiffs' Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information. | 6.00 |
| 12/04/2005 | Exchange of Email between Plaintiffs' counsel, regarding second amended complaint | 0.50 |
| 12/5/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/06/2005 | Receipt and review [45] Summons Issued as to the Maritime Transportation Authority of Puerto Rico and the Municipal Islands.  Calendar.  Update database. | |
| 12/8/2005 | Email from William D. Tucker, Esq. to  Pedro E. Ruiz Melendez, Esq. , Edelmiro Salas, Esq., regarding plaintiffs first request for production to all defendants; Exchange of correspondence with expert Chapman; Exchange of Corr with expert Umpierres; Exchange of Corr with expert Norkunas; Exchange of correspondence between plaintiffs' counsel. | 2.75 |

| Date | Description | Hours |
|------|-------------|-------|
| 12/09/2005 | Commence research, draft, review, revise, Plaintiffs' Request for Mandatory Judicial Notice of: (i) Section 2 of the ADA; (ii) President Bush's New Freedom Initiative; and (iii) the 2004 Harris Survey of Americans with Disabilities.  Attachments: Exhibit 1 – President Bush's 2001 New Freedom Initiative; Exhibit 2 – the 2004 Harris Survey of Americans with Disabilities.  Commence research, draft, review, revise Plaintiffs' Request for Mandatory Judicial Notice Of: Statement of Former President, George H.W. Bush as Amicus Curiae In Support of Petitioners, U.S. v. Georgia, and Goodman v. Georgia, United States Supreme Court, Case Nos 04-1203 and 04-1236.  T/C  Stephen Hut, Jr., Esq., Counsel for amicus curiae Former President George H.W. Bush.  T/C plaintiffs' counsel. | 5.75 |
| 12/10/2005 | Exchange of Corr between Plaintiffs' counsel regarding  request for judicial notice of ADA section 2, Bush's Freedom Initiative, Harris Survey | 0.75 |
| 12/11/2005 | Continue research, draft, review, revise, Plaintiffs' Request for Mandatory Judicial Notice of: (i) Section 2 of the ADA; (ii) President Bush's New Freedom Initiative; and (iii) the 2004 Harris Survey of Americans with Disabilities.  Attachments: Exhibit 1 – President Bush's 2001 New Freedom Initiative; Exhibit 2 – the 2004 Harris Survey of Americans with Disabilities.  Continue research, draft, review, revise Plaintiffs' Request for Mandatory Judicial Notice Of: Statement of Former President, George H.W. Bush as Amicus Curiae In Support of Petitioners, U.S. v. Georgia, and Goodman v. Georgia, United States Supreme Court, Case Nos 04-1203 and 04-1236.  T/C  Stephen Hut, Jr., Esq., Counsel for amicus curiae Former President George H.W. Bush.  T/C plaintiffs' counsel. | 3.00 |
| 12/12/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.50 |
| 12/13/2005 | T/C between Plaintiffs' counsel. Exchange corr between Plaintiffs' counsel regarding [47] & [48]; Corr expert Norkunas regarding [47] & [48] | 0.50 |
| 12/19/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 12/26/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/27/2005 | Receipt and review [49] Answer by PRPA to Amended Complaint | 0.75 |
| 12/28/2005 | Review [49] Answer by PRPA to Amended Complaint, preparation of document combining answers with allegations of second amended complaint. | 8.00 |
| 1/2/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/9/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/16/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 1/23/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 1/30/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 2/6/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 02/10/2006 | T/C between plaintiffs' counsel re [51] Answer by Maritime Transportaton Authority of Puerto Rico and the Municipal Islands to Amended Complaint. | 0.50 |
| 2/13/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 2/20/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 2/27/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 3/6/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| | | |
|---|---|---|
| 03/10/2006 | T/C between plaintiffs' counsel re [52] Order denying [22] defendants' motion to Substitute Party and granting [23] plaintiffs' response in opposition, noting that the issue was discussed at the 11/15/05 status conference in which it was agreed to have discovery conducted. Granting  and taking judicial notice of following requests and items attached as exhibits:  [46] Plaintiffs' Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information, [47] Plaintiffs' Request for Mandatory Judicial Notice of: (i) Section 2 of the ADA; (ii) President Bush's New Freedom Initiative; and (iii) the 2004 Harris Survey of Americans with Disabilities; [48] Plaintiffs' Request for Mandatory Judicial Notice Of: Statement of Former President, George H.W. Bush as Amicus Curiae In Support of Petitioners, U.S. v. Georgia, and Goodman v. Georgia, United States Supreme Court, Case Nos 04-1203 and 04-1236. | 0.50 |
| 3/13/2006 | Exchange Email between plaintiffs' counsel regarding discovery strategy.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 2.25 |
| 3/20/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 3/27/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/3/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 04/04/2006 | Preparation for and attendance at  4/4/06 status conference.  The Court encouraged the parties to meet and discuss pending discovery requests and settlement possibilities, and requiring submission by 04/14/2006 of a Joint Proposed Initial Scheduling Report. | 4.75 |
| 04/06/2006 | T/C between plaintiffs' counsel. Re [53] Memorandum of the Clerk transferring the case to newly appointed Title III Judge Aida Delgado Colon to form part of her case load, and [54] Scheduling Conference Report and Order pertaining to 4/4/06 status conference.   A Joint Proposed Initial Scheduling Report is due by 4/14/06. | 0.25 |
| 4/10/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/12/2006 | Commence Research, draft, review, revise, file  [57] 4/18/2006 Joint Scheduling Conference Report & [58] (duplicate filing to [57]); Exchange numerous (14) corr with defense counsel regarding draft Rule 26(f) Scheduling Conference / Scheduling Report; Numerous T/C defense counsel re same; numerous T/C and exchange of corr between plaintiffs' counsel and with experts Chapman, Umpierre, and Norkunas re Rule 34 inspection issues - coordination, scheduling, scope, duties. | 5.75 |
| 4/13/2006 | Continue research, review, revise, Joint Scheduling Conference Report & [58] (duplicate filing to [57]); Exchange numerous (14) corr with defense counsel regarding draft Rule 26(f) Scheduling Conference / Scheduling Report; Numerous T/C defense counsel re same; numerous T/C and exchange of corr between plaintiffs' counsel and with experts Chapman, Umpierre, and Norkunas re Rule 34 inspection issues - coordination, scheduling, scope, duties. | 4.00 |
| 04/17/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between Plaintiffs' counsel | 1.50 |
| 4/24/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/29/2006 | Receipt and review report of expert Umpierre; T/C experts Umpierre and Chapman; T/C Plaintiffs' counsel re Umpierre report. | 1.25 |
| 5/1/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/8/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/10/2006 | Exchange of correspondence between plaintiff's counsel, expert Chapman regarding Calderon administration / legal strategy / Ports Authority, and article Ports Authority Has Received $10.1 Million in Legal Bills During Calderon  Administration, Puerto Rico Herald, 12-16-2004. | 0.25 |
| 5/15/2006 | Exchange email expert Chapman regarding vessel inspections; Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/19/2006 | Exchange corr Chapman regarding vessel inspections | 0.33 |

| | | |
|---|---|---|
| 5/22/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/29/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/5/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/12/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/19/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/25/2006 | T/C between plaintiffs' counsel re regarding  Rule 34 Inspections | 0.50 |
| 6/26/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/29/2006 | T/C betweenplaintiffs' counsel and with experts Chapman, Umpierre, regarding rule 34 inspections, Plaintiffs' First Request for Production email from expert Chapman and enclosures photos of Culebra ferries and shoreside facilities | 1.00 |
| 7/3/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 7/7/2006 | T/C plaintiff's counsel re corr to defense counsel Pedro E. Ruiz Melendez, Esq. , Edelmiro Salas, Esq., regarding  Rule 34 | 0.50 |
| 7/10/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.  T/C between plaintiffs' counsel. | 1.75 |
| 7/11/2006 | T/C between plaintiffs'; counsel re Exchange of corr with defense counsel Pedro E. Melendez, Esq., concerning plaintiffs' request for cooperation with coordination of Rule 34 inspections of vessels and shore side facilities; T/C expert Chapman.  T/C expert Chapman; T/C expert Umpierre. | 0.50 |
| 7/16/2006 | Exchange of corr with expert Chapman regarding  PRPA ferries from Old San Juan to Cataño; exchange of corr between plaintiffs' counsel; T/C expert Umpierre; T/C expert Chapman; T/C between plaintiffs' counsel | 0.50 |
| 7/17/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 7/24/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 7/31/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/7/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/9/2006 | Receipt and review corr from defense counsel Pedro E. Ruiz Melendez, Esq., concerning Rule 34 inspections; T/C expert Chapman; T/C between plaintiffs' counsel | 0.50 |
| 8/14/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. Commence research, draft, review, revise, Plaintiffs' (i) Response to [59] Defendants' Motion for Leave to Amend Their Answer, and (ii) Agreement to the Entry of an Order Allowing Defendants to Amend Their Complaint.  Research motion for judgment on the pleadings, Fed. R. Civ. P. 12(c); Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2004) concerning a court's ability to supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice; In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003) (recognizing this principle in the Rule 12(b)(6) context); regarding whether contested facts may be resolved in connection with a Rule 12(c) motion, Rivera-Gomez, 843 F.2d at 635. See also, R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006); | 8.50 |
| 8/16/2006 | Exchange of corr between plaintiffs' counsel concerning [60] defendants' motion for judgment on the pleadings, and illusory nature of "relief sought", i.e., entry of an order that come into "full compliance" with the ADA within one year; corr to expert Chapman re same; corr to expert Norkunas re same; T/C between plaintiffs' counsel re same; T/C  expert Chapman re same; T/C expert Norkunas re same | 2.00 |
| 08/17/2006 | Commence research, draft, revise, Plaintiffs' Amended Motion to Compel Defendants to Produce Documents in Response to Plaintiffs' Court Authorized First Request for Production of Documents with Incorporated Memorandum of Law; Commence research, draft, revise, Plaintiffs' Motion to Compel Defendants to Provide Rule 26(a) Initial Disclosures; | 7.50 |

| Date | Description | Hours |
|------|-------------|-------|
| 08/18/2006 | T/C between plaintiffs' counsel | 7.31 |
| 08/19/2006 | T/C between plaintiffs' counsel re corr to DOT Inspector General Todd J. Zinser, and Governor Anival Acevedo-Vila requesting an immediate investigation regarding widespread disability discrimination;  Plaintiffs' opposition to [60] defendants' motion for judgment on the pleadings, and Plaintiffs' motion for partial judgment on the pleadings.  Exchange corr between plaintiffs' counsel; T/C between plaintiffs' counsel | 0.75 |
| 8/21/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/22/2006 | T/C between plaintiffs' counsel. Re Plaintiffs' Notice of filing article "Urge investigacion por discrimen en lanchas," Endi, Tuesday, August 22, 2006. | 0.25 |
| 08/23/2006 | T/C between Plaintiffs' counsel regarding plaintiffs' request for mandatory judicial notice of U.S. Coast Guard Vessel Documentation Database Vessel Name Query. | 0.50 |
| 08/25/2006 | T/C between plaintiffs' counsel regarding Plaintiffs' motion to amend complaint by interlineation to add class claim allegations with attached proposed amendments. Exchange corr between plaintiffs' counsel. | 1.50 |
| 8/27/2006 | Continue research, draft, review, revise, Plaintiffs' motion to amend complaint by interlineation to add class claim allegations, research draft proposed amendments | 6.50 |
| 8/28/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 08/29/2006 | Preparation for and attendance by telephone at conference before Judge Delgado-Colon. T/C between plaintiffs' counsel. | 4.50 |
| 8/30/2006 | T/C between Plaintiffs counsel. | 0.25 |
| 9/4/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 09/05/2006 | T/C between plaintiffs' counsel re [79] telephone conference report and order concerning telephone conference held on 8/29/2006. | 0.50 |
| 09/09/2006 | T/C between plaintiffs' counsel re corr from defense counsel Pedro Melendez, Esq., regarding Rule 34 inspections of vessels and shore side facilities; T/C expert Umpierre; | 1.50 |
| 9/11/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 9/12/2006 | T/C between plaintiffs' counsel re request to defense counsel Pedro Melendez, Esq., for information, coordination, and dates for Rule 34 inspections of vessels and shore side facilities; T/C expert Umpierre; | 0.75 |
| 9/13/2006 | T/C between plaintiffs' counsel re request to defense counsel Pedro Melendez, Esq., for information, coordination, and dates for Rule 34 inspections of vessels and shore side facilities; T/C expert Umpierre; | 0.94 |
| 9/15/2006 | T/C between plaintiffs' counsel re request to defense counsel Pedro Melendez, Esq., for information, coordination, and dates for Rule 34 inspections of vessels and shore side facilities; T/C expert Umpierre; | 0.50 |
| 9/18/2006 | Exchange of corr between expert Chapman, plaintiffs' counsel, defense counsel Pedro E. Ruiz Melendez, Esq., expert Norkunas; T/C expert Umpierre; T/C between plaintiffs' counsel.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.25 |
| 9/20/2006 | Exchange of corr between experts Chapman, Norkunas, Plaintiffs' counsel; T/C expert Chapman; T/C expert Umpierre; T/C expert Norkunas; T/C between plaintiffs' counsel. | 1.75 |
| 9/21/2006 | Corr from defense counsel Pedro E. Ruiz Meléndez, Esq.,  regarding vessels on Fajardo-Vieques-Culebra route; Exchange of correspondence with defense counsel Edelmiro Salas, Esq., regarding communications between experts; Corr to expert Norkunas regarding Ferry Terminal Services Facilities data, Ferry Terminal Facilities list of Projects.  Research: 48 U.S.C. §864; Meyer v. Nebraska, 262 U.S. 390, 401 (1923); United States v. Valentine, 288 F. Supp. 957, 962 (D.P.R. 1968); United States v. Morales-Madera, 352 F.3d 1, 8 (1st Cir. 2003); | 0.75 |

| 9/22/2006 | T/C between plaintiffs' counsel concerning list of vessels for inspection, communications between experts;  T/C expert Chapman; T/C expert Umpierre. | 0.75 |
|---|---|---|
| 9/25/2006 | Exchange of corr with expert Chapman concerning inspection of vessels and shoreside facilities.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 9/30/2006 | T/C between plaintiffs' counsel concerning joint report to the court, vessel inspections and page 9-29-2006 letter from defense expert Greg Beers to Pedro E. Melendez Ruiz concerning information regarding vessel inspections. | 0.75 |
| 10/2/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/2/2006 – 10/11/2006 | Research, draft, review, revise, file  [80] joint status report pursuant to the [79] 9/5/2006 order requiring inspections of vessels and shoreside facilities as required by [79] Minute, Telephone Conference, and order.  Attached exhibits Plaintiffs' Composite Exhibits# 2 Exhibit Defendants' Composite Exhibits.  correspondence to defense counsel dated 6-29-2006 regarding Rule 34  inspections of vessels and shore side facilities; letter to pedro melendez, esq. (6-29-2006) regarding rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (7-7-2006) SECOND REQUEST regarding rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (7-10-2006) THIRD REQUEST regarding rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (9-12-2006) requesting information, coordination, and dates for rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (9-13-2006) requesting information for rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (9-15-2006) requesting information for rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (9-19-2006) regarding rule 34 inspections of vessels and shore side facilities; DSC letter to Tucker 9-11-06; DSC Letter to Pedro E  Ruiz-Melendez Esq dated 9-18-06; DSC Letter to Edelmiro Antonio Salas-Gonzalez Esq dated  9-18-06; DSC Letter to W  Tucker Esq dated 10-9-06; email to pedro melendez, esq. (10-2-06) re draft status report pursuant to 10-2-06 conversation; letter to pedro melendez, esq. (10-4-06) from greg beers @ bristol harbor marine design; letter to tucker from pedro ruiz; email to ruiz, et al. (9-18-06) re experts conferring; email to ruiz re rule 34 inspections of vessels etc.; email to ruiz (10-4-06) re unilaterally scheduled itinerary; email from ruiz (9-21-06) re umpierre v puertos; email from ruiz (9-21-06) re umpierre v puertos; listing of vessels, type, passenger capacity, build date; email from ruiz (9-30-06) re umpierre v atm;prpa; letter to david chapman from greg beers @ bristol harbor marine design (9-29-06).  exchange numerous corr between Plaintiffs' counsel;  Numerous T/C between plaintiffs' counsel (15); T/C Expert Umpierre | 19.50 |
| 10/9/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/16/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status T/C between Plaintiffs' counsel. | 1.75 |
| 10/23/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/25/2006 | T/C between Plaintiffs' counsel re final demand that defense counsel provide information required by plaintiffs' experts for inspection of shoreside facilities. | 0.25 |
| 10/27/2006 | T/C between Plaintiffs' counsel  concerning Rule 34 inspections; Exchange corr expert Umpierre concerning Rule 34 inspections; T/C expert Umpierre | 0.75 |
| 10/28/2006 | T/C between Plaintiffs' counsel concerning inspections shoreside facilities | 0.25 |
| 10/30/2006 | T/C between plaintiffs' counsel concerning expert Chapman and Rule 34 vessel inspections. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.75 |
| 10/31/2006 | Corr expert Chapman regarding Rule 34 vessel inspections vessel accessibility standards; corr Pedro E. Ruiz Melendez, Esq., concerning inspections.  T/C expert Chapman; T/C between plaintiffs' counsel | 0.33 |
| 11/6/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/13/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/14/2006 | T/C between plaintiffs' counsel concerning itinerary for Rule 34 inspections, information concerning vessel construction. | 0.74 |

| Date | Description | Time |
|---|---|---|
| 11/19/2006 | T/C between plaintiffs' counsel. | 0.50 |
| 11/20/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/21/2006 | Exchange corr between plaintiffs' counsel regarding inspections.  T/C between plaintiffs' counsel. | 0.75 |
| 11/27/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/28/2006 | T/C between plaintiffs' counsel and expert Chapman.  T/C between plaintiffs' counsel regarding [81] Order taking notice of [80] first joint status report, and requiring parties to submit by 12/8/06 a proposed agreed Order setting the inspection of vessels and shoreside facilities, specifying the persons/entities to conduct the inspection, the period of time during which the inspection will be carried out, vessels and facilities to be inspected. | 0.75 |
| 11/29/2006 | T/C between plaintiffs' counsel concerning corr to expert Chapman and corr from defense counsel Pedro E. Ruiz Melendez, Esq.  T/C expert Umpierre. | 0.75 |
| 12/1/2006 | T/C expert Chapman; T/C expert Umpierre; T/C between plaintiffs' counsel | 1.25 |
| 12/4/2006 | T/C expert Umpierre; T/C between plaintiffs' counsel.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.00 |
| 12/6/2006 | T/C expert Chapman; T/C expert Umpierre; T/C between plaintiffs' counsel | 0.50 |
| 12/8/2006 | T/C between plaintiffs' counsel concerning [82] Plaintiffs' 12/8/2006 informative motion in compliance with [81] as to vessel inspections and shoreside inspections with proposed order attached; plaintiffs' first request for production to all defendants Served 12-8-2006.  T/C expert Umpierre; | 1.25 |
| 12/9/2006 | T/C between plaintiffs' counsel; T/C expert Chapman; T/C expert Umpierre; | 0.75 |
| 12/9/2006 - 12/14/2006 | RULE 34 INSPECTIONS OF DEFENDANTS' VESSELS AND SHORE SIDE FACILITIES Numerous meetings client, experts Chapman & Umpierre, Numerous T/C between Plaintiffs' counsel; exchange of numerous corr between plaintiffs' counsel; Inspection of vessels: M/S Atlantis, M/S Cayo Norte, M/S Culebra II, M/S Fajardo II, M/S Isleño, M/S Viejo San Juan, M/S Vieques II; Inspection of shoreside facilities: Catano Terminal, Culebra Terminal, Fajardo Terminal, Hato Rey Terminal, Old San Juan Terminal, Vieques Terminal | 48.75 |
| 12/11/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/18/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/25/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/1/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/8/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/13/2007 | T/C between plaintiffs' counsel | 0.25 |
| 1/14/2007 | T/C between plaintiffs' counsel | 0.25 |
| 1/15/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/21/2007 | T/C between plaintiffs' counsel | 0.50 |
| 1/22/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/26/2007 | T/C between plaintiffs' counsel concerning inspection reports | 0.25 |
| 1/27/2007 | T/C between Plaintiffs' counsel concerning U.S. DOT Notice of Proposed Rulemaking | 0.25 |
| 1/29/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 02/05/2007 | T/C between plaintiffs' counsel.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.75 |
| 02/08/2007 | T/C plaintiffs' counsel regarding [86] Order granting [85] plaintiffs' motion for extension of time and allowing plaintiffs until 2/28/2007 in which to submit their expert reports. Calendar.  Update database. T/C expert Umpierre | 0.75 |

| | | |
|---|---|---|
| 2/9/2007 - 2/18/2007 | Receipt and review draft and final vessel inspection accessibility reports, exchange numerous corr expert Chapman concerning reports, suggested revisions; exchange corr expert Umpierre; Research draft memos concerning various accessibility issues, standardization of report format; Numerous T/C between Plaintiffs' counsel; numerous T/C Chapman; Final reports identified as follows:  Report DSC070213 ATLANTIS 2-13-07, Report DSC070217 CAYO NORTE 2-17-07, Report DSC070210 CULEBRA II 2-10-07 V3, Report DSC070214 FAJARDO II 2-14-07, Report DSC070216 ISLENO 2-16-07 , Report DSC070218  VIEJO SAN JUAN 2-18-07, Report DSC070212 VIEQUES II 2-12-07 V2 | 21.75 |
| 2/12/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 2/19/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 2/22/2007 - 2/28/2007 | Receipt and review draft and final vessel inspection accessibility reports, exchange numerous corr experts Umpierre and Chapman concerning reports, suggested revisions; Research, draft memos concerning various accessibility issues, standardization of report format; Numerous T/C between Plaintiffs' counsel; numerous T/C experts Umpierre and Chapman; Final reports identified as follows: Report JAU-DSC070228 CATANO TERMINAL 2-28-07, Report JAU-DSC070224 CULEBRA TERMINAL 2-24-07, Report JAU-DSC070223 FAJARDO TERMINAL 2-23-2007, Report JAU-DSC070226, HATO REY TERMINAL 2-26-07, Report JAU-DSC070227 OLD SAN JUAN TERMINAL 2-27-07, Report JAU-DSC070225 VIEQUES TERMINAL 2-25-07 | 20.25 |
| 2/26/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 3/1/2007 - 3/4/2007 | Exchange of numerous corr between plaintiffs' counsel and with experts Chapman and Umpierres concerning reports of accessible route issues at shoreside terminal facilities; Numerous T/C between plaintiffs' counsel and experts Umpierre and Chapman concerning same; Receipt and review multiple draft reports and final Report: Ferry Terminal Facility Accessibile Route Report Report JAU/DSC 070304 3-4-2007.  Research accessible route issues: e.g., Appendix A to 49 C.F.R. Part 37, titled "Standards for Accessible Transportation Facilities" (ADAAG); 2004 Harris Survey of Americans with Disabilities, Chap. 6, Transportation, pp.71-75 (Judicially Noticed by [52] the 3-10-2006, Order Taking Judicial Notice) | 9.25 |
| 3/5/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 3/8/2007 | Commence preparation of Plaintiffs' informative motion regarding compliance with court order and Commence preparation notice of filing expert reports: reports concerning  seven of defendants' ferrys and six of defendants' ferry terminals; Plaintiffs' notice of filing reports of Ferry Vessel Atlantis: Ferry Vessel Cayo Norte, Ferry Vessel Culebra II, Ferry Vessel Fajardo II, Ferry Vessel Isleno Ferry Vessel Viejo San Juan FERRY VESSEL VIEQUES II | 5.00 |
| 3/9/2007 | Commence preparation notice of filing expert reports:  Ferry Terminal at Catano Ferry Terminal at Culebra Ferry Terminal at Fajardo Ferry Terminal at Hato Rey Ferry Terminal at Old San Juan Ferry Terminal at Vieques; Accessible Routes at Ferry Terminals; Supplemental Report Accessible Routes at Ferry Terminals. | 4.00 |
| 3/12/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 3/18/2007 | T/C between Plaintiffs' counsel | 0.50 |
| 3/19/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 03/24/2007 | T/C between plaintiffs' counsel regarding  proposed consent decree | 0.75 |
| 3/25/2007 | Commence research, draft, review, revise, Plaintiffs' Informative Motion Regarding Their Attempts to Comply with [79] the 9-5-2006 Order Requiring the Parties to Reach Agreement; commence research, draft, review, revise, Plaintiffs' Motion for Status Conference; T/C between plaintiffs' counsel. | 3.50 |
| 3/26/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status ; T/C between plaintiffs' counsel expert Umpierre concerning proposed consent decree | 3.00 |
| 03/30/2007 | T/C between plaintiffs' counsel concerning consent decree | 0.50 |
| 4/2/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| 4/8/2007 | T/C between plaintiffs' counsel | 0.25 |
|---|---|---|
| 4/9/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/15/2007 | T/C between plaintiffs' counsel | 0.25 |
| 4/16/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/19/2007 | T/C between plaintiffs' counsel concerning [107] Order taking notice of [87] and [88]; taking note of [104] and [106], requiring defendants to evaluate plaintiffs' proposals and expert reports, and granting [105] plaintiffs' motion for status conference, setting status conference for June 15, 2007. | 0.25 |
| 4/23/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/30/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/6/2007 | T/C between plaintiffs' counsel | 0.25 |
| 5/7/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/9/2007 | Corr defense counsel Pedro E. Ruiz Meléndez, Esq.  T/C between plaintiffs' counsel | 0.25 |
| 5/13/2007 | T/C between plaintiffs' counsel | 0.25 |
| 5/14/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/20/2007 | T/C between plaintiffs' counsel | 0.25 |
| 5/21/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/27/2007 | T/C between plaintiffs' counsel | 0.25 |
| 5/28/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/4/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/10/2007 | T/C between plaintiffs' counsel regarding Beers' reports | 0.75 |
| 6/11/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/13/2007 | T/C between plaintiffs' counsel concerning corr from expert Chapman as to reports of Greg Beers dated 6/8/2007 of ferry vessels: M/V Culebra II & M/V Vieques II, M/V Cayo Norte & M/V Isleño, M/V Atlantis, M/V Fajardo II, M/V Viejo San Juan. T/C expert Chapman. | 0.50 |
| 6/15/2007 | Preparation for and attendance at status conference.  T/C experts Chapman Umpierre | 4.50 |
| 6/18/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/19/2007 | T/C between plaintiffs' counsel, that reports of shoreside inspections not yet received, despite representation by defense counsel Pedro E. Ruiz Meléndez, Esq. at 6-15-2007 hearing that they had been served, and [108] Minute Entry for proceedings held before Judge Aida M. Delgado-Colon. | 0.50 |
| 06/22/2007 | T/C between plaintiffs' counsel concerning  [109] Plaintiffs' Informative Motion Regarding Defendants' Failure to Provide Plaintiffs with Defendants' Reports on Shore Side Facilities; | 0.25 |
| 6/23/2007 | T/C between plaintiffs' counsel concerning expert Chapman and delay in receipt of defense shore side facilties inspection reports | 0.25 |
| 6/24/2007 | T/C between plaintiffs' counsel concerning  corr expert Chapman regarding  PRMTA (Beers) letters of June 8, 2007. | 0.25 |
| 6/25/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 1.50 |
| 6/26/2007 | T/C between plaintiffs' counsel concerning review Escobar report #1 dated 6-15-2007; Escobar report #2 dated 6-15-2007, and corr experts Umpierre and Chapman,  regarding analysis shoreside terminals; Corr between plaintiffs' counsel; T/C expert Umpierre re same; | 0.75 |
| 7/1/2007 | T/C between plaintiffs' counsel | 0.25 |

| | | |
|---|---|---|
| 7/2/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 7/9/2007 | Receipt and review corr expert Chapman enclosing annotations to reports; T/C expert Chapman.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 7/16/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 1.50 |
| 7/22/2007 | T/C between plaintiffs' counsel | 0.25 |
| 7/23/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 7/29/2007 | T/C between plaintiffs' counsel | 0.25 |
| 7/30/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/1/2007 | Research, draft, review, revise, file  [110] Plaintiffs' 8/1/2007 Notice of Filing Reports of Defendants' Expert Greg Beers Pertaining to Defendants' Vessels: M/V Culebra II & M/V Vieques II; M/V Cayo Norte & M/V Isleño; M/V Atlantis; M/V Fajardo II; M/V Viejo San Juan; Research, draft, review, revise, file  [111] Plaintiffs' 8/1/2007 Notice of Filing June 15, 2007 report of defendants' Expert Carlos M. Escobar, P.E. pertaining to shoreside facilities. T/C between Plaintiffs' counsel. | 5.50 |
| 8/4/2007 | T/C between Plaintiffs' counsel regarding areas of agreement and disagreement as to ferry vessels and shore side facilities | 0.75 |
| 8/5/2007 | Commence research, draft, review, revise, file  [113] 8/7/2007 Joint Informative Motion Regarding Notification by All Parties of Areas of Agreement and Disagreement pursuant to [108] Order on 6/15/2007 status conference. | 4.50 |
| 8/6/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status.   T/C between plaintiffs' counsel | 1.50 |
| 8/12/2007 | T/C between plaintiffs' counsel | 0.25 |
| 8/13/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/19/2007 | T/C between plaintiffs' counsel | 0.25 |
| 8/20/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/23/2007 | T/C between plaintiffs' counsel concerning Accessibility  Surveys, Analyses, and Reports. | 0.25 |
| 8/26/2007 | T/C between plaintiffs' counsel | 0.25 |
| 8/27/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 9/3/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Review reports of Chapman, Umpierre, Beers, Escobar.  Draft, review, revise, plaintiffs' trial witness list and exhibit list.  Revise consent decree. Exchange corr between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree.  T/C experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 9.00 |
| 9/5/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Review reports of Chapman, Umpierre, Beers, Escobar.  Draft, review, revise, plaintiffs' trial witness list and exhibit list.  Revise consent decree.  Corr defense counsel concerning areas of agreement and disagreement concerning Consent Decree.  Exchange corr between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. | 6.00 |
| 9/9/2007 | T/C between plaintiffs' counsel. | 0.25 |
| 9/10/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| | | |
|---|---|---|
| 9/14/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Review reports of Chapman, Umpierre, Beers, Escobar.  Draft, review, revise, plaintiffs' trial witness list and exhibit list.  Revise consent decree.  Corr defense counsel concerning areas of agreement and disagreement concerning Consent Decree. | 5.25 |
| 09/15/2007 | T/C between plaintiffs' counsel concerning corr defense expert Beers that will make the upper decks of the M/V Culebra II and the M/V Vieques II, off limits to all passengers, rather than make them accessible to disabled passengers.  T/C client. | 0.50 |
| 09/16/2007 | T/C between Plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  Research, draft, review, revise, file  [116] Plaintiffs' 9/16/2007 Unilateral Informative Motion Regarding Defendants' Lack of Compliance with Court Order with attached 9/4/2007 draft consent decree. | 3.25 |
| 09/17/2007 | Research, draft, review, revise, file, [117] Plaintiffs' 9/17/2007 response to [115] Defendants' motion for extension of time to file Consent Decree pursuant to [108] Order setting deadlines.  Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 3.75 |
| 9/20/2007 | Receipt and review [118] defendants' reply to [117] plaintiffs' response to [115] defendants' motion for extension of time.  Receipt and review corr Chapman concerning evidentiary hearing; Exchange corr between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  T/C expert Umpierre  concerning preparation for 10/9/2007, evidentiary hearing T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. | 3.25 |
| 9/21/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Conf. Trial graphics consultant.  T/C experts Chapman and Umpierre concerning evidentiary hearing and as to areas of agreement and disagreement concerning Consent Decree.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  Exchange corr between plaintiffs' counsel expert Chapman concerning preparation for 10/9/2007, evidentiary hearing. | 1.25 |
| 9/24/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 9/28/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Conf. Trial graphics consultant.  Receipt and review 9/28/2007 report defense expert Beers  pertaining to accessible gangways in follow up to 29 jun telecon. T/C experts Chapman and Umpierre concerning evidentiary hearing and as to areas of agreement and disagreement concerning Consent Decree.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  Exchange corr between plaintiffs' counsel expert Chapman concerning preparation for 10/9/2007, evidentiary hearing. | |
| 9/30/2007 | Receipt and review corr defense counsel Pedro E Ruiz Melendez concerning vessels.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. Calendar.  Update database. | 0.25 |
| 10/1/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/2/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Conf. Trial graphics consultant.  T/C between plaintiffs' counsel and expert Chapman re Beer's reports and preparation for 10/9/2007 evidentiary hearing.  T/C between plaintiffs' counsel and expert Umpierre. | 2.50 |
| 10/3/2007 | Research, draft, review, revise, file  [119] joint motion for two week  continuance of the 10-9-2007 evidentiary hearing   Exchange corr defense counsel Pedro E. Ruiz Melendez, Esq., concerning brief (two week) continuance of evidentiary hearing.  T/C  between plaintiffs' counsel and with experts Chapman and Umpierre regarding evidentiary hearing. | 2.25 |

| | | |
|---|---|---|
| 10/4/2007 | Preparation for 10/24/2007 evidentiary hearing pursuant to [108].  Review reports of Chapman, Umpierre, Beers, Escobar.  Corr expert Chapman as to final evidentiary hearing.  Draft, review, revise, plaintiffs' trial witness list and exhibit list.  Revise consent decree.  Conf. Trial graphics consultant.  T/C experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/24/2007, evidentiary hearing. | 4.25 |
| 10/5/2007 | Research, draft, review, revise, file  [122] plaintiffs' suggestion that it may be productive if the court set a brief telephonic scheduling conference in response to [121] defendants' motion for continuance of 10/24/2007 hearing, and.  Receipt and review corr expert Beers.  Corr experts Chapman, Umpierre concerning final evidentiary hearing.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/24/2007, evidentiary hearing. | 1.75 |
| 10/8/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/10/2007 | T/C between plaintiffs' counsel concerning evidentiary hearing. | 0.75 |
| 10/15/2007 | Preparation for and attendance at 10/15/2007 status conference.  Court set settlement conference for 12/11/2007 and final evidentiary hearing set for 12/20/2007.  Preparation for 12/20/2007, evidentiary hearing, conf. trial graphics consultant.  T/C between plaintiffs' counsel and experts Umpierre and Chapman as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/20/2007, evidentiary hearing.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 6.25 |
| 10/16/2007 | Preparation for 12/20/2007 evidentiary hearing.  Conf. trial graphics consultant.  Exchange corr between plaintiffs' counsel and experts Chapman, and Umpierre,  regarding  settlement conference & evidentiary hearing.  T/C between plaintiffs' counsel and experts Umpierre and Chapman as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/20/2007, evidentiary hearing. | 2.25 |
| 10/17/2007 | Preparation for 12/20/2007 evidentiary hearing.  Research.  Corr expert Chapman regarding settlement conference & evidentiary hearing.  T/C expert Chapman.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/20/2007, evidentiary hearing. | 2.25 |
| 10/22/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/28/2007 | T/C between plaintiffs' counsel | 0.25 |
| 10/29/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/31/2007 | Preparation for 12/20/2007 evidentiary hearing.  Research.  Receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/20/2007, evidentiary hearing. | 6.25 |
| 11/2/2007 | Preparation for 12/20/2007 evidentiary hearing.  Research.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 3.25 |
| 11/5/2007 | Research.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 3.50 |
| 11/7/2007 | Preparation for 12/11/2007 settlement conference and 12/20/2007 evidentiary hearing.  Research.  Receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 5.50 |
| 11/11/2007 | T/C between plaintiffs' counsel | 0.25 |
| 11/12/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| | | |
|---|---|---|
| 11/18/2007 | T/C between plaintiffs' counsel | 0.25 |
| 11/19/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/21/2007 | Receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq., regarding proposed revisions to proposed consent decree. Preparation for 12/20/2007 evidentiary hearing. Research. Receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 3.50 |
| 11/22/2007 | Preparation for 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree.. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 2.25 |
| 11/25/2007 | T/C between plaintiffs' counsel | 0.25 |
| 11/26/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/27/2007 | Receipt and review [125] Report of 10/15/2007 Telephone and order. Preparation for 12/11/2007 settlement conference and 12/20/2007 evidentiary hearing. Research. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 1.50 |
| 11/28/2007 | Corr to expert Umpierre concerning 12/11/2007, settlement conference and 12/20/2007, evidentiary hearing. T/C between plaintiffs' counsel | 1.25 |
| 11/30/2007 | Preparation for 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. Corr between Plaintiffs' counsel and expert Chapman concerning 12/11/2007, settlement conference and 12/20/2007, evidentiary hearing. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 0.50 |
| 12/1/2007 | Preparation for 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. Corr between Plaintiffs' counsel and expert Chapman concerning 12/11/2007, settlement conference and 12/20/2007, evidentiary hearing. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 1.75 |
| 12/2/2007 | Exchange of corr between plaintiffs' counsel concerning 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. T/C between plaintiffs' counsel concerning 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 0.75 |
| 12/3/2007 | Receipt and review exchange of corr between expert Chapman and defense expert Beers. Exchange of corr expert Chapman concerning. T/C expert Chapman. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 3.75 |
| 12/4/2007 | Preparation for 12/11/2007 and 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. T/C between Plaintiffs' counsel. | 8.00 |
| 12/6/2007 | Preparation for 12/11/2007 and 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. T/C between Plaintiffs' counsel. | 4.50 |
| 12/8/2007 | Preparation for 12/11/2007 and 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. T/C between Plaintiffs' counsel. | 4.50 |
| 12/9/2007 | Preparation for 12/11/2007 and 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. T/C between Plaintiffs' counsel. | 8.00 |
| 12/10/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| | | |
|---|---|---|
| 12/11/2007 | Preparation for and attendance at settlement conference. Conf defendants' and defense counsel, conf between plaintiffs' counsel and expert Chapman. Revise consent decree. Corr defense counsel Pedro E. Ruiz Melendez, Esq., regarding final proposal consent decree. Conf. Clients. | 10.00 |
| 12/12/2007 | Preparation for 12/20/2007 final evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. Exchange of corr between plaintiffs' counsel and experts Umpierre and Chapman as to areas of agreement and disagreement concerning Consent Decree, and 12/20/2007, evidentiary hearing. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, and 12/20/2007, evidentiary hearing. Receipt and review corr defense counsel regarding consent decree | 23.00 |
| 12/13/2007 | Preparation for 12/20/2007 final evidentiary hearing. Research. T/C between Plaintiffs' counsel. | 7.00 |
| 12/14/2007 | Preparation for 12/20/2007 final evidentiary hearing. Research. Preparation for 12/20/2007 final evidentiary hearing. Research. T/C between Plaintiffs' counsel. | 8.00 |
| 12/16/2007 | Preparation for 12/20/2007 final evidentiary hearing. Research. Preparation for 12/20/2007 final evidentiary hearing. Research. T/C between Plaintiffs' counsel. | 9.00 |
| 12/17/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/18/2007 | Attendance at telephone hearing. T/C between plaintiffs' counsel regarding [130] 12/18/2007 Order on [129] plaintiffs' informative motion and 12/18/2007 telephone conference; requiring that parties file final consent decree in next 5 working days. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, | 2.50 |
| 12/20/2007 – 01/06/2008 | Finalize Consent Decree and Exhibits, review of proposed forms of listing of vessel modifications: Receipt and review corr between expert Chapman and defense expert Beers pertaining to various issues: Culebra II stability issues, emergency egress; no passengers on upper deck, Consent Decree exhibit, vessel modifications. Receipt and review exchange of corr expert Chapman regarding various matters: exhibit to Consent Decree, vessel modifications Enclosing vessel modification tables for inclusion in Consent Decree; Review of tables listing vessel modifications for M/V Atlantis, M/V Cayo Norte, M/V Culebra II, M/V Fajardo II, M/V Isleño, M/V Viejo San Juan, M/V Vieques. Exchange corr defense counsel Pedro E. Ruiz-Melendez, Edelmiro Antonio Salas-Gonzalez, Esq., regarding various matters: final revisions to consent decree, exhibit to Consent Decree, vessel modifications. Numerous T/C between plaintiffs' counsel and with experts Chapman and Umpierre. Numerous T/C with defense counsel Pedro E. Ruiz-Melendez, Edelmiro Antonio Salas-Gonzalez, Esq., concerning final corr version consent decree.Corr to Pedro E. Ruiz-Melendez, Edelmiro Antonio Salas-Gonzalez, Esq., David S. Chapman, P.E., Greg Beers, Carlos Mario Escobar, P.E., Jaime A. Umpierre, PE, enclosing final revisions to consent decree and exhibits | 28.15 |
| 12/24/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/31/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/7/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 01/14/2008 | Draft, review, revise, and file [131] Plaintiffs' 1/14/2008 informative motion regarding consent decree. Calendar. Update database. T/C between Plaintiffs' counsel. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.25 |
| 01/15/2008 | Receipt and review [132] Order taking note of [131] plaintiffs' informative motion regarding consent decree. Calendar. Update database. | |
| 1/20/2007 | T/C between plaintiffs' counsel | 0.25 |
| 1/21/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/27/2007 | T/C between plaintiffs' counsel | 0.25 |
| 1/28/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| Date | Description | Hours | |
|---|---|---|---|
| 02/2/2008 | Prepare and file [133] final consent decree. Draft, review, revise, [134] Stipulation for entry of order approving, adopting, and ratifying consent decree. Exchange corr with defense counsel Pedro E. Ruiz-Melendez, Edelmiro Antonio Salas-Gonzalez, Esq., regarding stipulation for entry of order approving consent decree. T/C between Plaintiffs' counsel regarding stipulation for entry of order approving consent decree. | 0.25 | |
| 2/4/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 | |
| 2/20/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 | |
| 2/26/2007 | T/C between plaintiffs' counsel | 0.25 | |
| 2/27/2008 | Receipt and review [136] final judgment. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 1.50 | |
| 3/9/2008 | Commence work on Motion for Fees; Bill of Costs. T/C between plaintiffs' counsel | 8.00 | |
| 3/13/2008 | T/C between plaintiffs' counsel | 0.25 | |
| 3/14/2008 | Continue work on Motion for Fees; Finalize Bill of Costs | 8.50 | |
| | | ===== | ========= |
| | TOTALS | 917.55 | $275,265.00 |

D:\transfers\__Ports Authority\TIME AND COSTS\PALOMARES time.wpd

# EXHIBIT 2

Statement of Attorney Time
Attorney William D. Tucker

| Date | Description | Time (Hours) |
|------|-------------|--------------|
| 11/1/2004 | First Interview | 7.00 |
| 11/6/2004 | Conf. Expert Umpierre regarding presuit inspection | 2.25 |
| 11/8/2004 | Second Interview/Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 7.00 |
| 11/24/2004 | R&R Umpierre preliminary report; conf client; conf expert Chapman | 1.50 |
| 11/29/2004 | Review, analysis and organization of documents and information to draft complaint | 3.00 |
| 12/27/2004 | Continued, Review, analysis and organization of documents and information to draft complaint | 3.00 |
| 1/24/2005 | Continued, Review, analysis and organization of documents and information to draft complaint | 3.00 |
| 1/31/2005 | Conf. Client to discuss complaint draft | 3.00 |
| 02/17/2005 | Continue research, review, revise, Complaint. T/C between plaintiffs' counsel. | 3.75 |
| 2/19/2005 | Research Ports Authority Federal Funding, tables from FTA re ports authority federal funding attached in pdf , | 2.50 |
| 2/20/2005 | T/C between plaintiffs' counsel | 0.25 |
| 2/21/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 2/23/2005 | Exchange corr between plaintiffs' counsel regarding  second notice new civil case | 0.25 |
| 2/25/2005 | Corr to expert Norkunas regarding  Complaint | 0.25 |
| 2/27/2005 | Exchange corr expert Norkunas re Complaint.  T/C between plaintiffs' counsel | 0.50 |
| 3/7/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 3/13/2005 | T/C between plaintiffs' counsel | 0.25 |
| 03/15/2005 | Receipt and review [4] First MOTION for More Definite Statement of Claim filed by Pedro E. Ruiz-Melendez on behalf of Puerto Rico Ports Authority, The Maritime Transportation Authority of Puerto Rico | 1.50 |
| 3/16/2005 | Research Rule 8(a), FRCP, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), t/c clients; t/c Expert Umpierres, Chapman | 0.75 |
| 3/20/2005 | T/C between plaintiffs' counsel | 0.25 |
| 03/22/2005 | Draft, review, revise, file  [5] First MOTION for extension of time until April 18, 2005 to respond to 4 motion for more definite statement; t/c opposing counsel regarding extension | 0.25 |
| 03/30/2005 | Receipt and review [6] ORDER granting 5 Motion for extension of time, calendar, update database.  T/C between Plaintiffs' counsel | 0.30 |
| 4/3/2005 | T/C between plaintiffs' counsel | 0.25 |
| 4/16/2005 | Research, draft, review, revise AMENDED COMPLAINT against all defendants.  T/C between plaintiffs' counsel | 3.75 |
| 4/17/2005 | T/C between plaintiffs' counsel re AMENDED COMPLAINT | 0.50 |
| 4/18/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. T/C between plaintiffs' counsel. | 1.75 |
| 4/20/2005 | Revise, file  [7] AMENDED COMPLAINT against all defendants.  T/C between plaintiffs' counsel | 0.75 |

| | | |
|---|---|---|
| 04/25/2005 | Receipt and review [8] ORDER finding as moot 4 Motion for More Definite Statement, update database. | 0.25 |
| 04/28/2005 | Notice of Availability of Draft Guidelines for Large Vessels, 70 Fed. Reg. 14435; 49 CFR §38.171.  T/C between plaintiffs' counsel. | 1.00 |
| 4/29/2005 | Continue research, draft, review, revise, plaintiffs' 5/5/2005 response in Opposition to [10] Defendants' Motion to Dismiss; research associational standing, ADA disability issues: Warth v. Seldin, 422 U.S. 490 (1975); Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333 (1977); Automobile Workers v. Brock, 477 U.S. 274 (1986); Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472, 70 L. Ed. 2d 700, 102 S. Ct. 752 (1982) (citations omitted); Bennett v. Spear, 520 U.S. 154, 167-168, 137 L. Ed. 2d 281, 117 S. Ct. 1154 (1997); Terre du Lac Ass'n, Inc. v. Terre du Lac, Inc., 772 F.2d 467 (8th Cir. 1985); Concerned Parents to Save Dreher Park Ctr. v. City of W. Palm Beach, 884 F. Supp. 487, 488-489 (D. Fla., 1994); Rolland v. Cellucci, 52 F. Supp. 2d 231, 242 (D. Mass., 1999); Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 199 (2002); US Airways v. Barnett, 535 U.S. 391, 396-397 (2002); Toyota Motor Mfg., Ky. v. Williams, 534 U.S. 184, 198 (2002), Access Now, Inc. v. Town of Jasper, 268 F. Supp. 2d 973, 979 (D. Tenn., 2003); The Florida Bar v. Clement, 662 So. 2d 690, 700 (Fla., 1995); ; Access Now, Inc. v. Holland Am. Line-Westours, Inc., 147 F. Supp. 2d 1311, 1312 (S.D. Fla. 2001); U.S. Const., art. III, § 2, cl. 2; ; advanced notice of proposed rule making in the Federal Register. See 70 Fed. Reg. 14435; 69 Fed. Reg. 69246; 29 CFR pt. 1630, App. § 1630.2(j) (2001); Automobile Workers v. Brock, 477 U.S. 274 (1986);  Playboy Enterprises, Inc. v. Public Service Comm'n of Puerto Rico, 906 F.2d 25, 34 (1st Cir. 1990); United Food and Commercial Workers Local Union, 751 v. Brown Group, Inc., 517 U.S. 544, 545 (1996); Appraisers Coalition v. Appraisal Inst., 845 F. Supp. 592, 601 (N.D. Ill. 1994); Retired Chi. Police Ass'n v. City of Chicago, 7 F.3d 584, 601-02 (7th Cir. 1993); ADA § 202; T/C between plaintiffs' counsel | 8.50 |
| 5/2/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 5/3/2005 | Continue research, draft, review, revise, plaintiffs' 5/5/2005 response in Opposition to [10] Defendants' Motion to dismiss.  T/C expert chapman; | 1.25 |
| 5/5/2005 | Revise, file  [11] plaintiffs' 5/5/2005 response in Opposition to [10] Defendants' Motion to Dismiss | 1.75 |
| 05/06/2005 | Receipt and review [12] Defendants' motion for extension of Time until May 18, 2005 to File Response/Reply to [11] Plaintiffs' Memorandum In Opposition to motion to dismiss, Calendar, update database | 0.33 |
| 5/8/2005 | T/C between plaintiffs' counsel | 0.25 |
| 5/16/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 05/17/2005 | Receipt and review [13] Order granting [9] Motion for Extension of Time to Answer. Answer due by 6/27/2005;  Receipt and review [14] Order granting as requested [12] defendants' Motion for Extension of Time to File Response/Reply.  Calendar.  Update database.  T/C between plaintiffs' counsel | 0.50 |
| 5/20/2005 | Finalize research, review, revise, and file  [16] Plaintiffs' 5/20/2005  motion for Leave to File Sur-reply to [15] Defendants' Reply Memorandum Surreply attached.  Research issues raised by defendants concerning accessibility issues and standards pertaining to maritime facilities incl. Ass'n for Disabled Ams., Inc. v. Concorde Gaming Corp., 158 F. Supp. 2d 1353, 1364-1369 (D. Fla., 2001)Disabled Americans for Equal Access, Inc. v. Ferries del Caribe, Inc., 2005 U.S. App. LEXIS 7091 (1st Cir., 2005); Spector v. Norwegian Cruise Line Ltd., 356 F.3d 641, 650 n.10 (5th Cir.), cert. granted, 159 L. Ed. 2d 856, 125 S. Ct. 26 (2004); Westchester County Corrections v. County of Westchester, 346 F. Supp. 2d 527, 533 (D.N.Y., 2004); M.O.C.H.A. Soc. v. City of Buffalo, 199 F. Supp. 2d 40, 48-49 (D.N.Y., 2002);  Swanson v. City of Lowell, 2002 WL 1803729 (D. Mass., Aug 5, 2002); 42 U.S.C. §12142(a) & (b); 49 C.F.R.37.7, 49 C.F.R. 37.9 and 49 C.F.R. 38.17; ADAAG §10.5; letter to pedro melendez, esq. (5.20.2005) re surreply | 4.50 |
| 05/22/2005 | Receipt and review [17] defendants' motion to Strike Plaintiffs Sur-Reply.  Calendar.  Update database.  T/C between plaintiffs' counsel. | 0.75 |
| 5/23/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| Date | Description | Hours |
|---|---|---|
| 5/25/2005 | Finalize research, review, revise, serve Discovery Request - Rule 34 Notice of Vessel Inspections; Research, draft, review, revise Discovery Request - Rule 26.1.G interrogatories to Defendants; Research, draft, review, revise Discovery Request - notice of deposition duces tecum of Defendants' corporate representative(s); Exchange corr with defense counsel Pedro Ruiz-Melendez, Esq., regarding Plaintiffs' intention to file amended complaint adding class action allegations; research, draft, review, revise second amended complaint | 2.00 |
| 06/01/2005 | T/C between plaintiffs' counsel. T/C expert Norkunas; t/c expert Chapman; t/c expert  umpierres | 0.75 |
| 06/03/2005 | Finalize Research, draft, review, revise, file  [18] plaintiffs' 6/3/2005 notice of Serving Initial Disclosures. T/C expert Norkunas; t/c expert Chapman; t/c expert  umpierres | 0.75 |
| 6/6/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/12/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 06/14/2005 | Receipt and review [19] Order granting [16] defendants' Motion for Leave to File, denying [17] defendants' motion to Strike Plaintiffs Sur-Reply.  Calendar, update database.  T/C between plaintiffs' counsel. | 0.50 |
| 6/20/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 06/21/2005 | Review, revise, file  [20] Sur Reply to [15] REPLY to [11] Response to [10] Motion to dismiss (NOTE: initially filed as an attachment to [16] plaintiffs' motion for leave to file). | 0.75 |
| 6/26/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 06/27/2005 | Receipt and review [21] PRPA'S ANSWER to Amended Complaint.  Scan analyze, draft composite document: amended complaint combined with answers.  Receipt and review [22] Defendants's motion to Substitute Party.   T/C between plaintiffs' counsel. | 7.25 |
| 6/29/2005 | T/C between plaintiffs' counsel. | 0.50 |
| 07/03/2005 | Finalize research, draft, review, revise, file  [23] Plaintiffs' 7/3/2005 response to [22] defendants' Motion to Substitute.  Research: substitution versus joinder, Rule 25, Fed. R. Civ. P.  Review allegations of amended complaint; Puerto Rico Commonwealth Law No. 231, Article 19 of Law No. 1 of January 2000; P.R. Laws Ann. Tit. 23 sections 3201, 3202, 3213 (2005); T/C clients; T/C expert Chapman; T/C expert Umpierre | 4.50 |
| 07/06/2005 | Receipt and review [24] Defendants' Motion for Leave to File Reply to [23] Plaintiffs' Response to [22] motion to substitute.  Calendar, update database. | 0.75 |
| 07/08/2005 | Receipt and review [26] Proof of Service by Puerto Rico Ports Authority .  Calendar.  Update database. | 0.15 |
| 07/08/2005 | Receipt and review [25] Defendant PRPA's 7/8/2005 reply to [23] plaintiffs' Response to [22] defendants' Motion for Substitution of Parties.  Calendar, update database; Receipt and review [26] 7/8/2005 notice by PRPA of service of Motion to substitute on Department of Transportation and Public Works, the Puerto Rico Highway and Transportation Authority, and the Maritime Transportation Authority of Puerto Rico and Municipal Islands.  T/C between plaintiffs' counsel. | 0.75 |
| 7/9/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 7/10/2005 | Finalize research, draft, review, revise, file  [27] Plaintiffs 7/10/2005  motion for Leave to File surreply in opposition to defendant's motion for substitution and attachment Sur reply to [25] Reply to [23] Plaintiffs response to [22] motion to substitute.  Research Maritime Transit Authority Act, Title 23, Part IV, Chapter 107, Puerto Rico Statutes, 23 L.P.R. §§ 3201 – 3215, ("MTAA"), pertaining to transfer by PRPA to the MTAPRMI, of any real estate or other property . . . used in the delivery of ferry services, and whether under subsection 3213(c) PRPA, will retain title to the piers. | 3.25 |
| 07/11/2005 | Receipt and review [28] Order granting the parties 30 days to file an informative motion stating whether they consent to have this case assigned to a U.S. Magistrate Judge for all further proceedings and entry of judgment.  Calendar, update data base. T/C between plaintiffs' counsel. | 0.75 |

| Date | Description | Time |
|---|---|---|
| 07/14/2005 | Receipt and review [29] ORDER granting [24] Defendants' Motion for Leave to File Reply to [23] Plaintiffs' Response to [22] motion to substitute. Receipt and review [30] ORDER granting [27] Plaintiffs' motion for leave to file sur reply. Calendar, update data base. File [31] Plaintiffs' 7/14/2005 Sur reply to [25] Reply to [23] Plaintiffs response to [22] Defendants' motion to substitute. T/C between plaintiffs' counsel. | 1.25 |
| 07/18/2005 | Receipt and review [32] Defendants' Motion for Leave to file reply to [31] Sur reply to [25] Reply to [23] Plaintiffs response to [22] Defendants' motion to substitute. Calendar. Update data base. T/C between plaintiffs' counsel. | 0.50 |
| 07/24/2005 | T/C between plaintiffs' counsel. | 0.25 |
| 8/1/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. Receipt and review [33] ORDER granting [32] Defendants' Motion for Leave to file reply to [31] Sur reply to [25] Reply to [23] Plaintiffs response to [22] Defendants' motion to substitute. | 1.75 |
| 08/02/2005 | Receipt and review [34] defendants' response to [31] plaintiffs' Sur Reply to [25] defendants' reply to [23] plaintiffs' response in Opposition to [22] PRPA's Motion to substitute. Calendar, update database. Research Pleading requirements under Rule 8(a), Fed. R. Civ. P., Dura Pharmaceuticals v. Broudo, 125 S. Ct. 1627; 161 L. Ed. 2d 577 (2005). T/C between plaintiffs' counsel. | 1.50 |
| 8/8/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/15/2005 | T/C between plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 8/22/2005 | T/C between plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 8/29/2005 | T/C between plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 9/5/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 9/12/2005 | T/C between plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 9/19/2005 | T/C between plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 9/26/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 09/28/2005 | Receipt and review [35] Order referring case to a Magistrate Judge for all further proceedings and entry of final judgment Update database. | 0.25 |
| 10/3/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/06/2005 | Receipt and review [36] Memorandum of the Clerk that pursuant to [35] the 9/28/05 Referral Order issued by Judge Juan M. Perez-Gimenez, case assigned through random drawing within the Case Assignment System to Magistrate Judge Aida M. Delgado-Colon for further proceedings and entry of final judgment. Update data base. T/C between plaintiffs' counsel. | 0.50 |
| 10/10/2005 | T/C between plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 10/17/2005 | T/C between plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 10/24/2005 | T/C between plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 10/31/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/01/2005 | Receipt and review [37] ORDER scheduling a Status/Scheduling Conference for 11/8/2005 10:00 AM before US Magistrate Judge Aida M. Delgado-Colon. Calendar, update database. T/C between plaintiffs' counsel. | 0.75 |

| | | |
|---|---|---|
| 11/02/2005 | Receipt and review [39] Defendants' Motion to Continue Status/Scheduling Conference Pursuant to Local Rule 3.2(f)(2). T/C between plaintiffs' counsel. Calendar, update database. | 0.50 |
| 11/7/2005 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status<br>Receipt and review [40] Order continuing Status/Scheduling Conference to 11/15/2007 at 11:00 AM before US Magistrate Judge Aida M. Delgado-Colon. Calendar. Update database. | 0.50 |
| 11/08/2005 | Receipt and review [41] Order amending [40] to read " The Status/Scheduling Conference is RESET for 11/15/2005 at 11:00 AM in ADC's Chambers before US Magistrate Judge Aida M. Delgado-Colon." Calendar. Update database. | 0.25 |
| 11/14/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 11/15/2005 | Preparation for and attendance at status/scheduling conference at which parties reported on discovery status, submitted consent to the Magistrate- Judge's trial authority. Advised the Court that Plaintiff seeks only injunctive relief and there are no claims for damages, that Plaintiff has designated his expert. Ordered that on or before 12/2/05, plaintiff is to amend the complaint to include the new entity, and that Plaintiffs will serve a request for production of documents as to the issues of ownership and control of "shoreside" elements of the ferry system. | 3.00 |
| 11/16/2005 | Commence research, draft, review, revise, file [44] Second Amended Complaint. Research ADA §§ 2(a)(1)-(9), (b), 202, 203, 226, 227(a), 228(a); Rehabilitation Act § 505, 29 U.S.C. § 794a; 28 CFR § 41.57 (Department of Justice regulations implementing Executive Order 12250, implementing Section 504); 28 CFR §§ 35.105, 35.160 & 35.163(a), ADA Accessibility Guidelines for Transportation Buildings and Facilities ("ADAAG"), 49 C.F.R. pt. 37, App. A; 49 CFR §§ 27.7(b)(1) & (3) (Department of Transportation regulations implementing Section 504), 37.61, The Civil Rights Act of 1964 §§ 706(f) through (k), 717, 42 U.S.C. §§ 2000e-5(f) through (k), 2000e-16 all of the above pertaining to Defendants' obligation to provide accessible transportation programs, services, facilities, and ferry vessels, including the obligation to provide effective communication, transition plan, accessible alterations, site selection, ; Research and review defendants federal funding for capital projects pursuant to various programs under Section 9 and/or 49 USC chapter 53, and other federal funding programs Review motion and papers pertaining to PRPA's motion to substitute; review background ferry system. Exchange correspondence plaintiffs' counsel; T/C(s) client; T/C(s) expert Chapman; T/C(s) expert Umpierre | 7.75 |
| 11/17/2005 | Exchange correspondence plaintiffs' counsel; T/C between plaintiffs' counsel re Plaintiffs' Second Amended Complaint. | 0.75 |
| 11/28/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 12/01/2005 | Receipt and review [42] Status/Scheduling Conference Report and Order reviewing events of 11/15/2005 status conference, specifically, that a request for production of documents will be served along with the amended complaint. Meanwhile, defendants will continue toresearch within internal records data regarding the creation of "Autoridad de Transporte Marítimo" (ATM), assignment of federal funds to such entity, transfer of funds by Puerto Rico Ports Authority (PRPA), annual contributions from PRPA to ATM and relevant rules and regulations within both entities.and setting a Status/Scheduling Conference for 4/4/2006 at 10:00 AM in ADC's Chambers before US Magistrate - Judge Aida M. Delgado-Colon. Calendar. Update database. Receipt and review [43] Notice, Consent, and Order of reference - exercise of jurisdiction by US Mag. Judge Aida Delgado-Colon. Update database. T/C between plaintiffs' counsel. | 1.00 |
| 12/01/2005 – 12/08/2005 | Commence, research, draft, serve, (NOTE: served only, not filed) plaintiffs' first request for production to all defendants. 15 pages, 92 categories of documents requested;<br><br>Research, draft, review, revise, file [46] Plaintiffs' 12/8/2005 Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information filed by William D. Tucker on behalf of all Plaintiffs. | 11.50 |
| 12/04/2005 | Finalize, research, draft, review, revise, file [44] Second Amended Complaint. Exchange of Email between Plaintiffs' counsel, regarding second amended complaint; Exchange of Email between Plaintiffs' counsel regarding second amended complaint; Receipt and review letters [13] to [28] dated 12/04/2005 (24 pages) from expert Chapman to Greg Beers. | 5.00 |

| 12/5/2005 | Exchange of Email between Plaintiffs' counsel, regarding second amended complaint; Exchange of Email between Plaintiffs' counsel regarding second amended complaint; continued review letters [13] to [28] dated 12/04/2005 (24 pages) from expert Chapman to Greg Beers; Corr expert Chapman regarding conference Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.00 |

| 12/06/2005 | Receipt and review [45] Summons Issued as to the Maritime Transportation Authority of Puerto Rico and the Municipal Islands.  Calendar.  Update database.  Continue research, review, revise, Plaintiffs' first request for production to all defendants.  15 pages, 92 categories of documents requested;   Continue research, review, revise, Plaintiffs' Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information. | 7.25 |

| 12/7/2005 | Continue research, review, revise, Plaintiffs' first request for production to all defendants.  15 pages, 92 categories of documents requested;   Continue research, review, revise, Plaintiffs' Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information. | 7.50 |

| 12/8/2005 | Finalize, research, serve, (NOTE: served only, not filed)  plaintiffs' first request for production to all defendants.  15 pages, 92 categories of documents requested;   Finalize research, review, revise, file [46] Plaintiffs' 12/8/2005 Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information. Attachments: Exhibit Number 1.  Notice of FTA Fiscal Year 2005 Apportionments, Allocations and Program Information, 69 Fed. Reg 78,204 (December 29, 2004); Exhibit Number 2.  Table 29, FY 1999 Capital Program Obligations for Ferryboats and Related Expenditures, located at: http://www.fta.dot.gov/transit_data_info/reports_publications/publications/statistical_summaries/1 999/5509_ENG_HTML.htm; Exhibit Number 3.  Table 33, FY 2002 Capital Program Obligations for Ferryboats and Related Expenditures, located at: http://www.fta.dot.gov/14486_17602_ENG_Printable.htm; Exhibit Number 4. Table 107, Obligations for Ferry Boats and Related Expenditures, FY 1984 - 2001, located at: http://www.fta.dot.gov/transit_data_info/reports_publications/publications/statistical_summaries/2 001/2810_ENG_HTML.ht; Exhibit Number 5.  Table 108, Cumulative Obligations for Ferry Boats and Related Equipment Fiscal Years 1965 - 2001, located at: http://www.fta.dot.gov/transit_data_info/reports_publications/publications/statistical_summaries/2 001/2811_ENG_HTML.htm; Exhibit Number 6.  Table 109, Obligations for Ferry Boats and Related Expenditures, FY 1984 - 2004, located at: http://www.fta.dot.gov/files/t-109.xls; Exhibit Number 7.  Table 110, Ferry Boats and Related Equipment, Years 1965 - 2003, located at http://www.fta.dot.gov/documents/t-110.xls; Exhibit Number 8.  Table 110, Ferry Boats and Related Equipment, Years 1965 - 2004, http://www.fta.dot.gov/files/t-110.xls; Exhibit Number 9. Ferry Boat Discretionary Program Information (December 2005) located at: http://www.fhwa.dot.gov/discretionary/fbdinfo.htm; Exhibit Number 10.  FY 1998/1999 Ferry Boat Discretionary (FBD) Program Awards, located at: http://www.fhwa.dot.gov/discretionary/fbawrd99.htmResearch: US DOT table 29 1999 capital program obligations for ferry boats, US DOT table 33 FY 2002 capital program obligations for ferry boats , US DOT table 107 FY 1984 through2001 , US DOT table 108 cumulative obligations for ferry boats 1965 through 2001, US DOT table 109 1984 through 2003, US DOT table 109 ferry boat and related by grantee FY 1984 through 2002,  US DOT table 109 FY 1984 through 2002, US DOT table 109 FY 1984 through 2003, US DOT table 109 FY 1984 through 2004, US DOT table 110 1965 through 2003, US DOT table 110 1965 through 2004 , ferry boat discretionary (FBD) program awards 1998-1999, ferry boat discretionary (FBD) program information (December 2005), notice of FY2005 FTA funding from federal register<br><br>Email from William D. Tucker, Esq. to  Pedro E. Ruiz Melendez, Esq. , Edelmiro Salas, Esq., regarding plaintiffs first request for production to all defendants; Exchange of correspondence with expert Chapman; Exchange of Corr with expert Umpierres; Exchange of Corr with expert Norkunas; Exchange of correspondence between plaintiffs' counsel. | 8.50 |

| 12/09/2005 | T/C between Plaintiffs' counsel re plaintiffs' Requests for Mandatory Judicial Notice of: (i) Section 2 of the ADA; (ii) President Bush's New Freedom Initiative; and (iii) the 2004 Harris Survey of Americans with Disabilities, and Plaintiffs' Request for Mandatory Judicial Notice Of: Statement of Former President, George H.W. Bush as Amicus Curiae In Support of Petitioners, U.S. v. Georgia, and Goodman v. Georgia, United States Supreme Court, Case Nos 04-1203 and 04-1236.  T/C  Stephen Hut, Jr., Esq., Counsel for amicus curiae Former President George H.W. Bush. | 0.50 |

| | | |
|---|---|---|
| 12/10/2005 | Email to Defense counsel regarding discovery; T/C expert Chapman; T/C expert Umpierre. Calendar. Update database. Exchange of Corr between Plaintiffs' counsel regarding request for judicial notice of ADA section 2, Bush's Freedom Initiative, Harris Survey. T/C between plaintiffs' counsel. | 2.00 |
| 12/12/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/13/2005 | Finalize research, draft, review, revise, file [47] Plaintiffs' 12/13/2005 Request for Mandatory Judicial Notice of: (i) Section 2 of the ADA; (ii) President Bush's New Freedom Initiative; and (iii) the 2004 Harris Survey of Americans with Disabilities. Attachments: Exhibit 1 – President Bush's 2001 New Freedom Initiative; Exhibit 2 – the 2004 Harris Survey of Americans with Disabilities and Finalize research, draft, review, revise, file [48] Plaintiffs' 12/13/2005 Request for Mandatory Judicial Notice Of: Statement of Former President, George H.W. Bush as Amicus Curiae In Support of Petitioners, U.S. v. Georgia, and Goodman v. Georgia, United States Supreme Court, Case Nos 04-1203 and 04-1236. T/C Stephen Hut, Jr., Esq., Counsel for amicus curiae Former President George H.W. Bush. T/C between Plaintiffs' counsel. Exchange corr between Plaintiffs' counsel regarding [47] &[48]; Corr expert Norkunas regarding [47] & [48]. | 4.00 |
| 12/14/2005 | Corr Expert Norkunas regarding second amended complaint & defendants' affirmative defenses to first amended complaint | 0.33 |
| 12/19/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 12/26/2005 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.38 |
| 12/27/2005 | Receipt and review [49] Answer by PRPA to Amended Complaint | 0.25 |
| 12/28/2005 | Review [49] Answer by PRPA to Amended Complaint, preparation of document combining answers with allegations of second amended complaint. | 4.25 |
| 01/10/2006 | Receipt, review, file [50] summons Returned Executed on defendant The Maritime Transportation Authority of Puerto Rico and the Municipal Islands served on 1/10/2006. Calendar. Update database. | 0.25 |
| 1/16/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 1/23/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 1/30/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 2/6/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 02/10/2006 | Receipt and review [51] Answer by Maritime Transportaton Authority of Puerto Rico and the Municipal Islands to Amended Complaint. Calendar. Update database; preparation of document combining answers with allegations of second amended complaint. | 3.50 |
| 2/13/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 2/20/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 2/27/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 3/6/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| Date | Description | Hours |
|---|---|---|
| 03/10/2006 | Receipt and review [52] Order denying [22] defendants' motion to Substitute Party and granting [23] plaintiffs' response in opposition, noting that the issue was discussed at the 11/15/05 status conference in which it was agreed to have discovery conducted.  Granting  and taking judicial notice of following requests and items attached as exhibits: [46] Plaintiffs' Request for Mandatory Judicial Notice of Federal Transit Administration (FTA) Apportionments, Allocations and Program Information, [47] Plaintiffs' Request for Mandatory Judicial Notice of: (i) Section 2 of the ADA; (ii) President Bush's New Freedom Initiative; and (iii) the 2004 Harris Survey of Americans with Disabilities; [48] Plaintiffs' Request for Mandatory Judicial Notice Of: Statement of Former President, George H.W. Bush as Amicus Curiae In Support of Petitioners, U.S. v. Georgia, and Goodman v. Georgia, United States Supreme Court, Case Nos 04-1203 and 04-1236.  T/C between plaintiffs' counsel. | 1.25 |
| 3/11/2006 | Exchange corr expert Norkunas, regarding [52] order on motion to substitute. | 0.50 |
| 3/13/2006 | Exchange Email between plaintiffs' counsel regarding discovery strategy.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 2.25 |
| 3/20/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 3/27/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 4/3/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 04/04/2006 | Preparation for and attendance at  4/4/06 status conference.  The Court encouraged the parties to meet and discuss pending discovery requests and settlement possibilities, and requiring submission by 04/14/2006 of a Joint Proposed Initial Scheduling Report. | 4.75 |
| 04/06/2006 | Receipt and review [53] Memorandum of the Clerk transferring the case to newly appointed Title III Judge Aida Delgado Colon to form part of her case load.  Receipt and review [54] Scheduling Conference Report and Order pertaining to 4/4/06 status conference.   A Joint Proposed Initial Scheduling Report is due by 4/14/06.   Calendar.  Update database.  T/C between plaintiffs' counsel. | 1.00 |
| 4/10/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/12/2006 | Exchange corr with defense counsel regarding outstanding discovery.  Research result: Photos of the MS Amelia; photos of the MS Covadonga; Acuaexpresso Routes and Tickets. | 2.25 |
| 4/13/2006 | Continue research, review, revise, Joint Scheduling Conference Report Exchange corr with defense counsel regarding draft Rule 26(f) Scheduling Conference / Scheduling Report; T/C defense counsel re same; T/C and exchange of corr with experts Chapman, Umpierre, and Norkunas re Rule 34 inspection issues - coordination, scheduling, scope, duties. | 3.25 |
| 04/14/2006 | Research, draft, review, revise, file  [55] Plaintiffs' 4/14/2006 agreed motion for extension of time until 04/14/2006 to file proposed joint scheduling report; exchange correspondence defense counsel re same. | 1.25 |
| 4/15/2006 | Continue research, review, revise, Joint Scheduling Conference Report Exchange corr with defense counsel regarding draft Rule 26(f) Scheduling Conference / Scheduling Report; T/C defense counsel re same; T/C and exchange of corr between plaintiffs' counsel and with experts Chapman, Umpierre, and Norkunas re Rule 34 inspection issues - coordination, scheduling, scope, duties. | 3.00 |
| 04/17/2006 | Receipt and review [56] Order granting [55] Plaintiffs' agreed motion for extension of time to file proposed joint scheduling report.  Calendar.  Update database.  T/C between Plaintiffs' counsel re conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.50 |
| 4/18/2006 | Finalize research, review, revise, file  [57] 4/18/2006 Joint Scheduling Conference Report & [58] (duplicate filing to [57]); Exchange corr with defense counsel regarding draft Rule 26(f) Scheduling Conference / Scheduling Report; T/C defense counsel re same; T/C and exchange of corr between plaintiffs' counsel and with experts Chapman, Umpierre, and Norkunas re Rule 34 inspection issues - coordination, scheduling, scope, duties. | 2.00 |
| 4/24/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |

| Date | Description | Hours |
|------|-------------|-------|
| 4/29/2006 | Receipt and review report of expert Umpierre; T/C experts Umpierre and Chapman; T/C Plaintiffs' counsel re Umpierre report. | 2.50 |
| 5/1/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 5/8/2006 | T/C between plaintiffs' counsel re Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.25 |
| 5/10/2006 | Exchange of correspondence between plaintiff's counsel, expert Chapman regarding Calderon administration / legal strategy / Ports Authority, and article Ports Authority Has Received $10.1 Million in Legal Bills During Calderon  Administration, Puerto Rico Herald, 12-16-2004. | 0.75 |
| 5/14/2006 | Receipt and review corr from expert Chapman regarding ferries | 0.25 |
| 5/15/2006 | Exchange email expert Chapman regarding vessel inspections; Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.25 |
| 5/19/2006 | Exchange corr Chapman regarding vessel inspections | |
| 5/22/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 5/29/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 6/5/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 6/12/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 6/19/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 6/22/2006 | Corr to defense counsel Pedro E. Ruiz Melendez, Esq., Edelmiro Salas, Esq., regarding  Rule 34 Inspections. | 0.33 |
| 6/25/2006 | Exchange corr defense counsel Pedro E. Ruiz Melendez, Esq., regarding  Rule 34 Inspections; T/C expert Umpierre; T/C expert Chapman; T/C between plaintiffs' counsel | 1.25 |
| 6/26/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 6/29/2006 | Exchange of corr with defense counsel Pedro E. Ruiz Meléndez, Esq., regarding rule 34 inspections; Re-serve Discovery Request Plaintiffs' First Request for Production to All Defendants (17 pp, 91 categories of documents requested); corr defense counsel Pedro E. Ruiz Melendez, Esq., enclosing plaintiffs' 1st RFP; Receipt and review email from expert Chapman and enclosures photos of Culebra ferries and shoreside facilities (another passenger ferry; Approaching the Culebra ferry docks; Inside the Culebra II ferry; One of the cargo ferries; Passenger boat departing Culebra; Passenger dock in Culebra); T/C experts Chapman, Umpierre, and plaintiffs' counsel. | 5.25 |
| 7/3/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 7/7/2006 | Corr to defense counsel Pedro E. Ruiz Melendez, Esq. , Edelmiro Salas, Esq., regarding  Rule 34; T/C experts chapman, Umpierres; T/C plaintiff's counsel. | 2.25 |
| 7/10/2006 | Exchange of corr with defense counsel Pedro E. Melendez, Esq., concerning plaintiffs' third request for cooperation with coordination of Rule 34 inspections of vessels and shore side facilities; Corr to expert Chapman regarding  Rule 34 Inspections.  T/C between plaintiffs' counsel | 1.25 |
| 7/11/2006 | Exchange of corr with defense counsel Pedro E. Melendez, Esq., concerning plaintiffs' request for cooperation with coordination of Rule 34 inspections of vessels and shore side facilities; T/C expert Chapman.  T/C expert Chapman; T/C expert Umpierre. | 1.75 |
| 7/13/2006 | Receipt and review corr from expert Chapman enclosing materials on ferries built for the Ports Authority: Blount Built ferries for PRPA, Breaux's Bay Craft Built ferries for PRPA, Catamaran Ferries for Puerto Rico Ports Authority, Trinity Marine Built ferries for PRPA, VT Halter Launches Ferry For Port In Puerto Rico; Receipt and review corr from expert Chapman enclosing materials on ferries from Old San Juan to Cataño; prepare report based on information from expert Chapman | 4.75 |

| 7/16/2006 | Exchange of corr with expert Chapman regarding  PRPA ferries from Old San Juan to Cataño; exchange of corr between plaintiffs' counsel; T/C expert Umpierre; T/C expert Chapman; T/C between plaintiffs' counsel | 1.75 |
|---|---|---|
| 7/17/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 7/28/2006 | Receipt and review corr from expert Chapman regarding ferry from Old San Juan to Cataño; T/C expert Chapman | 0.75 |
| 8/9/2006 | Receipt and review corr from defense counsel Pedro E. Ruiz Melendez, Esq., concerning Rule 34 inspections; T/C expert Chapman; T/C between plaintiffs' counsel | 1.25 |
| 8/14/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 08/15/2006 | Receipt and review [59] Defendants' 8/15/2006 motion to Amend Answer to Plaintiffs' Second Amended Complaint;  Receipt and review [60] defendants' 8/15/2006 motion for Judgment on the Pleadings; Finalize research, draft, review, revise, file  [61] Plaintiffs' 8/15/2006  (i) Response to [59] Defendants' Motion for Leave to Amend Their Answer, and (ii) Agreement to the Entry of an Order Allowing Defendants to Amend Their Complaint.  Calendar.  Update database.  Commence research, draft, revise, file, [65] Plaintiffs' 8/18/2006 Amended Motion to Compel Defendants to Produce Documents in Response to Plaintiffs' Court Authorized First Request for Production of Documents with Incorporated Memorandum of Law; Commence research, draft, revise, file, [66] Plaintiffs' 8/18/2006 Motion to Compel Defendants to Provide Rule 26(a) Initial Disclosures; Corr to expert Chapman concerning defendants' motion to amend answer and motion for judgment on the pleadings;  Corr to expert Norkunas concerning defendants' motion to amend answer and motion for judgment on the pleadings;  Receipt and review corr from defense counsel Pedro E. Ruiz Melendez, Esq. and motion for judgment on the pleadings;  T/C between plaintiffs' counsel concerning defendants' motion to amend answer and motion for judgment on the pleadings. | 8.75 |
| 8/16/2006 | Research, draft, review, revise, Plaintiffs' motion requesting order denying [10] defendants' motion to dismiss; Draft, review, revise, document combining second amended complaint with defendants' amended answers; Exchange of corr between plaintiffs' counsel concerning [60] defendants' motion for judgment on the pleadings, and illusory nature of "relief sought", i.e., entry of an order that come into "full compliance" with the ADA within one year; corr to expert Chapman re same; corr to expert Norkunas re same; T/C between plaintiffs' counsel re same; T/C expert Chapman re same; T/C expert Norkunas re same | 8.75 |
| 08/17/2006 | Receipt and review [62] Order noting [61] plaintiffs' agreement to [59] defendants' motion to amend answer to second amended complaint, and granting [59] defendants' motion to amend answer to second amended complaint; Research, draft, review, revise, file  [64] plaintiffs' 8/17/2006 motion to Compel Defendants to Produce Documents in Response to Plaintiffs' Court Authorized First Request for Production of Documents with Incorporated Memorandum of Law; Research motion to compel under Rules 26 and 34, Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991).<br><br>Research, draft, review, revise, file  [63] Plaintiffs' 8/17/2006 motion requesting order denying [10] defendants' motion to dismiss; | 8.25 |

| Date | Description | Hours |
|---|---|---|
| 08/18/2006 | Finalize, research, draft, revise, file, [65] Plaintiffs' 8/18/2006 Amended Motion to Compel Defendants to Produce Documents in Response to Plaintiffs' Court Authorized First Request for Production of Documents with Incorporated Memorandum of Law; Finalize research, draft, revise, file, [66] Plaintiffs' 8/18/2006 Motion to Compel Defendants to Provide Rule 26(a) Initial Disclosures; Receipt and review [67] defendants' motion to Strike [63] plaintiffs' motion requesting order denying [10] defendants' motion to dismiss, predicated on ADR's lack of standing; Receipt and review [68] defendants' response in opposition to [64] plaintiffs' motion to Compel Defendants to Produce Documents in Response to Plaintiffs' Court Authorized First Request for Production of Documents; Receipt and review [69] defendants' response in Opposition to [64] & [65]; Receipt and review [70] Order setting telephone conference for on 8/24/2006 at 5:00 PM in Chambers before Judge Aida M. Degado-Colon; Receipt and review [72] defendants' response to [71] plaintiffs' motion to compel defendants cooperation in connection with plaintiffs' rule 34 inspections of defendants' vessels and shore side facilities, and response to [66] plaintiffs' motion to compel Rule 26 disclosures. Calendar. Update datebase. Research: standing issues raised by [67] – F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico, 449 F.3d 185, 189 (1st Cir. 2006); Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005); Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 (1982). Research: In re Tutu Wells Contamination Litigation, 162 F.R.D. 46 (D.Virgin Islands,1995); Paramount Film Distributing Corp. v. Civic Center Theatre, Inc.,  333 F.2d 358 (10th Cir. 1964); Research result Excerpt from Ports Authority April, 2002 brochure.  T/CV between plaintiffs' counsel. | 9.00 |
| 08/18/2006 | Research, draft, review, revise, file  [71] plaintiffs' 8/18/2006 motion to compel defendants cooperation in connection with plaintiffs' rule 34 inspections of defendants' vessels and shore side facilities (with exhibits 1 through 8 attached and bookmarked in adobe) | 9.75 |
| 08/19/2006 | Corr to DOT Inspector General Todd J. Zinser, and Governor Anival Acevedo-Vila requesting an immediate investigation regarding widespread disability discrimination; Commence research, draft, review, revise, Plaintiffs' memorandum in opposition to [60] defendants' motion for judgment on the pleadings; Commence research, draft, review, revise, Plaintiffs' motion for partial judgment on the pleadings.  Calendar.  Update database.  Research:  Rule 12(c), Fed.R.Civ.P.;  Declaratory Judgment Act 28 U.S.C. § 2201(a); remedies available under Section 203 of the ADA & § 505(a)(2) of the Rehabilitation Act; courts jurisdiction and authority to award Plaintiffs declaratory and injunctive relief with respect to the Ferry System's discriminatory practices Martin v. Metropolitan Atlanta Rapid Transit Authority, et al., 225 F.Supp 1362 (N.D. Ga.  2002) (granting ADA plaintiffs' motion for preliminary injunction where public transit provider, failed to, among other things,  provide information in accessible formats); Cupolo v. Bay Area Rapid Transit, 5 F.Supp.2d 1078 (N.D. Cal. 1977) (granting ADA plaintiffs' motion for preliminary mandatory injunction concerning transit provider's maintenance and repair of elevators at stations).  See also, Tandy, et al., v. City of Wichita, 380 F.3d 1277 (10th Cir. 2004) (upholding injunction under ADA against mass transit provider, for inter alia, inaccessible routes, and inoperable TTD system); courts jurisdiction and authority to award Plaintiffs declaratory and injunctive relief with respect to the Ferry System's federal Funding Pennhurst State School and Hospital, et al. v. Halderman, et al., 451 U.S. 1, 29, n. 23, (1981) (available remedy for plaintiffs under implied private right of action for violations of 42 U.S.C. §§ 6011(a) & 6063(b)(5)(C) is order enjoining Federal Government from providing any further funding).  Accord, Rosado v. Wyman, 397 U.S. 397, 420-421, (1970). See also, Guardians Asssociation v. Civil Service Commission of New York, 463 U.S. 582, 596, (1983) ("the Court has more than once announced that in fashioning remedies for violations of Spending Clause statutes by recipients of federal funds, the courts must recognize that the recipient has `alternative choices of assuming the additional costs" of complying with what a court has announced is necessary to conform to federal law or "of not using federal funds" and withdrawing from the federal program entirely'), quoting with approval, Rosado v. Wyman, 397 U.S. 397, 420-421, (1970)City of Houston v. HUD, 24 F3d 1421 (D.C. Cir. 1994) (attorneys fees, declaratory relief); Exchange corr between plaintiffs' counsel; T/C between plaintiffs' counsel | 8.00 |
| 8/20/2006 | Continue research, review, revise, Plaintiffs' memorandum in opposition to [60] defendants' motion for judgment on the pleadings; Continue research, review, revise, Plaintiffs' motion for partial judgment on the pleadings. | 7.50 |
| 8/21/2006 | Finalize, review, revise, file  [73] Plaintiffs' 8/21/2006 memorandum in opposition to [60] defendants' motion for judgment on the pleadings; Finalize, research, review, revise, file  [74] Plaintiffs' 8/21/2006 motion for partial judgment on the pleadings.  Calendar.  Update database. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 5.75 |

| Date | Description | Time |
|---|---|---|
| 8/22/2006 | Receipt and review article: Puertos deberá eliminar barreras arquitectónicas, Primera Hora, Tuesday, 8-22-2006; Receipt and review article: Urge investigacion por en lanchas, endi, Tues, 8-22-2006;  Research, draft, review, revise, file  [75] Plaintiffs' 8/25/2006 Notice of filing article "Urge investigacion por discrimen en lanchas," Endi, Tuesday, August 22, 2006.  Receipt and review [no dkt #] Endorsed Order taking notice of [75].  Corr to experts Chapman, & Norkunas regarding status update. T/C expert Chapman; T/C expert Norkunas.  T/C between plaintiffs' counsel. | 1.25 |
| 8/23/2006 | Commence research, draft, review, revise, plaintiffs' request for mandatory judicial notice of U.S. Coast Guard Vessel Documentation Database Vessel Name Query.  T/C between Plaintiffs' counsel. | 3.75 |
| 08/24/2006 | Finalize research, draft, review, revise, file  [76] plaintiffs' 8/24/2006 request for mandatory judicial notice of U.S. Coast Guard Vessel Documentation Database Vessel Name Query. | 1.75 |
| 08/25/2006 | Commence Research, draft, review, revise, Plaintiffs' motion to amend complaint by interlineation to add class claim allegations with attached proposed amendments. | 7.50 |
|  | \Receipt and review [78] defendants' motion for leave to orally respond to [73], [74], and [77] or in the alternative granting an additional 10 days to respond.  Calendar.  Update database.  Exchange corr between plaintiffs' counsel; exchange corr expert Chapman; exchange corr expert Norkunas..T/C between plaintiffs' counsel. |  |
| 8/26/2008 | Continue research, draft, review, revise, Plaintiffs' motion to amend complaint by interlineation to add class claim allegations with attached proposed amendments. | 5.75 |
| 8/28/2008 | Finalize, review, revise, file  [77] Plaintiffs' 8/28/2006 motion to amend complaint by interlineation to add class claim allegations with attached proposed amendments. | 5.00 |
| 8/29/2006 | T/C between Plaintiffs counsel. | 0.25 |
| 8/30/2006 | Corr to & T/C with expert Chapman concerning class claim allegations, vessel ownership.  T/C between Plaintiffs counsel. | 1.25 |
| 09/05/2006 | Receipt and review [79] telephone conference report and order concerning telephone conference held on 8/29/2006.  Parties were instructed to communicate and attempt to informally solve factual and discovery issues prior to filing motions with the court. Accordingly, all pending motions are denied without prejudice. [78] defendants' motion for leave to argue or file a reply, is deemed moot in view of today's telephone conference. Motions terminated: [76] plaintiffs' request for mandatory judicial notice, [10] defendants' motion to dismiss/lack of jurisdiction, [63] plaintiffs' motion requesting order, [67] defendants' motion to strike [63] plaintiff's motion, [78] first motion for leave to argue or file reply, [60] defendants' motion for judgment on the pleadings, [66] plaintiffs' motion to compel defendants to provide rule 26(a) initial disclosures, [74] plaintiffs' motion for judgment on the pleadings, [71] motion to compel defendants cooperation in connection with plaintiffs' rule 34 inspections of defendants' vessels and shore side facilities, [64] plaintiffs' motion to compel defendants to produce documents, [65] plaintiffs' amended motion to compel, [77] Plaintiffs' motion to amend complaint by interlineation to add class claim allegations. Requiring the parties to within ninety (90) days submit to the court a stipulation clearly identifying the deficiencies within the ports system that are to be corrected (vessels and piers) and time frame in which compliance will be achieved.  Calendar.  Update database.  Corr experts Chapman and Norkunas regarding [79] telephone conference report and order.  T/C between plaintiffs' counsel | 2.00 |
| 09/09/2006 | Receipt and review corr from defense counsel Pedro Melendez, Esq., regarding Rule 34 inspections of vessels and shore side facilities; T/C expert Chapman; T/C between plaintiffs' counsel | 1.50 |
| 9/11/2006 | T/C with defense counsel Pedro E. Ruiz Melendez, Esq., regarding information for Rule 34 inspections of vessels and shore side facilities; Receipt and review corr from David Chapman regarding the information he requires in advance of the Rule 34 inspections; T/C expert Chapman. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 4.25 |
| 9/12/2006 | T/C with and corr to defense counsel Pedro Melendez, Esq., requesting information, coordination, and dates for Rule 34 inspections of vessels and shore side facilities ; T/C expert Chapman; T/C between plaintiffs' counsel | 1.75 |

| | | |
|---|---|---|
| 9/13/2006 | Exchange of corr with defense counsel Pedro E. Ruiz Melendez, Esq., regarding information for Rule 34 inspections of vessels and shore side facilities; T/C expert Chapman; T/C expert Umpierre; T/C between plaintiffs' counsel | 0.31 |
| 9/15/2006 | Corr to defense counsel Pedro Melendez, Esq., regarding information, coordination, and dates pertaining to Rule 34 inspections of vessels and shore side facilities; T/C expert Chapman; T/C between plaintiffs' counsel | 1.50 |
| 9/17/2006 | Corr to expert Norkunas pertaining to Rule 34 inspections of vessels and shore side facilities; T/C expert Norkunas | 0.25 |
| 9/18/2006 | Exchange of corr between expert Chapman, plaintiffs' counsel, defense counsel Pedro E. Ruiz Melendez, Esq., expert Norkunas, between plaintiffs' counsel; Review file prepare, revise listing of vessels and shore side facilities to be inspected; T/C expert Chapman; T/C expert Umpierre; T/C expert Norkunas; T/C between plaintiffs' counsel. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 5.25 |
| 9/19/2006 | Corr to defense counsel Pedro E Ruiz-Melendez Esq., re Rule 34 inspections, Rule 26 disclosures, communications between experts. | 0.50 |
| 9/20/2006 | Exchange of corr between experts Chapman, Norkunas, Plaintiffs' counsel; T/C expert Chapman; T/C expert Umpierre; T/C expert Norkunas; T/C between plaintiffs' counsel. Research Bristol Harbor web site, including Project 05484 -Passenger Only Ferry and Cargo / Passenger Ferry for Puerto Rico Maritime Transportation Authority (Fajardo, Puerto Rico)". Juan Cirino, the Executive Director of Puerto Rico Maritime Transportation Administration (PRMTA) | 2.25 |
| 9/21/2006 | Corr from defense counsel Pedro E. Ruiz Meléndez, Esq., regarding vessels on Fajardo-Vieques-Culebra route; Exchange of correspondence with defense counsel Edelmiro Salas, Esq., regarding communications between experts; Corr to expert Norkunas regarding Ferry Terminal Services Facilities data, Ferry Terminal Facilities list of Projects. Research: 48 U.S.C. §864; Meyer v. Nebraska, 262 U.S. 390, 401 (1923); United States v. Valentine, 288 F. Supp. 957, 962 (D.P.R. 1968); United States v. Morales-Madera, 352 F.3d 1, 8 (1st Cir. 2003); | 4.50 |
| 9/22/2006 | Exchange of corr with defense counsel concerning list of vessels for inspection; corr to Edelmiro Salas regarding communications between experts; Receipt and review corr from expert Norkunas, regarding communications between experts and vessel list; T/C expert Chapman; T/C expert Norkunas. T/C between plaintiffs' counsel. | 2.50 |
| 9/25/2006 | Exchange of corr with expert Chapman concerning inspection of vessels and shoreside facilities. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.25 |
| 9/27/2006 | Corr to expert Chapman concerning inspection of vessels and shoreside facilities | 0.25 |
| 9/30/2006 | Receipt and review letter from Pedro E. Melendez Ruiz concerning joint report to the court, vessel inspections and enclosing seven page 9-29-2006 letter from defense expert Greg Beers to Pedro E. Melendez Ruiz concerning information regarding vessel inspections; Corr to expert Chapman regarding same. T/C Chapman. T/C between plaintiffs' counsel | 2.75 |
| 10/2/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |

| Date | Description | Hours |
|---|---|---|
| 10/2/2006 – 10/11/2006 | Commence research, draft, review, revise, joint status report pursuant to the [79] 9/5/2006 order requiring inspections of vessels and shoreside facilities as required by [79] Minute, Telephone Conference, and order.  Attached exhibits Plaintiffs' Composite Exhibits# 2 Exhibit Defendants' Composite Exhibits.  correspondence to defense counsel dated 6-29-2006 regarding Rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (6-29-2006) regarding rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (7-7-2006) SECOND REQUEST regarding rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (7-10-2006) THIRD REQUEST regarding rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (9-12-2006) requesting information, coordination, and dates for rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (9-13-2006) requesting information for rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (9-15-2006) requesting information for rule 34 inspections of vessels and shore side facilities; letter to pedro melendez, esq. (9-19-2006) regarding rule 34 inspections of vessels and shore side facilities; DSC letter to Tucker 9-11-06; DSC Letter to Pedro E  Ruiz-Melendez Esq dated 9-18-06; DSC Letter to Edelmiro Antonio Salas-Gonzalez Esq dated 9-18-06; DSC Letter to W  Tucker Esq dated 10-9-06; email to pedro melendez, esq. (10-2-06) re draft status report pursuant to 10-2-06 conversation; letter to pedro melendez, esq. (10-4-06) from greg beers @ bristol harbor marine design; letter to tucker (9-13-06) from pedro ruiz; email to ruiz, et al. (9-18-06) re experts conferring; email to ruiz re rule 34 inspections of vessels etc.; email to ruiz (10-4-06) re unilaterally scheduled itinerary; email from ruiz (9-21-06) re umpierre v puertos; email from ruiz (9-21-06) re umpierre v puertos; listing of vessels, type, passenger capacity, build date; email from ruiz (9-30-06) re umpierre v atm;prpa; letter to david chapman from greg beers @ bristol harbor marine design (9-29-06). Exchange numerous corr with defense counsel; Exchange numerous corr with expert Chapman; exchange numerous corr between Plaintiffs' counsel; Numerous T/C defense counsel; Numerous T/C expert Chapman (7); Numerous T/C expert Norkunas (4); Numerous T/C between plaintiffs' counsel (15). | 7.25 |
| 10/16/2006 | Receipt and review Corr from defense counsel Pedro E. Ruiz Melendez, Esq., in response to 10-4-2006 corr from plaintiffs' counsel forwarding 10-9-2006 corr from expert Chapman regarding dates available for vessel inspections.  T/C expert Chapman; T/C between Plaintiffs' counsel. | 1.75 |
| 10/23/2006 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/25/2006 | Corr defense counsel re final demand that they provide information required by plaintiffs' experts for inspection of shoreside facilities.  T/C expert Chapman; T/C between Plaintiffs' counsel. | 1.50 |
| 10/27/2006 | Exchange corr defense counsel concerning Rule 34 inspections; Exchange corr expert Norkunas concerning Rule 34 inspections; T/C expert Chapman; T/C between Plaintiffs' counsel. | 2.25 |
| 10/28/2006 | Receipt and review corr expert Norkunas concerning inspections shoreside facilities; Receipt and review corr Pedro E. Ruiz Melendez, Esq., concerning inspections shoreside facilities.  T/C expert Norkunas; T/C between Plaintiffs' counsel. | 1.25 |
| 10/30/2006 | Receipt and review Corr from expert Chapman regarding Rule 34 vessel inspections; Receipt and review corr Pedro E. Ruiz Melendez, Esq., concerning inspections.  T/C expert Chapman; T/C between plaintiffs' counsel | 1.50 |
| 10/31/2006 | Research, draft, review, revise, memo of law concerning vessel accessibility standards Corr expert Chapman regarding Rule 34 vessel inspections vessel accessibility standards; corr Pedro E. Ruiz Melendez, Esq., concerning inspections.  T/C expert Chapman; T/C between plaintiffs' counsel | 7.75 |
| 11/14/2006 | Exchange corr defense counsel concerning itinerary for Rule 34 inspections, information concerning vessel construction.  T/C expert Chapman.  T/C between plaintiffs' counsel. | 3.00 |
| 11/19/2006 | Receipt and review corr expert Chapman concerning Rule 34 inspections.  T/C expert Chapman; T/C between plaintiffs' counsel. | 0.75 |
| 11/21/2006 | Exchange corr between plaintiffs' counsel regarding inspections.  T/C between plaintiffs' counsel. | 0.75 |
| 11/28/2006 | Receipt and review [81] Order taking notice of [80] first joint status report, and requiring parties to submit by 12/8/06 a proposed agreed Order setting the inspection of vessels and shoreside facilities, specifying the persons/entities to conduct the inspection, the period oftime during which the inspection will be carried out, vessels and facilities to be inspected.  Calendar.  Update database. Corr to defense counsel Pedro E. Ruiz Meléndez, Esq., regarding vessel inspections; Receipt and review corr expert Chapman regarding  Draft Inspection Schedule.  T/C between plaintiffs' counsel and expert Chapman. | 1.75 |

| | | |
|---|---|---|
| 11/29/2006 | Corr to expert Chapman; Receipt and review corr from defense counsel Pedro E. Ruiz Melendez, Esq.  T/C expert Chapman; T/C between plaintiffs' counsel | 1.75 |
| 12/1/2006 | T/C expert Chapman; T/C expert Umpierre; T/C between plaintiffs' counsel | 1.25 |
| 12/4/2006 | T/C expert Chapman; T/C between plaintiffs' counsel.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.00 |
| 12/6/2006 | T/C expert Chapman; T/C expert Umpierre; T/C between plaintiffs' counsel | 0.50 |
| 12/8/2006 | Research, draft, review, revise, file [82] Plaintiffs' informative motion in compliance with [81] as to vessel inspections and shoreside inspections with proposed order attached; draft, review, revise, plaintiffs' first request for production to all defendants Served 12-8-2006Exchange corr defense counsel Pedro E. Ruiz Melendez, Esq., concerning inspections, and proposed order.  T/C expert Chapman; T/C between plaintiffs' counsel | 4.50 |
| 12/9/2006 | Corr defense counsel Pedro E. Ruiz Melendez, Esq., concerning inspections.  T/C expert Chapman; T/C expert Umpierre; T/C between plaintiffs' counsel | 1.75 |
| 12/9/2006 - 12/14/2006 | RULE 34 INSPECTIONS OF DEFENDANTS' VESSELS AND SHORE SIDE FACILITIES Numerous meetings client, experts Chapman & Umpierre, Numerous T/C between Plaintiffs' counsel; exchange of numerous corr between plaintiffs' counsel | 6.25 |
| 12/10/2006 | Receipt and review [83] Defendants' first motion in Compliance With Court Order.  Calendar.  Update data base.  T/C experts Chapman, Umpierre; T/C between Plaintiffs' counsel. | 1.50 |
| 12/20/2006 | Receipt and review [84] Order noting [82] Plaintiffs' Informative Motion.  Calendar.  Update database. | 0.25 |
| 1/8/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/13/2007 | Corr to expert Chapman concerning inspection reports.  T/C expert Chapman; T/C between plaintiffs' counsel | 0.75 |
| 1/14/2007 | T/C between plaintiffs' counsel | 0.25 |
| 1/21/2007 | T/C between plaintiffs' counsel | 0.50 |
| 1/26/2007 | Corr to expert Chapman concerning inspection reports.  T/C expert Chapman; T/C between plaintiffs' counsel | 0.50 |
| 1/27/2007 | Corr to expert Chapman concerning U.S. DOT Notice of Proposed Rulemaking; Corr defense counsel Pedro E. Ruiz Meléndez; Research U.S. DOT Notice of Proposed Rulemaking.  T/C between Plaintiffs' counsel | 3.25 |
| 02/05/2007 | Research, draft, review, revise, file  [85] Plaintiffs' 2/5/2007 for extension of time until 3-1-2007 to prepare expert reports of inspections of defendants' ferry vessels and shore side facilities.  T/C expert Chapman; T/C expert Umpierre; T/C between plaintiffs' counsel.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 2.50 |
| 02/08/2007 | Receipt and review [86] Order granting [85] plaintiffs' motion for extension of time and allowing plaintiffs until 2/28/2007 in which to submit their expert reports.  Calendar.  Update database. T/C plaintiffs' counsel.  T/C expert Chapman. | 1.25 |
| 2/9/2007 - 2/18/2007 | Receipt and review draft and final vessel inspection accessibility reports, exchange numerous corr expert Chapman concerning reports, suggested revisions; exchange corr expert Umpierre; Research draft memos concerning various accessibility issues, standardization of report format; Numerous T/C between Plaintiffs' counsel; numerous T/C Chapman; Final reports identified as follows:  Report DSC070213 ATLANTIS 2-13-07, Report DSC070217 CAYO NORTE 2-17-07, Report DSC070210 CULEBRA II 2-10-07 V3, Report DSC070214 FAJARDO II 2-14-07, Report DSC070216 ISLENO 2-16-07 , Report DSC070218  VIEJO SAN JUAN 2-18-07, Report DSC070212 VIEQUES II 2-12-07 V2 | 7.75 |
| 2/19/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| 2/22/2007 -<br>2/28/2007 | Receipt and review draft and final vessel inspection accessibility reports, exchange numerous corr experts Umpierre and Chapman concerning reports, suggested revisions; Research, draft memos concerning various accessibility issues, standardization of report format; Numerous T/C between Plaintiffs' counsel; numerous T/C experts Umpierre and Chapman; Final reports identified as follows: Report JAU-DSC070228 CATANO TERMINAL 2-28-07, Report JAU-DSC070224 CULEBRA TERMINAL 2-24-07, Report JAU-DSC070223 FAJARDO TERMINAL 2-23-2007, Report JAU-DSC070226, HATO REY TERMINAL 2-26-07, Report JAU-DSC070227 OLD SAN JUAN TERMINAL 2-27-07, Report JAU-DSC070225 VIEQUES TERMINAL 2-25-07 | 6.75 |
|---|---|---|
| 2/26/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 3/1/2007 -<br>3/4/2007 | Exchange of numerous corr between plaintiffs' counsel and with experts Chapman and Umpierres concerning reports of accessible route issues at shoreside terminal facilities; Numerous T/C between plaintiffs' counsel and experts Umpierre and Chapman concerning same; Receipt and review multiple draft reports and final Report: Ferry Terminal Facility Accessibile Route Report Report JAU/DSC 070304 3-4-2007.  Research accessible route issues: e.g., Appendix A to 49 C.F.R. Part 37, titled "Standards for Accessible Transportation Facilities" (ADAAG); 2004 Harris Survey of Americans with Disabilities, Chap. 6, Transportation, pp.71-75 (Judicially Noticed by [52] the 3-10-2006, Order Taking Judicial Notice) | 3.25 |
| 3/5/2007 | Exchange of corr between plaintiffs' counsel and with experts Chapman and Umpierres concerning reports of accessible route issues at shoreside terminal facilities; Numerous T/C between plaintiffs' counsel and experts Umpierre and Chapman concerning same | 4.00 |
| 3/8/2007 | Corr expert Chapman concerning supplemental report concerning accessible routes; Receipt and review draft supplemental report; T/C between plaintiffs' counsel regarding reports; T/C expert Chapman regarding same. | 2.75 |
| 3/9/2007 | Receipt and review [87] Defendants' 3/9/2007 Informative motion regarding plaintiff's failure to comply with court order;  Finalize review, revise, file: ** [88] Plaintiffs' 3/9/2007 informative motion regarding compliance with court order and filing expert reports: reports concerning  seven of defendants' ferrys and six of defendants' ferry terminals;  ** [89] Plaintiffs' 3/9/2007 NOTICE #1 of Filing Expert Reports - Ferry Vessel Atlantis: Chapman Report # DSC070213;  ** [90] Plaintiffs' 3/9/2007 Notice #2 of Filing Expert Reports - Ferry Vessel Cayo Norte, Chapman Report #: DSC070217;  ** [91] Plaintiffs' 3/9/2007 Notice #3 of Filing Expert Reports - Ferry Vessel Culebra II, Chapman Report #: Report DSC070210 ;  ** [92] Plaintiffs' 3/9/2007 Notice #4 of Filing Expert Reports - Ferry Vessel Fajardo II, Chapman Report #: DSC070214;  ** [93] Plaintiffs' 3/9/2007 Notice #5 of Filing Expert Reports - Ferry Vessel Isleno Chapman  Report #: DSC070216;  ** [94] Plaintiffs' 3/9/2007 Notice #6 of Filing Expert Reports - Ferry Vessel Viejo San Juan Chapman  Report #: DSC0702168;  ** [95] Plaintiffs' 3/9/2007 NOTICE #7 OF FILING EXPERT REPORTS - FERRY VESSEL VIEQUES II Chapman Report #: DSC070212; | 5.75 |
| 3/10/2007 | T/C expert Chapman; Receipt and review final Report: Ferry Terminal Facility Accessibile Route Summary/Supplement Report # JAU/DSC 0703 3-10-2007; F inalize, review, file: **  [96] Plaintiffs' 3/10/2007 Notice #8 of Filing Expert Reports - Ferry Terminal at Catano Umpierre/Chapman Report #: JAU-DSC070228;  ** [97] Plaintiffs' 3/10/2007 Notice #9 of Filing Expert Reports - Ferry Terminal at Culebra Umpierre/Chapman Report #:  JAU-DSC070224;  ** [98] Plaintiffs' Notice #10 of Filing Expert Reports - Ferry Terminal at Fajardo Umpierre/Chapman Report #:   JAU-DSC070223;  ** [99] Plaintiffs' Notice #11 of Filing Expert Reports - Ferry Terminal at Hato Rey Umpierre/Chapman Report #:   JAU-DSC070226;;  ** [100] Plaintiffs' 3/10/2007 Notice #12 of Filing Expert Reports - Ferry Terminal at Old San Juan Umpierre/Chapman Report #: JAU-DSC070227;  ** [101] Plaintiffs' 3/10/2007 Notice #13 OF FILING EXPERT REPORTS - FERRY TERMINAL AT VIEQUES  Umpierre/Chapman Report #: JAU-DSC070225;  ** [102] Plaintiffs' 3/10/2007 Notice #14 of Filing Expert Reports - Accessible Routes at Ferry Terminals Umpierre/Chapman Report #: JAU/DSC 070304;  ** [103] Plaintiffs' 3/10/2007 NOTICE #15 OF FILING EXPERT REPORTS - SUPPLEMENTAL REPORT ACCESSIBLE ROUTES AT FERRY TERMINALS. Umpierre/Chapman Report #: JAU/DSC 070310; | 4.00 |
| 3/18/2007 | T/C between Plaintiffs' counsel | 0.50 |
| 3/19/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 3/20/2007 | Review, revise, proposed consent decree.  T/C between plaintiffs' counsel.  Exchange of corr with defense counsel Pedro E. Ruiz Meléndez, Esq. | 3.75 |

| | | |
|---|---|---|
| 3/24/2007 | T/C between plaintiffs' counsel.  Review, revise, proposed consent decree | 3.50 |
| 3/25/2007 | T/C between plaintiffs' counsel.  Review, revise, proposed consent decree | 4.50 |
| 3/26/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status ; T/C between plaintiffs' counsel expert Umpierre concerning proposed consent decree | 3.00 |
| 03/27/2007 | Finalize review, revise, file  [104] Plaintiffs' 3/27/2007 Informative Motion Regarding Their Attempts to Comply with [79] the 9-5-2006 Order Requiring the Parties to Reach Agreement; Research, draft, review, revise, file  [105] Plaintiffs' 3/27/2007 Motion Status Conference; Exchange of corr with defense counsel Pedro E. Ruiz Meléndez, Esq.  T/C between plaintiffs' counsel. | 5.75 |
| 03/30/2007 | Receipt and review [106] Defendants' Response to [104] Plaintiffs' Informative Motion Regarding Their Attempts to Comply with [79] the 9-5-2006 Order Requiring the Parties to Reach Agreement.  T/C between Plaintiffs' counsel. | 0.75 |
| 4/8/2007 | T/C between plaintiffs' counsel | 0.25 |
| 4/9/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 4/15/2007 | T/C between plaintiffs' counsel | 0.25 |
| 4/16/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 4/19/2007 | Corr defense counsel Pedro E. Ruiz Meléndez, Esq., Receipt and review [107] Order taking notice of [87] and [88]; taking note of [104] and [106], requiring defendants to evaluate plaintiffs' proposals and expert reports, and granting [105] plaintiffs' motion for status conference, setting status conference for June 15, 2007.  Calendar.  Update database.  T/C between plaintiffs' counsel. | 1.75 |
| 5/6/2007 | T/C between plaintiffs' counsel | 0.25 |
| 5/9/2007 | Corr defense counsel Pedro E. Ruiz Meléndez, Esq.  T/C between plaintiffs' counsel | 0.75 |
| 5/13/2007 | T/C between plaintiffs' counsel | 0.25 |
| 5/20/2007 | T/C between plaintiffs' counsel | 0.25 |
| 5/27/2007 | T/C between plaintiffs' counsel | 0.25 |
| 6/4/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 6/8/2007 | Receipt and review reports of Greg Beers dated 6/8/2007 of ferry vessels: M/V Culebra II & M/V Vieques II, M/V Cayo Norte & M/V Isleño, M/V Atlantis, M/V Fajardo II, M/V Viejo San Juan; Corr expert Chapman; T/C expert Chapman; T/C between plaintiffs' counsel | 2.50 |
| 6/9/2007 | Continue review reports of Greg Beers dated 6/8/2007 of ferry vessels: M/V Culebra II & M/V Vieques II, M/V Cayo Norte & M/V Isleño, M/V Atlantis, M/V Fajardo II, M/V Viejo San Juan; Corr expert Chapman; T/C expert Chapman | 3.25 |
| 6/10/2007 | T/C between plaintiffs' counsel regarding Beers' reports | 0.75 |
| 6/11/2007 | Continue review reports of Greg Beers dated 6/8/2007 of ferry vessels: M/V Culebra II & M/V Vieques II, M/V Cayo Norte & M/V Isleño, M/V Atlantis, M/V Fajardo II, M/V Viejo San Juan. Corr expert Chapman; T/C expert Chapman; T/C between plaintiffs' counsel | 2.75 |
| 6/13/2007 | Receipt and review corr expert Chapman concerning reports of Greg Beers dated 6/8/2007 of ferry vessels: M/V Culebra II & M/V Vieques II, M/V Cayo Norte & M/V Isleño, M/V Atlantis, M/V Fajardo II, M/V Viejo San Juan. T/C expert Chapman.  T/C between plaintiffs' counsel | 3.25 |
| 6/14/2007 | Receipt and review corr expert Chapman concerning 6/14/2007 invoice for PRPA Accessibility Surveys, Analyses, and Reports. T/C expert Chapman. | 0.50 |
| 6/15/2007 | Preparation for and attendance at status conference.  T/C experts Chapman Umpierre | 4.50 |

| Date | Description | Hours |
|---|---|---|
| 6/19/2007 | Corr defense counsel Pedro E. Ruiz Meléndez, Esq., that reports of shoreside inspections not yet received, despite representation at 6-15-2007 hearing that they had been served, 6/19/2007 order. Receipt and review [108] Minute Entry for proceedings held before Judge Aida M. Delgado-Colon. A Status Conference was held on 6/15/2007. Experts for both parties are willing to meet and engage in further evaluation of the case. Since a date for such meeting has not been agreed upon, the Court grants until 7/2/2007, for them to meet. Thereafter, the parties are granted until 8/3/2007, to submit an Informative Motion clearly and specifically outlining the areas of disagreement and areas in which an agreement has been achieved. By 9/13/2007, the parties are to file an Informative Motion outlining as to which areas of the proposed Consent Decree they have reached an agreement and those still in dispute. In order to evaluate areas in dispute, an Evidentiary Hearing is set for 10/9/2007 at 9:30 AM before Judge Aida M. Delgado-Colon. Calendar. Update database. T/C expert Chapman. T/C between plaintiffs' counsel. | 1.25 |
| 06/22/2007 | Research, draft, review, revise, file [109] Plaintiffs' 6/22/2007 Informative Motion Regarding Defendants' Failure to Provide Plaintiffs with Defendants' Reports on Shore Side Facilities; Corr to Pedro E. Ruiz Meléndez, Esq.. T/C experts Chapman Umpierre. T/C between plaintiffs' counsel. | 1.50 |
| 6/23/2007 | Exchange of corr between plaintiffs' counsel and expert Chapman concerning delay in receipt of defense shore side facilites inspection reports. T/C between plaintiffs' counsel. | 0.75 |
| 6/24/2007 | Receipt and review corr expert Chapman regarding PRMTA (Beers) letters of June 8, 2007. T/C expert Chapman. T/C between plaintiffs' counsel. | 0.75 |
| 6/25/2007 | Exchange of corr between plaintiffs' counsel defense counsel concerning reports of inspections shore side; Receipt and review Escobar report #1 dated 6-15-2007; Escobar report #2 dated 6-15-2007. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 3.50 |
| 6/26/2007 | Continue review Escobar report #1 dated 6-15-2007; Escobar report #2 dated 6-15-2007. Receipt and review corr experts Umpierre and Chapman, regarding analysis shoreside terminals; Corr between plaintiffs' counsel; receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq.; T/C expert Chapman re same; T/C between plaintiffs' counsel | 4.25 |
| 7/1/2007 | T/C between plaintiffs' counsel | 0.25 |
| 7/9/2007 | Receipt and review corr expert Chapman enclosing annotations to reports; T/C expert Chapman. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 3.00 |
| 7/13/2007 | Receipt and review corr expert Chapman enclosing materials on ferries built for the ports authority | 0.50 |
| 7/16/2007 | Receipt and review corr expert Chapman areas of agreement disagreement. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 2.75 |
| 7/22/2007 | T/C between plaintiffs' counsel | 0.25 |
| 7/29/2007 | T/C between plaintiffs' counsel | 0.25 |
| 8/1/2007 – 8/7/2007 | Research, draft, review, revise, file [113] 8/7/2007 Joint Informative Motion Regarding Notification by All Parties of Areas of Agreement and Disagreement pursuant to [108] Order on 6/15/2007 status conference.<br><br>Exchange of corr with defense counsel regarding areas of agreement and disagreement as to ferry vessels and shore side facilities; Exchange of corr with experts Beers, Chapman and Umpierre regarding areas of agreement and disagreement as to ferry vessels and shore side facilities; T/C experts Chapman and Umpierre regarding areas of agreement and disagreement as to ferry vessels and shore side facilities. T/C between Plaintiffs' counsel. | 7.25 |
| 8/2/2007 | Receipt and review [112] 8/2/2007 Order noting [110] Plaintiffs' Notice of Filing Reports of Defendants' Expert Greg Beers Pertaining to Defendants' Vessels. Calendar. Update Data base. | 0.25 |
| 8/4/2007 | Exchange of corr with defense counsel regarding areas of agreement and disagreement as to ferry vessels and shore side facilities; Exchange of corr with experts Beers, Chapman and Umpierre regarding areas of agreement and disagreement as to ferry vessels and shore side facilities; T/C experts Chapman and Umpierre regarding areas of agreement and disagreement as to ferry vessels and shore side facilities. T/C between Plaintiffs' counsel. | 2.50 |
| 8/6/2007 | T/C between plaintiffs' counsel | 0.25 |

| Date | Description | Hours |
|------|-------------|-------|
| 8/7/2007 | Finalize research, review, revise, file [113] 8/7/2007 Joint Informative Motion Regarding Notification by All Parties of Areas of Agreement and Disagreement pursuant to [108] Order on 6/15/2007 status conference.  T/C expert Chapman.   T/C expert Umpierre | 6.50 |
| 8/12/2007 | T/C between plaintiffs' counsel | 0.25 |
| 8/13/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 8/19/2007 | T/C between plaintiffs' counsel | 0.25 |
| 8/20/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 8/23/2007 | Receipt and review [114] ORDER noted [113] INFORMATIVE motion.  Calendar.  Update database.  Receipt and review corr expert Chapman concerning Accessibility Surveys, Analyses, and Reports, 8/23/2007 invoice.   T/C expert Chapman.  T/C between plaintiffs' counsel | 0.75 |
| 8/26/2007 | T/C between plaintiffs' counsel | 0.25 |
| 9/2/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Review reports of Chapman, Umpierre, Beers, Escobar.  Review, revise, plaintiffs' trial witness list and exhibit list.  Revise consent decree.  Corr defense counsel concerning areas of agreement and disagreement concerning Consent Decree.  Conf. Trial graphics consultant.  Exchange corr between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree.  T/C experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. | 2.25 |
| 9/6/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Review reports of Chapman, Umpierre, Beers, Escobar.  Draft, review, revise, plaintiffs' trial witness list and exhibit list.  Revise consent decree.  Corr defense counsel concerning areas of agreement and disagreement concerning Consent Decree.  Exchange corr between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. | 2.25 |
| 9/9/2007 | T/C between plaintiffs' counsel | 0.25 |
| 9/10/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 9/14/2007 | Receipt and review [115] Defendants' motion for extension of time to file Consent Decree pursuant to [108] Order setting deadlines.  Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Review reports of Chapman, Umpierre, Beers, Escobar.  Draft, review, revise, plaintiffs' trial witness list and exhibit list.  Revise consent decree.  Corr defense counsel concerning areas of agreement and disagreement concerning Consent Decree.  Conf. Trial graphics consultant.  Exchange of corr between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. | 2.25 |
| 09/15/2007 | Receipt and review corr defense expert Beers that will make the upper decks of the M/V Culebra II and the M/V Vieques II, off limits to all passengers, rather than make them accessible to disabled passengers.  T/C expert Chapman.  T/C between plaintiffs' counsel. | 1.75 |
| 09/16/2007 | Exchange corr expert Chapman as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing.  T/C experts Chapman and Umpierre, and between Plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. | 1.25 |
| 09/17/2007 | Corr expert Chapman concerning 10/9/2007, evidentiary hearing, consent decree.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. | 1.25 |
| 09/20/2007 | T/C expert Umpierre  concerning preparation for 10/9/2007, evidentiary hearing T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. | 1.25 |

| | | |
|---|---|---|
| 9/21/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108]. Conf. Trial graphics consultant. T/C experts Chapman and Umpierre concerning evidentiary hearing and as to areas of agreement and disagreement concerning Consent Decree. T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. Exchange corr between plaintiffs' counsel expert Chapman concerning preparation for 10/9/2007, evidentiary hearing. | 5.50 |
| 9/24/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 9/28/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108]. Conf. Trial graphics consultant. Receipt and review 9/28/2007 report defense expert Beers  pertaining to accessible gangways in follow up to 29 jun telecon. T/C experts Chapman and Umpierre concerning evidentiary hearing and as to areas of agreement and disagreement concerning Consent Decree. T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. Exchange corr between plaintiffs' counsel expert Chapman concerning preparation for 10/9/2007, evidentiary hearing. | 5.50 |
| 9/30/2007 | Receipt and review corr defense counsel Pedro E Ruiz Melendez concerning vessels.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/9/2007, evidentiary hearing. Calendar.  Update database. | 0.75 |
| 10/1/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 10/2/2007 | Preparation for 10/9/2007 evidentiary hearing pursuant to [108].  Conf. Trial graphics consultant. Corr to defense counsel Pedro E. Ruiz Melendez, Esq. , Edelmiro Salas, Esq.  Receipt and review defense expert Beers' reports numbers 06497_020L-026L all dated 10/1/2007; T/C between plaintiffs' counsel and expert Chapman re Beer's reports and preparation for 10/9/2007 evidentiary hearing.  T/C between plaintiffs' counsel and expert Umpierre.  Calendar.  Update database. | 1.75 |
| 10/3/2007 | T/C  between plaintiffs' counsel and with experts Chapman and Umpierre regarding evidentiary hearing. | 1.00 |
| 10/4/2007 | Receipt and review [120] Order granting [119] joint motion for two week  continuance of the 10-9-2007 evidentiary hearing, and resetting for 10/24/2007 at 2:00 PM in Courtroom 1 before Judge Aida M. Delgado-Colon.  Receipt and review [121] defendants' motion for continuance of 10/24/2007 hearing.  Calendar.  Update database.  T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/24/2007, evidentiary hearing. | 1.25 |
| 10/5/2007 | T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 10/24/2007, evidentiary hearing. | 0.75 |
| 10/8/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 10/10/2007 | Receipt and review [123] Order cancelling 10/24/2007 evidentiary hearing.  Receipt and review [124] Order granting [122] plaintiffs' request for telephonic hearing.  T/C expert Chapman concerning evidentiary hearing.  T/C between plaintiffs' counsel concerning evidentiary hearing. | 2.25 |
| 10/15/2007 | Preparation for 12/20/2007, evidentiary hearing, conf. trial graphics consultant.  T/C between plaintiffs' counsel and experts Umpierre and Chapman as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/20/2007, evidentiary hearing.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 4.00 |
| 10/16/2007 | T/C between plaintiffs' counsel and experts Umpierre and Chapman as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/20/2007, evidentiary hearing. | 0.50 |
| 10/17/2007 | T/C between plaintiffs' counsel as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/20/2007, evidentiary hearing. | 0.50 |
| 10/22/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 10/28/2007 | T/C between plaintiffs' counsel | 0.25 |
| 10/31/2007 | Preparation for 12/20/2007 evidentiary hearing.  Research.  Receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/20/2007, evidentiary hearing. | 0.50 |

| | | |
|---|---|---|
| 11/2/2007 | Preparation for 12/20/2007 evidentiary hearing.  Research.  Receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 3.25 |
| 11/5/2007 | T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 1.25 |
| 11/7/2007 | T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 1.25 |
| 11/11/2007 | T/C between plaintiffs' counsel | 0.25 |
| 11/18/2007 | T/C between plaintiffs' counsel | 0.25 |
| 11/21/2007 | Receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq., regarding proposed revisions to proposed consent decree. Preparation for 12/20/2007 evidentiary hearing.  Research.  Receipt and review corr defense counsel Pedro E. Ruiz Melendez, Esq.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 1.00 |
| 11/22/2007 | Preparation for 12/20/2007 evidentiary hearing.  Research.  Review, evaluate, defendants' proposed revisions to consent decree..  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 0.75 |
| 11/25/2007 | T/C between plaintiffs' counsel | 0.25 |
| 11/27/2007 | Receipt and review [125] Report of 10/15/2007 Telephone and order.  Preparation for 12/11/2007 settlement conference and 12/20/2007 evidentiary hearing.  Research.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 5.75 |
| 11/28/2007 | T/C between plaintiffs' counsel concerning 12/11/2007, settlement conference and 12/20/2007, evidentiary hearing. | 0.50 |
| 11/30/2007 | Preparation for 12/20/2007 evidentiary hearing.  Research.  Review, evaluate, defendants' proposed revisions to consent decree.  Corr between Plaintiffs' counsel and expert Chapman concerning 12/11/2007, settlement conference and 12/20/2007, evidentiary hearing.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, preparation for 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 2.50 |
| 12/1/2007 | Preparation for 12/20/2007 evidentiary hearing.  Research.  Review, evaluate, defendants' proposed revisions to consent decree.  Corr between Plaintiffs' counsel and expert Chapman concerning 12/11/2007, settlement conference and 12/20/2007, evidentiary hearing.  T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 3.75 |
| 12/2/2007 | Exchange of corr between plaintiffs' counsel concerning 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing.  T/C between plaintiffs' counsel concerning 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 0.75 |
| 12/3/2007 | Receipt and review exchange of corr between expert Chapman and defense expert Beers.  Exchange of corr expert Chapman concerning. T/C expert Chapman.  Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |

| | | |
|---|---|---|
| 12/4/2007 | Receipt and review [126] Defendants' 12/4/2007 informative motion concerning revisions to consent decree (referenced attachment not attached). Receipt and review [127] 12/7/2007 Order noting [126]. Calendar. Update database. Preparation for 12/11/2007 and 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. Corr between Plaintiffs' counsel and experts Chapman and Umpierre concerning 12/11/2007, settlement conference and 12/20/2007, evidentiary hearing. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 3.00 |
| 12/9/2007 | Preparation for 12/11/2007 and 12/20/2007 evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. Corr between Plaintiffs' counsel and experts Chapman and Umpierre concerning 12/11/2007, settlement conference and 12/20/2007, evidentiary hearing. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, 12/11/2007 settlement conference and 12/20/2007, evidentiary hearing. | 5.75 |
| 12/11/2007 | Preparation for and attendance at settlement conference. Conf defendants' and defense counsel, conf between plaintiffs' counsel and expert Chapman. Revise consent decree. Corr defense counsel Pedro E. Ruiz Melendez, Esq., regarding final proposal consent decree. Conf. Clients. | 10.00 |
| 12/12/2007 | Preparation for 12/20/2007 final evidentiary hearing. Research. Review, evaluate, defendants' proposed revisions to consent decree. Exchange of corr between plaintiffs' counsel and experts Umpierre and Chapman as to areas of agreement and disagreement concerning Consent Decree, and 12/20/2007, evidentiary hearing. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, and 12/20/2007, evidentiary hearing. Receipt and review corr defense counsel regarding consent decree | 5.75 |
| 12/14/2007 | Receipt and review [128] 12/14/2007 report of 12/11/2007 conference and order. Calendar. Update database. Draft, revise, file [129] Plaintiffs' 12/14/2007 informative motion regarding [128] conference report and order and regarding plaintiffs readiness for the 12/20/2007 final evidentiary hearing. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, and 12/20/2007, evidentiary hearing. Preparation for 12/20/2007 final evidentiary hearing. | 4.50 |
| 12/17/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 12/18/2007 | Receipt and review [130] Order on [129] plaintiffs' informative motion and 12/18/2007 telephone conference; requiring that parties file final consent decree in next 5 working days. Calendar. Update database. T/C between plaintiffs' counsel and experts Chapman and Umpierre as to areas of agreement and disagreement concerning Consent Decree, | 0.25 |
| 12/20/2007 – 01/06/2008 | Finalize Consent Decree and Exhibits, review of proposed forms of listing of vessel modifications: Receipt and review corr between expert Chapman and defense expert Beers pertaining to various issues: Culebra II stability issues, emergency egress; no passengers on upper deck, Consent Decree exhibit, vessel modifications. Receipt and review exchange of corr expert Chapman regarding various matters: exhibit to Consent Decree, vessel modifications Enclosing vessel modification tables for inclusion in Consent Decree; Review of tables listing vessel modifications for M/V Atlantis, M/V Cayo Norte, M/V Culebra II, M/V Fajardo II, M/V Isleño, M/V Viejo San Juan, M/V Vieques. Exchange corr defense counsel Pedro E. Ruiz-Melendez, Edelmiro Antonio Salas-Gonzalez, Esq., regarding various matters: final revisions to consent decree, exhibit to Consent Decree, vessel modifications. Numerous T/C between plaintiffs' counsel and with experts Chapman and Umpierre. Numerous T/C with defense counsel Pedro E. Ruiz-Melendez, Edelmiro Antonio Salas-Gonzalez, Esq., concerningfinal version consent decree.Corr to Pedro E. Ruiz-Melendez, Edelmiro Antonio Salas-Gonzalez, Esq., David S. Chapman, P.E., Greg Beers, Carlos Mario Escobar, P.E., Jaime A. Umpierre, PE, enclosing final revisions to consent decree and exhibits | 9.75 |
| 12/24/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 12/31/2007 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 1/7/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.50 |
| 01/14/2008 | T/C between plaintiffs' counsel regarding [131] Plaintiffs' 1/14/2008 informative motion regarding consent decree. T/C between Plaintiffs' counsel. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.75 |

| Date | Description | Hours |
|------|-------------|-------|
| 01/15/2008 | Receipt and review [132] Order taking note of [131] plaintiffs' informative motion regarding consent decree. Calendar. Update database. | 0.25 |
| 1/20/2007 | T/C between plaintiffs' counsel | 0.25 |
| 1/21/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 1/27/2007 | T/C between plaintiffs' counsel | 0.25 |
| 1/28/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 0.38 |
| 02/2/2008 | T/C between Plaintiffs' counsel regarding [133] final consent decree and [134] Stipulation for entry of order approving, adopting, and ratifying consent decree. Exchange corr with defense counsel Pedro E. Ruiz-Melendez, Edelmiro Antonio Salas-Gonzalez, Esq., regarding stipulation for entry of order approving consent decree. | 2.75 |
| 2/4/2008 | Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | |
| 2/20/2008 | Receipt and review [135] order approving, adopting and ratifying consent decree dated 2-6-2006, filed 2-20-2008. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status | 1.75 |
| 2/26/2007 | T/C between plaintiffs' counsel | 0.25 |
| 2/27/2008 | Receipt and review [136] final judgment. Conf. Client regarding accessibility issues of ferry vessels, terminals, and case status. | 1.75 |
| 3/13/2008 | Review, revise Motion for Fees; Bill of Costs. T/C between plaintiffs' counsel | 2.50 |
| 3/14/2008 | Review, revise, finalize, file [137] Bill of Costs; and [138] Motion for costs. Continue work on motion for fees | 8.50 |
| 3/15/2008 | Continue work on motion for fees | 8.50 |
| 3/16/2008 | Continue work on motion for fees | 6.00 |
| 3/17/2008 | Review, revise, finalize, file [139] motion for fees | 8.50 |
| | | ===== |
| | TOTALS | 703.76    $211,128.00 |

D:\transfers\__Ports Authority\TIME AND COSTS\TUCKER time.wpd

# EXHIBIT 3

CV of Attorney Lorenzo J. Palomares-Starbuck

# LORENZO J. PALOMARES, ESQ.

| | | |
|---|---|---|
| 2005 | ***Thomas Jefferson School of law*** | |
| | LLM International law | |

2002        ***Saint Thomas University, School of Law***
             LLM International Taxation

1998        ***Northwestern California University, School of Law***,
             Juris Doctor

1987        ***Western State  University***,
             Master in Business Administration

1986         ***Western State University,***
             Bachelor in Business Administration

## LICENSES

# 213640        State Bar Of California
# 503044        District of Columbia State Bar
# 218017        USDC-PR
# LP0254        United States Tax Court

- Admitted
  - ❖ The United States Supreme Court
  - ❖ The Supreme Court of The State Of California
  - ❖ All of State of California Courts
  - ❖ District of Columbia Court of Appeals
  - ❖ United States District Court Central District of California
  - ❖ United States District Court District of Puerto Rico
  - ❖ United States Court Of International Trade
  - ❖ United States Tax Court
  - ❖ United State Court of Appeals 11th, 9th, 1st, 2nd., 3rd. Federal Circuit
  - ❖ American Bar Association # 66399884
  - ❖ National Association of Criminal Defense Lawyers
  - ❖ Association of Trial Lawyers of America # 0221580
  - ❖ Federal Bar Association
  - ❖ Los Angeles County Bar Association
  - ❖ San Fernando Valley Bar Association

## **EXPERIENCE**
March 1998 to
Present                    **Attorney & Counselor at Law**

- Federal Criminal Law
- International Law
- Civil Rights
- Civil Litigation
    - ❖ Construction Claims Patent and Latent Defects
    - ❖ Complex and multi jurisdictional litigation
    - ❖ Admiralty
    - ❖ Aviation
    - ❖ Insurance litigation
    - ❖ Constitutional law
- Taxation
- Immigration

January 1998 to    ***Technigen Corp***.
January 1999       (NASDAQ  traded holding company with mine rights and a casino in the
West Indies and Venezuela.)
**SENIOR VICE PRESIDENT, General Counsel**

- Instituted new controls and completed construction projects in
  Venezuela.
- Discovered construction management inefficiencies and
  implemented better schedules and completion
- Discovered over depreciated mining rights, which were instrumental in the
  disposition of the mining rights for a significant input of cash and current
  assets to bring the balance sheet and income statement to new reporting
  results.
- Negotiated international transactional agreements and litigation

1994               ***Micro Terra***
                   (NASDAQ National Environmental remediation. Sales of 124 million.)

**SENIOR VICE PRESIDENT AND TREASURER**

- Auditing and investigations led to a discovery of prior management
  over statement of the reactor's depreciation, misleading shareholders
  and the SEC.
- Assisted the new independent Board of Directors to restructure the
  financial statements to meet the strict compliance of the SEC and
  Financial Standard Board.

- Worked with management in developing a new business plan and sold certain assets to satisfy short-term financial obligations.

**MEMBERSHIP**

- American Bar Association
- National Association of Criminal Defense Lawyers
- Federal Bar Association
- Puerto Rico Association of Criminal Defense Lawyers
- Association of Trial Lawyers of America
- Los Angeles County Bar Association
- San Fernando Valley Bar Association

# EXHIBIT 4

CV of Attorney William D. Tucker

# WILLIAM D. TUCKER
**Attorney**

## EDUCATION

1991        ***University of Florida School of Law***
                     L.L.M. Taxation (with honors)

1990        ***Cumberland School of Law***
                     Juris Doctor
                     Associate Editor, Cumberland Law Review

1990        ***University of Alabama***
                     Master in Business Administration (with honors)

1987        ***Florida Atlantic University***
                     B.S. Business Administration (with honors)

## PROFESSIONAL EXPERIENCE

1991 to 1993        Jacob and Associates.  Associate.  Tax and securities litigation in federal and state courts.

1993 to Present        Attorney Private Practice.  Emphasis on representing the injured, disabled, and disadvantaged on a contingency fee basis in civil actions under various state and federal disability and tort laws, including over three hundred ninety federal court cases under titles II and III of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973.

2001 to Present        Adjunct Professor of Law.  Nova Southeastern University.

## PUBLICATIONS

Note, *Disparate Impact*, 19 CUMBERLAND LAW REVIEW 186 (1988)

## SELECTED PUBLISHED OPINIONS

*Wilson v. Broward County*, 35 NDLR P 200, 2007 WL 2900388 (S.D. Fla. 2007).  Successfully opposed defendant's motion for summary judgment in action under title II ADA, involving accessibility of  County fixed route transportation system.

*Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.*, 405 F.3d 60 (1st Cir. 2005) Successful appeal of district court order holding ADA inapplicable to cruise ship and dismissing title III action.

*Grau v. Provident Life and Acc. Ins. Co.*, 899 So.2d 396 (Fla. 4th DCA 2005).  Successfully reversed trial court order granting summary judgment in case for disability benefits.

*Nationwide Power Corp. v. C. I. R.*, T.C. Memo. 1992-485 (1992).  Tax Court litigation.

*Gordon v. Omni Equities, Inc.*, 605 So.2d 538 (Fla. 1st DCA 1992).  Securities litigation

**LICENSES**
1990             Florida, # 865753
1992             District of Columbia, #37883

**ADMITTED TO PRACTICE**
1990             Supreme Court of Florida, #865753
1991             United States Tax Court, Washington, D.C.
1992             United States District Court, Southern District of Florida (Trial Bar)
                 United States District Court, Middle District of Florida, #14390
                 District of Columbia Court of Appeals, #37883
1999             United States Court of Appeals for the Eleventh Circuit, Atlanta, Georgia
2004             United States Court of Appeals for the First Circuit, Boston,
                 Massachusetts, #99975
                 United States District Court, District of Puerto Rico, #221012

**PROFESSIONAL ORGANIZATIONS**
- Association of Trial Lawyers of America
- Federal Bar Association
- Academy of Florida Trial Lawyers

# EXHIBIT 5

Case List
Attorney Lorenzo J. Palomares-Starbuck

# LORENZO PALOMARES STARBUCK, ESQ
## CASES HANDLED
### In the District of Puerto Rico

| | | |
|---|---|---|
| 3:00-cr-00851-JAF-4 | David Vazquez-Rios | filed 11/06/00  closed 04/08/02 |
| 3:01-cr-00699-SEC-1 | Ramon Laureano-Velez | filed 10/31/01  closed 02/20/04 |
| 3:01-cv-01881-CC | USA v. Real Prop. Caimital | filed 07/02/01  closed 11/20/02 |
| 3:02-cr-00001-PG-1 | Rafael Fontanez-Gomez | filed 01/02/02  closed 01/31/03 |
| 3:02-cr-00179-PG-3 | Ricardo Ortiz-Mejias | filed 05/08/02  closed 01/27/03 |
| 3:02-cr-00179-PG-5 | Jackeline Santiago-Diaz | filed 05/08/02  closed 12/16/02 |
| 3:02-cr-00214-SEC-1 | David Vazquez-Rios | filed 05/30/02  closed 01/19/07 |
| 3:02-cr-00214-SEC-4 | Jorge L. Rosado-Sierra | filed 05/30/02  closed 07/16/04 |
| 3:02-cr-00393-PG-24 | Carlos Jovani Escobar-Figueroa | filed 10/04/02  closed 12/05/03 |
| 3:02-cv-01438- | Umpierre, et al v. Zipperle's Rest. | filed 03/25/02  closed 02/28/03 |

4

CC

| 3:02-cv-01439-CC | Umpierre, et al v. Metropol #3, Inc. | filed 03/25/02 | closed 07/24/02 |
| 3:02-cv-01440-HL | Umpierre, et al v. Almacenes Pitusa Inc | filed 03/25/02 | closed 11/14/02 |
| 3:02-cv-01579-PG | Umpierre, et al v. C.M. Parking Inc. | filed 04/16/02 | closed 02/05/03 |
| 3:02-cv-01580-JP | Umpierre, et al v. Reposteria Kasalta | filed 04/16/02 | closed 07/29/02 |
| 3:02-cv-01638-JAG-ADC | Disabled Americans, et al v. Hosp. Auxilio Mutuo | filed 04/30/02 | closed 08/02/04 |
| 3:02-cv-01639-GAG | Disabled Americans, et al v. Compra Hosp. Pavia, et al | filed 04/30/02 | closed 10/03/07 |
| 3:02-cv-01640-HL | Disabled Americans, et al v. Hospital San Pablo | filed 04/30/02 | closed 06/12/03 |
| 3:02-cv-01719-JAF | Serrano-Perez, et al v. Echegoyen, et al | filed 05/14/02 | closed 06/16/03 |
| 3:02-cv-01720- | Disabled Americans, et al v. Pueblo Supermarket | filed 05/14/02 | closed 01/19/05 |

5

PG

| | | |
|---|---|---|
| 3:02-cv-01721-JAG-CVR | Umpierre, et al v. Almacenes Topeka | filed 05/14/02  closed 09/09/04 |
| 3:02-cv-02014-JP | Disabled Americans, et al v. Ferries del Caribe | filed 07/02/02  closed 07/20/06 |
| 3:02-cv-02302-PG | Disabled Americans, et al v. Puerto del Rey, Inc. | filed 08/28/02  closed 02/04/05 |
| 3:02-cv-02382-JP | Disabled Americans, et al v. Central Parking Syst | filed 09/12/02  closed 10/17/02 |
| 3:02-cv-02383-JAG | Disabled Americans, et al v. American Parking Sys | filed 09/12/02  closed 08/18/04 |
| 3:02-cv-02688-DRD | USA v. $21,510 US Currency, et al | filed 11/15/02  closed 11/17/03 |
| 3:02-cv-02758-GAG | Disabled Americans, et al v. Municipality of SJ | filed 12/03/02  closed 10/25/06 |
| 3:03-cr-00133-DRD-1 | Carlos A. Calo-Ramirez | filed 05/08/03  closed 03/24/04 |
| 3:03-cr-00185- | Manuel Nevarez-Rosado | filed 07/03/03  closed 06/18/04 |

SEC-3

3:03-cr-00188-SEC-1    Cesar Valdez-Garcia                          filed 07/08/03  closed 06/30/05

3:03-cr-00251-FAB-7    Jorge L. Rosado-Sierra                       filed 09/15/03  closed 01/24/06

3:03-cr-00293-JAF-5    Jose Skerret-Ortega                          filed 10/22/03  closed 12/14/05

3:03-cr-00361-JAF-1    Aureliano Giraud-Pineiro                     filed 12/16/03  closed 09/13/05

3:03-cr-00361-JAF-2    Elliot Giraud-Pineiro                        filed 12/16/03  closed 12/15/04

3:03-cr-00361-JAF-3    Antonio Contreras                            filed 12/16/03  closed 09/13/05

3:03-cr-00361-JAF-4    Juan Leon-Serrano                            filed 12/16/03  closed 09/13/05

3:03-cr-00361-JAF-5    Walter Mangual-Santiago                      filed 12/16/03  closed 04/30/07

3:03-cr-00361-JAF-6    Shannon E. McGrath-Ferraiouli                filed 12/16/03  closed 12/15/04

3:03-cr-00361-JAF-7    Christopher E. McGrath-Ferraiouli            filed 12/16/03  closed 12/15/04

3:03-cr-00361-JAF-8    Jaime Menendez-Torres                        filed 12/16/03  closed 01/21/05

3:03-cr-00361-JAF-9    Carlos Caceres-Cubero                        filed 12/16/03  closed 09/13/05

3:03-cr-00361-JAF-10   Ignacio Pintado-Garcia                       filed 12/16/03  closed 12/15/04

3:03-cr-00361-JAF-11   Nilda Pineiro-Noriega                        filed 12/16/03  closed 01/18/05

3:03-cr-00361-JAF-12   Jose Mattei                                  filed 12/16/03  closed 08/23/05

3:03-cr-00361-          Ricardo Amador-Gonzalez                     filed 12/16/03  closed 11/08/04

7

JAF-13

| | | | |
|---|---|---|---|
| 3:03-cr-00361-JAF-14 | Cesar Garcia-Cruz | filed 12/16/03 | closed 09/13/05 |
| 3:03-cr-00361-JAF-15 | Efrain De-Jesus | filed 12/16/03 | closed 11/08/04 |
| 3:03-cr-00361-JAF-16 | Francisco Arroyo-Estarella | filed 12/16/03 | closed 11/08/04 |
| 3:03-cr-00361-JAF-17 | Felix Garcia-Cherena | filed 12/16/03 | closed 12/15/04 |
| 3:03-cr-00361-JAF-18 | Mario Velez-Claudio | filed 12/16/03 | closed 09/22/04 |
| 3:03-cr-00361-JAF-19 | David Robles-Ramos | filed 12/16/03 | closed 12/16/04 |
| 3:03-cv-01251-SEC | Serrano-Perez, et al v. Echegoyen, et al | filed 03/07/03 | closed 09/03/03 |
| 3:03-cv-01397-JP | Umpierre, et al v. Zipperle's Rest., et al | filed 04/10/03 | closed 08/26/05 |
| 3:03-cv-02196-SEC-CVR | The P.R. Ports Auth, et al v. Umpierre-Solares, et al | filed 11/06/03 | closed 03/02/05 |
| 3:03-cv-02202-GAG | Disabled Americans, et al v. Mun Guaynabo | filed 11/06/03 | closed 08/29/06 |
| 3:03-cv-02203-JAF | Disabled Americans, et al v. City of Quebradillas | filed 11/03/03 | closed 05/31/05 |
| 3:04-cr-00052-CCC-CVR-1 | Wilfredo Feliciano-Rodriguez | filed 01/29/04 | closed 11/06/06 |

| | | | |
|---|---|---|---|
| 3:04-cr-00073-HL-5 | Leonardo Santana-Rodriguez | filed 02/18/04 | closed 02/10/05 |
| 3:04-cr-00137-DRD-7 | Juan D. Cruz-Vizcaino | filed 03/24/04 | closed 03/31/05 |
| 3:04-cr-00249-SEC-1 | Marvin Pagan-Santiago | filed 06/23/04 | closed 02/24/06 |
| 3:04-cr-00351-SEC-8 | Allan Vargas-Angulo | filed 09/27/04 | closed 02/02/07 |
| 3:04-cr-00351-SEC-12 | Luis De Paula-Cordero | filed 09/27/04 | closed 07/06/07 |
| 3:04-cr-00414-PG-14 | Gazuel Cruz-Andino | filed 12/15/04 | closed 08/30/06 |
| 3:04-cv-01135-HL | USA for the Use and Benefit of Andrews Marine Services, Inc. v. United Surety & Indemnity Company | filed 02/19/04 | closed 08/29/05 |
| 3:04-cv-01474-PG | Bonet-Gonzalez v. USA | filed 05/19/04 | |
| 3:04-cv-01588-JAF | Andrews Marine Service, Inc. et al v. Rosado-Viana | filed 06/22/04 | closed 06/28/04 |
| 3:04-cv-01628-JAG | Dockside Marine Contractors, Inc. v. M/V Malen Lledo | filed 06/25/04 | closed 02/15/05 |

| | | |
|---|---|---|
| 3:04-cv-01676-ADC | Andrews Marine Services, Inc. et al v. Rosado-Viana et al | filed 07/06/04  closed 07/18/06 |
| 3:04-cv-02024-GAG-CVR | Alvarado-Santos v. Department of Health of the Commonwealth of Puerto Rico et al | filed 09/28/04 |
| 3:04-cv-02118-JP | United States of America v. One Rural Lot Finca #5991 et al | filed 10/15/04  closed 09/29/05 |
| 3:04-cv-02277-JP | Dockside Marine Contractors, Inc. v. Mobro Marine, Inc. et al | filed 11/17/04  closed 01/26/07 |
| 3:05-cr-00007-CCC-2 | Jose Miguel Ortiz-Morales | filed 01/12/05  closed 10/17/06 |
| 3:05-cr-00020-JAF-9 | Erick Cruz-Cabrera | filed 01/20/05  closed 08/25/05 |
| 3:05-cr-00116-DRD-1 | Freddy Rivera-Marrero | filed 04/20/05  closed 08/21/06 |
| 3:05-cr-00195-JAG-JA-1 | Jorge L. Aponte-Quinones | filed 06/02/05  closed 12/04/06 |
| 3:05-cr-00196-PG-5 | Alexander Diaz-de-Jesus | filed 06/02/05  closed 02/24/06 |

| | | | |
|---|---|---|---|
| [3:05-cr-00235-CCC-JA-3](#) | Samuel Bristol-Martir | filed 07/13/05 | closed 11/03/06 |
| [3:05-cr-00267-JAG-JA-1](#) | David Molina-Pitre | filed 08/09/05 | closed 08/16/07 |
| [3:05-cr-00268-JAG-2](#) | David Molina-Pitre | filed 08/09/05 | closed 08/16/07 |
| [3:05-cr-00273-HL-1](#) | Cesar Valdez-Garcia | filed 08/11/05 | closed 07/06/06 |
| [3:05-cr-00309-JAF-2](#) | Alcides Rodriguez-Duran | filed 09/14/05 | closed 01/30/06 |
| [3:05-cr-00375-DRD-1](#) | Luis Benave-Cruz | filed 11/02/05 | closed 01/26/07 |
| [3:05-cr-00395-PG-1](#) | Angel Marrero | filed 11/16/05 | closed 12/22/05 |
| [3:05-cr-00417-PG-4](#) | Pablo Sabater-Torres | filed 12/01/05 | closed 07/20/07 |
| [3:05-cr-00419-CCC-3](#) | Enrique Rosario-Ramos | filed 12/01/05 | closed 11/07/06 |

| 3:05-cr-00429-JAF-2 | Pedro Correa-Rodriguez | filed 12/12/05 closed 12/12/06 |
| --- | --- | --- |
| 3:05-cr-00432-JAG-CVR-1 | Elvine Lamas | filed 12/14/05 closed 09/22/06 |
| 3:05-cr-00432-JAG-CVR-2 | Arelis Sosa | filed 12/14/05 closed 09/22/06 |
| 3:05-cv-01093-JP | Vaello-Rodriguez et al v. Mobro Marine, Inc. et al | filed 01/26/05 closed 01/29/07 |
| 3:05-cv-01182-DRD | Norkunas et al v. Wyndham International Inc. | filed 02/14/05 closed 08/31/06 |
| 3:05-cv-01183-HL | Norkunas et al v. Hilton Hotels Corp. | filed 02/14/05 closed 10/24/06 |
| 3:05-cv-01184-ADC | Norkunas et al v. Marriot International, Inc. | filed 02/14/05 closed 05/05/06 |
| 3:05-cv-01185-ADC | Umpierre v. Puerto Rico Ports Authority et al | filed 02/14/05 closed 02/27/08 |
| 3:05-cv-01310-SEC | Ferrario-Pozzi v. USA | filed 03/17/05 closed 12/06/07 |

| | | | |
|---|---|---|---|
| 3:05-cv-01380-DRD | Vazquez-Rios v. Gonzalez et al | filed 04/07/05 | closed 08/16/05 |
| 3:05-cv-01627-PG | Quiles-Rivera et al v. Marrero-Figarella et al | filed 06/13/05 | closed 01/11/06 |
| 3:05-cv-01700-FAB | USA v. One Urban Lot Located at Urb. El Senorial, San Juan, PR et al | filed 06/27/05 | closed 12/01/06 |
| 3:05-cv-01731-CCC | United States of America v. One Urban lot located at: CC-22 Urb. Santiago Iglesias Pantin, Guaynabo, P.R. | filed 07/01/05 | closed 11/09/05 |
| 3:05-cv-02289-JAF | USA v. A) $181,718.90 in U.S. Currency and B) $125,913.01 in U.S. Currency | filed 12/13/05 | closed 01/18/07 |
| 3:05-mj-00184-JA-1 | David Straker | filed 05/06/05 | |
| 3:05-mj-00292-JA-1 | Cesar Valdez-Garcia | filed 07/19/05 | |
| 3:05-mj-00573-JA-1 | Radames Castillo-Martinez | filed 12/08/05 | |
| 3:06-cr-00009-JAG-CVR-1 | Edison Burgos-Montes | filed 01/12/06 | |
| 3:06-cr-00009-JAG-CVR-2 | Radames Castillo-Martinez | filed 01/12/06 | |

3:06-cr-00054-DRD-1     Delvis Aneudy Reyes-Lamiz     filed 02/15/06  closed 11/27/06

3:06-cr-00062-DRD-2     Dionisio Santos Rodriguez-Cabrera     filed 02/22/06  closed 10/23/06

3:06-cr-00092-DRD-1     Jorge Lopez-Acosta     filed 03/15/06  closed 04/12/07

3:06-cr-00166-CCC-1     Ralph Davila-Sanchez     filed 05/24/06

3:06-cr-00193-GAG-BJM-2     Ruben Cruz     filed 06/15/06  closed 03/20/07

3:06-cr-00261-DRD-CVR-2     Luis R. Ellis-Baez     filed 08/14/06

3:06-cr-00262-DRD-1     Luis De Paula-Cordero     filed 08/14/06  closed 07/06/07

3:06-cr-00263-GAG-CVR-3     Luis De Paula-Cordero     filed 08/14/06  closed 07/06/07

3:06-cr-00263-GAG-BJM-9     Luis R. Ellis-Baez     filed 08/14/06

3:06-cr-00299-CCC-MEL-10     Antonio Beltran-Martinez     filed 09/15/06  closed 11/07/07

3:06-cr-00346-FAB-2    Edwin Torres-Oliveras      filed 11/07/06   closed 10/16/07

3:06-cr-00348-FAB-6    Angel Ortiz-Diaz      filed 11/07/06   closed 08/15/07

3:06-cr-00394-DRD-BJM-2    Teresa Gonzalez-Rius      filed 12/15/06

3:06-cv-01669-JAG-JA    Gabriel Fuentes Construction, Co., Inc. v. J & Marine Contractors, Inc. et al      filed 07/03/06

3:06-cv-01693-DRD    De-Jesus-Pizarro et al v. The Municipality of Carolina      filed 07/13/06

3:06-cv-01960-JAF    United States of America v. One Rural Lot Identifide As Finca #5,991 Located In Barrio Pueblo, Hatillo, Puerto Rico et al      filed 09/22/06

3:06-cv-01992-JP    United States of America v. Citibank Acct XXX-XXX-5471      filed 10/03/06

3:06-cv-02074-SEC    Andrews Marine Service, Inc. v. United Surety And Indemnity Company      filed 10/25/06   closed 12/03/07

3:06-cv-02119-    M.D. Moody Sons, Inc. v. Dockside Amrine      filed 11/07/06   closed 01/04/07

FAB          Contractors, Inc. et al

3:06-cv-02193-ADC     Lopez-Acosta et al v. Toledo et al          filed 11/29/06

3:06-mj-00223-GAG-1     Ralph Davila-Sanchez          filed 05/02/06

3:07-cr-00118-DRD-CVR-1     Edwin Rodriguez-Medina          filed 03/14/07

3:07-cr-00121-ADC-JA-14     Jose Cintron-Echautegui          filed 03/19/07

3:07-cr-00249-DRD-9     Carlos J. Diaz-Hernandez          filed 06/29/07

3:07-cr-00253-ADC-1     Beatrice West-Viola          filed 06/20/07

3:07-cr-00290-PG-80     Jose David Acosta-Colon          filed 07/24/07

3:07-cr-00302-JAG-47     Marilyn Pineda-Romero          filed 08/01/07

3:07-cr-00400-     Gerald Hernandez-Vera          filed 10/01/07

CCC-BJM-5

| | | |
|---|---|---|
| 3:07-cr-00436-JAG-CVR-7 | Tomas Jimenez-Perez | filed 10/19/07   closed 12/07/07 |
| 3:07-cr-00453-JAF-41 | Josue Rivera-Bruno | filed 10/25/07 |
| 3:07-cr-00462-GAG-3 | Hector Benito Castillo-Guerrero | filed 11/01/07 |
| 3:07-cr-00488-ADC-16 | Guillermo Diaz-Colon | filed 11/14/07 |
| 3:07-cr-00547-ADC-92 | Geraldo Roig-Miranda | filed 12/11/07 |
| 3:07-cv-01020-DRD | Tirado-Aviles v. Velasco-Gonzalez et al | filed 01/10/07 |
| 3:07-cv-01387-GAG | Cruz-Lugo et al v. Adams et al | filed 05/07/07 |
| 3:07-cv-02000-ADC | Pena-Vega v. MVM, Inc. et al | filed 10/22/07 |
| 3:07-cv-02197- | MVM Inc. v. Rodriguez | filed 12/18/07 |

FAB

| 3:07-mj-00663-MEL-1 | Luis Cruz-Santiago | filed 11/09/07 closed 12/06/07 |
| 3:07-mj-00727-CVR-1 | Jose Gutierrez-Sanabria | filed 12/18/07 closed 01/02/08 |
| 3:08-cr-00002-JAF-1 | Jose A. Gutierrez-Sanabria | filed 01/02/08 |
| 3:08-cv-01084-CCC | Fernandez-Franco v. Fiber Glass-Evercoat Company, Inc. et al | filed 01/18/08 |
| 3:08-cv-01117-FAB | Swift Access Marketing, Inc. v. Mar Afuera Yacht Sales, Inc. et al | filed 01/28/08 |
| 3:92-cr-00177-JAF-2 | Rotger Gonzalo-Velazquez | filed 06/05/92 closed 10/18/93 |
| 3:97-cr-00087-JAF-8 | Robert Ali Hernandez-Wilson | filed 04/30/97 closed 12/06/99 |
| 3:97-cr-00228-JAF-1 | Jose Ramon Hernandez | filed 10/08/97 closed 01/09/07 |
| 3:97-cr-00228-PG-4 | Douglas Gorbea | filed 10/08/97 closed 01/08/99 |

| 3:98-cr-00189-JAF-1 | Jorge Paris-Lopez | filed 09/02/98 closed 02/28/00 |
|---|---|---|
| 3:98-cr-00189-HL-2 | Hector L. Andrades | filed 09/02/98 closed 08/30/99 |
| 3:98-cr-00189-HL-3 | Gustavo Garzon | filed 09/02/98 closed 02/03/00 |
| 3:98-cr-00189-HL-4 | Jesus Ivan Saenz-Blanco | filed 09/02/98 closed 03/30/00 |
| 3:98-cr-00189-HL-5 | Edna Jimenez-Velazquez | filed 09/02/98 closed 06/11/01 |
| 3:98-cr-00189-HL-6 | Roberto Ferrario-Pozzi | filed 09/02/98 closed 12/18/02 |
| 3:98-cr-00189-HL-7 | Rafael Hidalgo-Garcia | filed 09/02/98 closed 11/01/99 |
| 3:98-cr-00189-HL-8 | Edwin Cotto-Santiago | filed 09/02/98 closed 02/29/00 |
| 3:98-cr-00189-HL-9 | Cecilio Ceballos | filed 09/02/98 closed 02/29/00 |
| 3:98-cr-00189-HL-10 | Luis Amarante | filed 09/02/98 closed 10/26/99 |
| 3:98-cr-00189-HL-11 | Pedro Martinez-Grela | filed 09/02/98 closed 12/28/99 |
| 3:98-cr-00189-HL-12 | Ramon Ramirez-Benitez | filed 09/02/98 closed 02/29/00 |
| 3:98-cr-00189-HL-13 | Sara N. Rosa | filed 09/02/98 closed 02/29/00 |
| 3:98-cr-00189-HL-14 | Ramon Rodriguez | filed 09/02/98 closed 02/29/00 |
| 3:98-cr-00189-HL-15 | Jhon Sanchez-Guzman | filed 09/02/98 closed 10/28/99 |
| 3:98-cr-00189-HL-16 | Deivid Rojas | filed 09/02/98 closed 07/03/00 |
| 3:98-cr-00189-HL-17 | Francisco Vazquez | filed 09/02/98 closed 11/04/99 |
| 3:98-cr-00189-HL-18 | Jackeline Arache | filed 09/02/98 closed 12/20/99 |
| 3:98-cr-00189-HL-19 | Roberto Rodriguez-Sanchez | filed 09/02/98 closed 12/07/99 |
| 3:98-cr-00189-HL-20 | Giuseppe Pinchera-Torrice | filed 09/02/98 closed 11/22/00 |
| 3:98-cr-00189-HL-21 | Mahendra Hayes | filed 09/02/98 closed 06/29/00 |

| 3:98-cr-00189-HL-22 | Luis R. Rivera-Valentin | filed 09/02/98  closed 01/04/00 |
| 3:98-cr-00189-HL-23 | Onell Miranda-Fernandez | filed 09/02/98  closed 03/16/00 |
| 3:98-cr-00189-HL-24 | Radames Pena-Pena | filed 09/02/98  closed 09/21/99 |
| 3:98-cr-00189-HL-25 | Alberto D. Sanchez-Alvarez | filed 09/02/98  closed 02/29/00 |
| 3:98-cr-00189-HL-26 | Carlos M. Sanchez-Alvarez | filed 09/02/98  closed 03/09/00 |
| 3:98-cr-00189-HL-27 | Gilberto Cowo | filed 09/02/98  closed 02/28/00 |
| 3:98-cr-00189-HL-28 | Adriana Rojas | filed 09/02/98  closed 01/18/01 |
| 3:98-cr-00189-HL-29 | Mercedes R. De-Los-Santos | filed 09/02/98  closed 11/01/99 |
| 3:98-cr-00189-HL-30 | Multipix Inc. | filed 09/02/98  closed 11/08/99 |
| 3:98-cr-00189-HL-31 | Marcelo Ceballos | filed 09/02/98  closed 02/28/00 |
| 3:99-cr-00125-JAF-18 | Jose Gutierrez-Sanabria | filed 05/05/99  closed 09/13/00 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| | | | |
| | | | |
| 03/10/2008 21:48:34 | | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | Last Name: palomares Type: aty |

# EXHIBIT 6

Case List Attorney William D. Tucker
ADA cases in U.S. District Courts

# WILLIAM D. TUCKER
## LIST OF CASES BROUGHT UNDER THE AMERICANS WITH DISABILITIES ACT

### United States District Court for the District of Puerto Rico

*Disabled Americans, et al v. Compra Hosp. Pavia, et al.*, 02-cv-01639-GAG filed 04/30/02   closed 10/03/07
*Disabled Americans, et al v. Ferries del Caribe*, 02-cv-02014-JP  filed 07/02/02   closed 07/20/06
*Disabled Americans, et al v. Municipality of SJ*, 02-cv-02758-GAG  filed 12/03/02   closed 10/25/06
*Disabled Americans v. City of Quebradillas*, 03-2203 (DRD)
*Disabled Americans v. American Parking Systems*, 02-2383(JAG)
*Disabled Americans v. Puerto del Rey*, 02-CV-2302 (PG)
*Disabled Americans v. Hospital Auxilio Mutuo*, 02-1638-CIV (JAG)
*Disabled Americans v. Hospital San Pablo*, 02-1640-CIV (HL)
*Disabled Americans v. Pueblo International*, 02-1720-(PG)
*Disabled Americans, et al v. Mun Guaynabo*,  03-cv-02202-GAG filed 11/06/03   closed 08/29/06
*Disabled Americans v. Zipperles*, 03-1397(JP)
*Norkunas et al v. Wyndham International Inc.*,  05-cv-01182-DRD filed 02/14/05  closed 08/31/06
*Norkunas et al v. Hilton Hotels Corp.*, 05-cv-01183-HL filed 02/14/05 closed 10/24/06
*Norkunas et al v. Marriot International, Inc.*, 05-cv-01184-ADC  filed 02/14/05   closed 05/05/06
*Umpierre v. Puerto Rico Ports Authority et al.*,  05-cv-01185-ADC  filed 02/14/05   closed 02/27/08

### United States District Court for the Southern District of Florida

0:00-cv-07025-WJZ Advocating, et al v. Jobee Land, Inc. filed 07/20/00  closed 08/25/00
0:00-cv-07026-WPD Advocating v. Ortiz, et al filed 07/20/00   closed 09/15/00
0:00-cv-07027-WDF Advocating, et al v. Lauderdale Lake filed 07/20/00   closed 02/21/01
0:00-cv-07028-BLG Advocating, et al v. Monde Investments, et al filed 07/20/00  closed 07/24/01
0:00-cv-07029-FAM Advocating, et al v. Zackson filed 07/20/00   closed 09/22/00
0:00-cv-07030-WPD Advocating, et al v. Bayview Offices, Inc filed 07/20/00   closed 12/05/00
0:00-cv-07031-SH Advocating, et al v. Fallon, et al filed 07/20/00   closed 04/30/01
0:00-cv-07076-WJZ Advocating, et al v. JS & VS, Ltd filed 07/31/00   closed 09/26/00
0:00-cv-07077-PAS Advocating, et al v. Farris filed 07/31/00   closed 09/20/00
0:00-cv-07078-ASG Advocating, et al v. Keystone-Florida, et al filed 07/31/00   closed 12/29/00
0:00-cv-07079-WPD Advocating, et al v. 51 Federal Associate filed 07/31/00   closed 08/25/00
0:00-cv-07081-WPD Advocating, et al v. Investment Income filed 07/31/00   closed 02/01/01
0:00-cv-07082-WPD Advocating, et al v. Sperozzo, et al filed 07/31/00   closed 08/25/00
0:00-cv-07083-WJZ Advocating, et al v. Gulf Components, Inc filed 07/31/00   closed 09/12/00
0:00-cv-07084-WDF Advocating, et al v. Cilldara, Inc. filed 07/31/00   closed 12/27/00
0:00-cv-07291-WPD Advocating, et al v. Baga, Inc. filed 09/05/00   closed 12/18/00
0:00-cv-07292-WPD Advocating, et al v. Schiltz, et al filed 09/05/00   closed 01/26/01
0:00-cv-07293-AJ Advocating, et al v. Scott, et al filed 09/05/00   closed 11/13/00
0:00-cv-07294-WPD Advocating, et al v. Schiltz, et al filed 09/05/00   closed 12/28/00
0:00-cv-07295-WPD Advocating, et al v. Plumer Properties filed 09/05/00   closed 11/08/00
0:00-cv-07296-WPD Advocating, et al v. Schiltz filed 09/05/00   closed 12/28/00
0:00-cv-07297-WPD Advocating, et al v. Schiltz, et al filed 09/05/00   closed 12/28/00
0:00-cv-07298-DLG Advocating, et al v. Ace Beauty Supply, et al filed 09/05/00   closed 01/09/01
0:00-cv-07299-WPD Advocating, et al v. Schiltz filed 09/05/00   closed 12/28/00
0:00-cv-07300-WDF Advocating v. Innovative, et al filed 09/05/00   closed 12/19/00
0:00-cv-07301-FAM Advocating, et al v. Flanigan's filed 09/05/00   closed 10/24/00
0:00-cv-07302-WDF Advocating, et al v. Reinking, et al filed 09/05/00   closed 03/08/01
0:00-cv-07303-WPD Advocating, et al v. Totina, Inc. filed 09/05/00   closed 11/16/00
0:00-cv-07386-JAL Advocating, et al v. VC Lauderdale Inc. filed 09/21/00   closed 12/28/00
0:00-cv-07387-ASG Advocating, et al v. Jack's Old Fashion filed 09/21/00   closed 01/16/01
0:00-cv-07388-WPD Advocating, et al v. D.B.D. Management filed 09/21/00   closed 03/27/01
0:00-cv-07389-PAS Advocating, et al v. Bobby Rubino's U.S.A filed 09/21/00   closed 10/16/00

William D. Tucker
List of Cases Brought under the ADA
Page 2
_____

0:00-cv-07390-AJ Advocating, et al v. Beck filed 09/21/00   closed 03/07/01
0:00-cv-07391-WDF Advocating, et al v. Advan Inc. filed 09/21/00   closed 02/01/01
0:00-cv-07392-PAS Advocating, et al v. South Beach OAO III filed 09/21/00   closed 11/30/00
0:00-cv-07393-PAS Advocating, et al v. NIVCAB, Inc. filed 09/21/00   closed 01/22/01
0:00-cv-07394-WJZ Advocating, et al v. Sentinel Real Estate filed 09/21/00   closed 01/26/01
0:00-cv-07395-UU Advocating, et al v. Panagiotis Pan Food filed 09/21/00   closed 01/04/01
0:00-cv-07396-AJ Advocating, et al v. Lauderdale Ventures, et al filed 09/21/00   closed 06/14/01
0:00-cv-07397-WJZ Advocating, et al v. Club Obsession, Inc. filed 09/21/00   closed 12/01/00
0:00-cv-07398-WDF Advocating, et al v. North University Liq filed 09/21/00   closed 01/17/01
0:00-cv-07478-PAS Advocating, et al v. Tanvi Investments, et al filed 10/05/00   closed 06/18/01
0:00-cv-07479-DTKH Advocating, et al v. J.W. Lee, Inc. filed 10/05/00   closed 01/23/01
0:00-cv-07480-WDF Advocating, et al v. Diamond, et al filed 10/05/00   closed 11/21/00
0:00-cv-07481-DLG Advocating, et al v. Moonraker, Inc. filed 10/05/00   closed 03/09/01
0:00-cv-07482-AJ Advocating, et al v. Brauser Enterprises filed 10/05/00   closed 12/22/00
0:00-cv-07483-SH Advocating, et al v. Aruba Bay, Inc. filed 10/05/00   closed 03/14/01
0:00-cv-07484-DMM Advocating, et al v. DiSalvo's Pizza filed 10/05/00   closed 05/14/01
0:00-cv-07485-WJZ Advocating, et al v. Faneuil Entertain. filed 10/05/00   closed 02/12/01
0:00-cv-07486-FAM Advocating, et al v. Wing It, Inc. filed 10/05/00   closed 03/27/01
0:00-cv-07487-WDF Advocating, et al v. Marino, et al filed 10/05/00   closed 08/08/01
0:00-cv-07488-DMM Advocating, et al v. Bankatlantic Bancorp filed 10/05/00   closed 12/14/00
0:00-cv-07489-AJ Advocating, et al v. City National Bank, et al filed 10/05/00   closed 04/09/01
0:00-cv-07490-WJZ Advocating, et al v. Discount Auto Parts filed 10/05/00   closed 02/26/01
0:00-cv-07492-DTKH Advocating, et al v. Super Linen Service filed 10/05/00   closed 01/23/01
0:00-cv-07567-WDF Advocating, et al v. Nicks Italian, et al filed 10/23/00   closed 01/11/01
0:00-cv-07568-WPD Advocating, et al v. Doughboy's Pizza filed 10/23/00   closed 02/27/01
0:00-cv-07768-DMM American Disability, et al v. Sultan & Sons, Inc., filed 12/01/00   closed 05/16/01
0:00-cv-07769-WPD American Disability, et al v. Shooters Investments, et al filed 12/05/00   closed 09/05/01
0:00-cv-07770-WDF American Disability, et al v. Big Apple Sports Pub filed 12/01/00   closed 01/11/01
0:00-cv-07771-KMM American Disability, et al v. The Floridian filed 12/01/00   closed 03/27/01
0:00-cv-07772-WPD Advocating Rights, et al v. International Shoe, et al filed 12/01/00   closed 03/18/02
0:00-cv-07773-JAL American Disability, et al v. Intervest Asset Co, et al filed 12/01/00   closed 03/29/02
0:01-cv-06007-WPD Stein v. Unum Life Insurance filed 01/03/01   closed 01/09/01
0:01-cv-06104-WJZ Advocating, et al v. Lambu Enterprises filed 01/29/01   closed 04/16/01
0:01-cv-06106-NCR Advocating, et al v. Cave Restaurant filed 01/29/01   closed 03/22/01
0:01-cv-06107-DTKH Advocating, et al v. Raindancer filed 01/29/01   closed 04/05/01
0:01-cv-06108-NCR Advocatiang, et al v. Rit & Rit, Inc. filed 01/29/01   closed 11/08/02
0:01-cv-06109-WPD Advocating, et al v. Check Cashing Store filed 01/29/01   closed 06/25/01
0:01-cv-06111-NCR Advocating, et al v. Big Louies' USA Inc., et al filed 01/29/01   closed 02/28/01
0:01-cv-06205-FAM Advocating, et al v. Coon Holdings, Inc. filed 02/12/01   closed 03/12/01
0:01-cv-06207-PAS Advocating, et al v. Michigan Oakland filed 02/12/01   closed 05/15/01
0:01-cv-06264-WJZ Beneventin, et al v. U.S. - DOT filed 02/20/01   closed 09/28/01
0:01-cv-06475-PAS Advocating, et al v. Southland Corp filed 03/26/01   closed 07/31/01
0:01-cv-06476-DTKH Advocating, et al v. C.U.M., Inc. filed 03/26/01   closed 05/11/01
0:01-cv-06624-WDF Advocating, et al v. Midland Enterprises, et al filed 04/19/01   closed 10/31/01
0:01-cv-06626-ASG Advocating, et al v. Sunnyvale Corp filed 04/19/01   closed 12/18/01
0:01-cv-06627-WDF Advocating, et al v. Sunniland Bank filed 04/19/01   closed 09/10/01
0:01-cv-06628-WJZ Advocating, et al v. Calabria Enterprises filed 04/19/01   closed 06/04/01
0:01-cv-06631-WDF Advocating, et al v. Travelodge Hotels, et al filed 04/19/01   closed 09/10/01
0:01-cv-06632-WJZ Advocating, et al v. Keyes Coverage, Inc. filed 04/19/01   closed 09/18/01
0:01-cv-06633-WPD Advocating, et al v. Plaza-Causeway, Inc. filed 04/19/01   closed 08/13/01

William D. Tucker
List of Cases Brought under the ADA
Page 3
_____

0:01-cv-06634-WJZ Advocating, et al v. Brazil Brazil, Inc. filed 04/19/01   closed 07/30/01
0:01-cv-06635-WDF Advocating v. Check Cashing Store, et al filed 04/19/01   closed 02/27/02
0:01-cv-06636-DMM Advocating, et al v. Green Magic Pawn filed 04/19/01   closed 09/24/01
0:01-cv-06637-WJZ Advocating, et al v. Griffin Pizza, et al filed 04/19/01   closed 08/03/01
0:01-cv-06638-PAS Advocating, et al v. 904 Las Olas, Inc. filed 04/19/01   closed 11/13/01
0:01-cv-06641-WJZ Advocating, et al v. Direct General Insur, et al filed 04/19/01   closed 06/13/01
0:01-cv-06647-WDF Nicholas v. Conseco Life filed 04/20/01   closed 06/11/01
0:01-cv-06698-PCH Advocating, et al v. Fort Lauderdale Linc, et al filed 04/27/01   closed 08/01/01
0:01-cv-06699-PAS Advocating, et al v. King Motor Company filed 04/27/01   closed 07/31/01
0:01-cv-06700-ASG Advocating, et al v. JSL Automotive, Inc. filed 04/27/01   closed 07/31/01
0:01-cv-06701-ASG Advocating, et al v. New Auto Toy Store filed 04/27/01   closed 03/29/02
0:01-cv-06702-SH Advocating, et al v. Alpine Motors, Inc. filed 04/27/01   closed 11/02/01
0:01-cv-06703-AJ Advocating, et al v. FSF Sales Corporatio, et al filed 04/27/01   closed 10/31/01
0:01-cv-06704-SH Advocating, et al v. Endicott Nissan, Inc filed 04/27/01   closed 08/13/01
0:01-cv-06705-PAS Advocating, et al v. Morse Operations, et al filed 04/27/01   closed 10/10/01
0:01-cv-06706-TEB Advocating, et al v. Pompano Imports, et al filed 04/27/01   closed 02/04/02
0:01-cv-06896-SH Advocating, et al v. Porthole Pub, Inc. filed 05/25/01   closed 07/05/01
0:01-cv-06897-FAM Advocating, et al v. M&P Enterprise Group filed 05/25/01   closed 09/28/01
0:01-cv-06898-WJZ Advocating, et al v. Gumwrappers, Inc. filed 05/25/01   closed 07/13/01
0:01-cv-06899-WPD Advocating, et al v. 3300 Corp filed 05/25/01   closed 09/06/01
0:01-cv-06900-ASG Advocating, et al v. Booby Trap, Inc., et al filed 05/25/01   closed 07/17/01
0:01-cv-06901-DMM Advocating, et al v. Lord's Nightclub filed 05/25/01   closed 08/20/01
0:01-cv-06902-WPD Advocating, et al v. Dreamland Ballroom filed 05/25/01   closed 09/14/01
0:01-cv-06903-DMM Advocating, et al v. Parking Company filed 05/25/01   closed 09/13/01
0:01-cv-06904-NCR Advocating, et al v. Prime Time Cabaret, et al filed 05/25/01   closed 02/26/02
0:01-cv-06905-DLG Advocating, et al v. Athenas Management filed 05/25/01   closed 01/25/02
0:01-cv-06982-WDF Advocating, et al v. K&J Real Estate filed 06/11/01   closed 07/24/01
0:01-cv-06983-WPD Advocating, et al v. Frasca, et al filed 06/11/01   closed 04/23/02
0:01-cv-06984-NCR Advocating, et al v. Interstate West filed 06/11/01   closed 10/22/01
0:01-cv-06985-PCH Advocating, et al v. Allied Home filed 06/11/01   closed 08/27/01
0:01-cv-06986-UU Advocating, et al v. Abel & Fana Holtz filed 06/11/01   closed 09/14/01
0:01-cv-06987-WDF Advocating, et al v. FMC Acquisition, Inc filed 06/11/01   closed 07/12/01
0:01-cv-06988-WDF Advocating, et al v. Capital Factors filed 06/11/01   closed 08/07/01
0:01-cv-06989-AJ Advocating, et al v. Kimco Realty Corp, et al filed 06/11/01   closed 04/08/02
0:01-cv-06990-WPD Advocating, et al v. Lauderdale Copa, Inc, et al filed 06/11/01   closed 03/17/03
0:01-cv-06991-UU Advocating, et al v. Long John Silvers filed 06/11/01   closed 11/20/01
0:01-cv-06992-WDF Advocating, et al v. La Bamba Mexican filed 06/11/01   closed 02/20/02
0:01-cv-06993-DLG Advocating, et al v. Dim Interstate Inc., et al filed 06/11/01   closed 07/10/01
0:01-cv-06994-AJ Advocating, et al v. Black & Decker, Inc. filed 06/11/01   closed 10/26/01
0:01-cv-06995-WDF Advocating, et al v. Naomi's Bridal, et al filed 06/11/01   closed 09/07/01
0:01-cv-06996-ASG Advocating, et al v. Ritz Camera Centers filed 06/11/01   closed 11/30/01
0:01-cv-07118-DLG Advocating, et al v. 3339 Lauderdale, Inc, et al filed 07/03/01   closed 07/24/01
0:01-cv-07265-FAM Advocating, et al v. Call on Us Wireless, et al filed 07/30/01   closed 09/13/01
0:01-cv-07266-AJ Advocating, et al v. Foot Care Center filed 07/30/01   closed 10/03/01
0:01-cv-07267-PCH Isaac, et al v. Seminole T Stop, Inc filed 07/30/01   closed 01/15/02
0:01-cv-07268-DMM Advocating, et al v. Continental Ltd filed 07/30/01   closed 01/16/02
0:01-cv-07269-PAS Advocating, et al v. MJM Dixie Limited filed 07/30/01   closed 11/01/01
0:01-cv-07270-UU Advocating, et al v. Jiffy Lube filed 07/30/01   closed 01/17/02
0:01-cv-07271-FAM Advocating, et al v. Ft. Lauderdale Heal filed 07/31/01   closed 09/06/01
0:01-cv-07272-DLG Advocating, et al v. Integrity Title, Inc, et al filed 07/30/01   closed 09/21/01

William D. Tucker
List of Cases Brought under the ADA
Page 4

_____

0:01-cv-07275-AJ Advocating, et al v. Rozap, Inc. filed 07/31/01   closed 08/27/01
0:01-cv-07276-KMM Advocating, et al v. RWL 6, Ltd. filed 07/31/01   closed 11/16/01
0:01-cv-07279-SH Advocating, et al v. D.S.C. and P., Inc., et al filed 07/31/01   closed 11/08/01
0:01-cv-07280-SH Advocating, et al v. Cardiology Associate filed 07/31/01   closed 09/17/01
0:01-cv-07281-AJ Advocating, et al v. Wansiki Foundation filed 07/31/01   closed 09/04/01
0:01-cv-07282-PCH Advocating, et al v. CJB Real Estate filed 07/31/01   closed 10/19/01
0:01-cv-07283-KMM Advocating, et al v. Space Plus Self-Stor filed 07/31/01   closed 08/24/01
0:01-cv-07284-PCH Advocating, et al v. Luck's Hospitality filed 07/31/01   closed 10/18/01
0:01-cv-07330-WPD Advocating, et al v. Toi and Boy filed 08/09/01   closed 12/06/01
0:01-cv-07331-WDF Advocating, et al v. FLD Associates, Inc. filed 08/09/01   closed 01/14/02
0:01-cv-07332-AJ Advocating, et al v. Mawby, et al filed 08/09/01   closed 01/23/02
0:01-cv-07333-WDF Advocating, et al v. AMU Corporation filed 08/09/01   closed 10/10/01
0:01-cv-07334-WCT Advocating, et al v. Colony Acquisition filed 08/09/01   closed 10/16/01
0:01-cv-07336-WDF Advocating, et al v. Holy Cross Proper, et al filed 08/09/01   closed 08/20/02
0:01-cv-07363-NCR Thomas v. Ultra-U filed 08/16/01   closed 10/03/01
0:01-cv-07610-PAS Advocating v. Balzano, et al filed 10/17/01   closed 11/08/01
0:01-cv-07611-ASG Advocating, et al v. Henderson, et al filed 10/17/01   closed 11/14/01
0:01-cv-07614-UU Advocating, et al v. Trion Ventures III filed 10/18/01   closed 05/17/02
0:01-cv-07615-DMM Advocating, et al v. New Nobi Japanese filed 10/18/01   closed 05/28/02
0:01-cv-07616-WPD Advocating, et al v. Cleo Realty filed 10/18/01   closed 02/25/02
0:01-cv-07617-WPD Advocating, et al v. Misha Enterprises, et al filed 10/18/01   closed 02/12/02
0:01-cv-07676-WDF Advocating, et al v. Romer, Inc. filed 10/29/01   closed 02/27/02
0:01-cv-07677-WPD Advocating, et al v. Tsang, Inc. filed 10/29/01   closed 12/20/01
0:01-cv-07678-WPD Advocating, et al v. Nikogold I, Inc. filed 10/29/01   closed 11/29/01
0:01-cv-07679-WPD Advocating, et al v. BB'S SUB filed 10/29/01   closed 02/04/02
0:01-cv-07680-WDF Advocating, et al v. Baja Cafe Celest, et al filed 10/29/01   closed 09/18/02
0:01-cv-07681-NCR Advocating, et al v. Gaddis, et al filed 10/29/01   closed 06/02/03
0:01-cv-07682-WDF Advocating, et al v. Swensen's Ice Cream, et al filed 10/29/01   closed 01/22/02
0:01-cv-07683-WJZ Advocating, et al v. Dynamic F&B Concepts filed 10/29/01   closed 03/13/02
0:01-cv-07923-DTKH Advocating, et al v. A & H Auto TBA, Inc. filed 12/26/01   closed 04/19/02
0:01-cv-07924-SH Advocating, et al v. 1015 South, Inc. filed 12/26/01   closed 03/11/02
0:01-cv-07925-WJZ Advocating, et al v. Sanjo Center, Inc. filed 12/26/01   closed 06/11/02
0:01-cv-07926-DLG Advocating, et al v. Doranna Grand, Inc. filed 12/26/01   closed 02/25/02
0:01-cv-07927-ASG Advocating, et al v. Perry, et al filed 12/26/01   closed 09/10/02
0:01-cv-07928-NCR Advocating, et al v. Ft. Laud Hospitality filed 12/26/01   closed 04/02/02
0:02-cv-60025-KMM Advocating, et al v. Albarran, et al filed 01/07/02   closed 03/25/02
0:02-cv-60026-DMM Advocating, et al v. Panciera, et al filed 01/07/02   closed 05/30/02
0:02-cv-60027-KMM Advocating, et al v. Hollywood Coin filed 01/09/02   closed 02/08/02
0:02-cv-60028-WJZ Advocating v. China Bowl filed 01/07/02   closed 03/28/02
0:02-cv-60029-NCR Advocating, et al v. D'Armetta filed 01/07/02   closed 07/23/02
0:02-cv-60030-NCR Advocating, et al v. China May, Inc. filed 01/07/02   closed 03/29/02
0:02-cv-60364-WJZ Advocating, et al v. Seascape Entertain filed 03/14/02   closed 09/13/02
0:02-cv-60393-PCH Advocating, et al v. Bank of America Towe, et al filed 03/21/02   closed 08/16/02
0:02-cv-60394-JAL Advocating, et al v. Antimucci, et al filed 03/21/02   closed 07/02/02
0:02-cv-60395-PAS Advocating, et al v. Groves Hardware filed 03/21/02   closed 08/06/02
0:02-cv-60396-KMM Advocating v. Georgia Pig, Inc., et al filed 03/21/02   closed 05/16/02
0:02-cv-60397-UU Advocating, et al v. Dominguez filed 03/21/02   closed 05/08/02
0:02-cv-60398-PAS Advocating, et al v. C.D. Kirkiles, Inc. filed 03/21/02   closed 08/05/02
0:02-cv-60438-PCH Advocating, et al v. Fink, et al filed 03/28/02   closed 08/30/02
0:02-cv-60439-KAM Advocating, et al v. Discovery Management, et al filed 03/28/02   closed 05/12/03

William D. Tucker
List of Cases Brought under the ADA
Page 5

_____

0:02-cv-60672-DLG Advocating, et al v. AJ Restaurant filed 05/15/02   closed 08/07/02
0:02-cv-60683-WPD Advocating, et al v. Imperial Majesty filed 05/17/02   closed 06/25/03
0:02-cv-61126-WJZ Advocating, et al v. City Fort Lauderdale filed 08/12/02   closed 08/01/03
0:02-cv-61127-PCH Advocating, et al v. Austin Burke Florida filed 08/12/02   closed 09/27/02
0:02-cv-61598-WPD Advocating, et al v. 6303 Miramar Parkway filed 11/12/02   closed 05/30/03
0:02-cv-61599-KMM Advocating, et al v. Motiva Enterprises, et al filed 11/12/02   closed 06/07/05
0:02-cv-61600-KAM Advocating, et al v. E.A.P. Management filed 11/12/02   closed 01/15/03
0:02-cv-61603-JAL Advocating, et al v. Stan, Inc. filed 11/12/02   closed 02/13/03
0:02-cv-61605-PCH Advocating, et al v. Forty-One Associates filed 11/12/02   closed 08/29/03
0:02-cv-61606-WPD Advocating, et al v. Israeli, et al filed 11/13/02   closed 05/30/03
0:02-cv-61608-WPD Advocating v. Reap, Inc., et al filed 11/13/02   closed 05/01/03
0:03-cv-60258-PCH Grau v. Unum Life Insurance, et al filed 02/25/03   closed 03/19/03
0:03-cv-60273-UU Nicholas, et al v. Conseco Life filed 02/26/03   closed 10/06/03
0:03-cv-61239-KAM Advocating, et al v. Broward County filed 06/25/03   closed 03/03/06
0:03-cv-61481-ASG Advocating, et al v. Page Brothers filed 08/04/03   closed 10/01/04
0:04-cv-60492-KAM Advocating, et al v. Water Taxi, Inc., et al filed 04/15/04   closed 07/13/05
0:04-cv-61068-KAM Wilson v. Broward County filed 08/12/04   closed 03/14/08
0:05-cv-60209-KAM Wilson v. Broward County filed 02/09/05   closed 03/03/06
1:00-cv-03742-PAS Advocating, et al v. A.I. Dupont Bldg. filed 10/05/00   closed 11/26/01
1:00-cv-03747-JAL Advocating, et al v. Victoria's Armoire filed 10/05/00   closed 12/19/00
1:00-cv-03748-SH Advocating, et al v. Canton Chinese filed 10/05/00   closed 05/25/01
1:00-cv-03749-JLK Advocating, et al v. Yasuko's Japanese filed 10/05/00   closed 04/17/01
1:00-cv-04007-FAM Advocating, et al v. Kerdyk Real Estate filed 10/23/00   closed 03/09/01
1:00-cv-04008-FAM Advocating, et al v. Medvest Corporation filed 10/23/00   closed 04/30/01
1:00-cv-04010-JAL Advocating Disabilit, et al v. Dabby filed 10/23/00   closed 12/19/00
1:00-cv-04011-PCH Advocating, et al v. Hit or Miss, Inc. filed 10/23/00   closed 12/15/00
1:00-cv-04012-JLK Advocating, et al v. Junkanoo Crew, Inc. filed 10/23/00   closed 12/22/00
1:00-cv-04013-PAS Advocating, et al v. Catamal Realty, Inc. filed 10/23/00   closed 12/12/00
1:00-cv-04015-AJ Advocating, et al v. John Martin's Rest filed 10/23/00   closed 12/15/00
1:00-cv-04025-JLK Advocating, et al v. Prahl Brothers, et al filed 10/23/00   closed 12/18/00
1:00-cv-04026-PAS Advocating, et al v. Colonnade Partners filed 10/23/00   closed 11/07/00
1:00-cv-04027-JLK Advocating, et al v. Los Ranchos filed 10/23/00   closed 07/10/01
1:00-cv-04030-DMM Advocating, et al v. Briccone Incorporate filed 10/23/00   closed 04/20/01
1:00-cv-04583-SH American Disability, et al v. Green Street filed 12/01/00   closed 01/03/01
1:00-cv-04584-JLK American Disability, et al v. Douglas Center Inc., filed 12/01/00   closed 05/10/01
1:00-cv-04585-FAM American Disability, et al v. First Union Bank filed 12/01/00   closed 01/31/01
1:00-cv-04589-DMM American Disability, et al v. Taurus Chops, Inc.,, et al filed 12/01/00   closed 05/14/01
1:01-cv-00346-UU Advocating, et al v. Treasure Island, Inc filed 01/29/01   closed 03/13/01
1:01-cv-00551-JLK Advocating, et al v. Pines Group, Inc. filed 02/12/01   closed 09/19/01
1:01-cv-00553-JLK Advocating, et al v. Civil Works, Inc., et al filed 02/12/01   closed 05/30/01
1:01-cv-00555-DMM Advocating, et al v. Bill Ussery Motors filed 02/12/01   closed 05/29/01
1:01-cv-00556-PAS Advocating, et al v. Kiet Investment, et al filed 02/12/01   closed 07/25/01
1:01-cv-00560-JAL Advocating, et al v. Gables International, et al filed 02/12/01   closed 05/30/01
1:01-cv-01029-KMM Prasad, et al v. Goldfinger's South filed 03/15/01   closed 08/03/01
1:01-cv-01215-KMM Advocating, et al v. University Federal filed 03/26/01   closed 04/12/01
1:01-cv-01218-FAM Advocating Rights, et al v. Stop & Shop, Inc. filed 03/26/01   closed 06/05/01
1:01-cv-01219-DLG Advocating, et al v. Hialeah Park Inn, Co filed 03/26/01   closed 08/12/01
1:01-cv-01220-FAM Advocating, et al v. Opus 2000 Furnish filed 03/26/01   closed 06/11/01
1:01-cv-01221-UU Advocating v. Jose Milton & Assoc, et al filed 03/26/01   closed 05/10/01
1:01-cv-01222-PAS Advocating, et al v. Mazzei Realty filed 03/26/01   closed 06/19/01

William D. Tucker
List of Cases Brought under the ADA
Page 6
_____

1:01-cv-01223-ASG Advocating, et al v. Alhambra Antiques filed 03/26/01   closed 05/30/01
1:01-cv-01577-AJ Advocating, et al v. Commercial Telephone filed 04/19/01   closed 09/04/01
1:01-cv-01585-DMM Advocating, et al v. Coral Gables Fiancia, et al filed 04/19/01   closed 06/15/01
1:01-cv-01586-UU Advocating, et al v. Coral Gables Hines filed 04/19/01   closed 10/04/01
1:01-cv-01599-ASG Advocating, et al v. Suntrust Bank Corp filed 04/19/01   closed 05/21/01
1:01-cv-01600-DLG Advocating, et al v. Coral Gable Executiv filed 04/19/01   closed 10/05/01
1:01-cv-01602-JLK Advocating, et al v. Ohio Savings Bank filed 04/19/01   closed 05/16/01
1:01-cv-01606-JAL Advocating, et al v. 747 Building Associa filed 04/19/01   closed 07/24/01
1:01-cv-01607-SH Advocating, et al v. 1313 Ponce De Leon filed 04/19/01   closed 05/25/01
1:01-cv-01755-FAM Advocating, et al v. Deel Car Corporation, et al filed 04/27/01   closed 09/19/01
1:01-cv-02626-ASG Umana, et al v. W.C. Robinson & Asso filed 06/22/01   closed 01/07/05
1:01-cv-02883-UU Advocating, et al v. Club Madonna Inc. filed 07/03/01   closed 09/28/01
1:01-cv-02884-DMM Advocating, et al v. C.H.I.R. Corporation filed 07/03/01   closed 04/18/02
1:01-cv-02885-KMM Advocating, et al v. Pink Pussycat South, et al filed 07/03/01   closed 10/26/01
1:01-cv-02886-ASG Advocating, et al v. CDC Liquors, Inc. filed 07/03/01   closed 09/25/01
1:01-cv-02887-UU Advocating, et al v. Alleycats filed 07/03/01   closed 05/06/02
1:01-cv-02888-JLK Advocating v. Black Gold, et al filed 07/03/01   closed 06/04/02
1:01-cv-02889-FAM Advocating, et al v. Rich-Bon Corp. filed 07/03/01   closed 10/17/01
1:01-cv-02890-PCH Advocating, et al v. 12425, Inc. filed 07/03/01   closed 11/16/01
1:01-cv-02891-AJ Advocating, et al v. Trap filed 07/03/01   closed 03/22/02
1:01-cv-02892-AJ Advocating, et al v. G.C.R., Inc. filed 07/03/01   closed 09/26/01
1:01-cv-02893-UU Advocating, et al v. PMS Unlimited, Inc. filed 07/03/01   closed 10/04/01
1:01-cv-02894-KMM Advocating, et al v. Buddy Bee Corp. filed 07/03/01   closed 01/10/02
1:01-cv-02895-KMM Advocating, et al v. Flanigan's, et al filed 07/03/01   closed 11/30/01
1:01-cv-02896-UU Advocating, et al v. Polsky, et al filed 07/03/01   closed 09/04/01
1:01-cv-02897-PAS Advocating, et al v. DGS Holding Company filed 07/03/01   closed 07/24/01
1:01-cv-02898-DLG Advocating, et al v. Gold Club, Inc. filed 07/03/01   closed 09/17/01
1:01-cv-02899-SH Advocating, et al v. Lil Abner's Corp filed 07/03/01   closed 11/27/01
1:01-cv-02900-SH Advocating, et al v. Club VIP of Miami filed 07/03/01   closed 05/24/04
1:01-cv-02901-JLK Advocating, et al v. Cosmic Corp filed 07/03/01   closed 11/27/01
1:01-cv-02902-ASG Advocating, et al v. Gatorkick, Inc., et al filed 07/03/01   closed 04/19/02
1:01-cv-02903-JLK Advocating, et al v. K.W. Liquors, Inc. filed 07/03/01   closed 10/11/01
1:01-cv-02904-SH Advocating, et al v. Angels All Nude filed 07/03/01   closed 10/15/01
1:01-cv-02905-DLG Advocating, et al v. Goldfinger's South filed 07/03/01   closed 07/19/01
1:01-cv-03330-JLK Advocating, et al v. Metro-Dade Invest filed 07/30/01   closed 10/25/01
1:01-cv-03331-JLK Advocating, et al v. Collection LLC, et al filed 07/30/01   closed 03/25/02
1:01-cv-03333-PAS Advocating, et al v. Gables Square filed 07/30/01   closed 10/23/01
1:01-cv-03334-PCH Advocating, et al v. Brookwood Coral filed 07/30/01   closed 12/06/01
1:01-cv-03335-SH Advocating, et al v. Thai Corporation, et al filed 07/30/01   closed 10/23/01
1:01-cv-03336-PCH Advocating, et al v. Goldbloom Family Ltd filed 07/30/01   closed 11/08/01
1:01-cv-03337-UU Advocating, et al v. Battlecreek filed 07/30/01   closed 09/18/01
1:01-cv-03338-DLG Advocating, et al v. Polcar Properties filed 07/30/01   closed 05/22/02
1:01-cv-03339-DLG Advocating, et al v. Gables Citgo Corp. filed 07/30/01   closed 11/14/01
1:01-cv-03340-KMM Advocating, et al v. Gardner's Super Mark filed 07/30/01   closed 09/25/01
1:01-cv-03346-UU Advocating, et al v. Euro-Line Enterprise filed 07/31/01   closed 05/30/02
1:01-cv-03469-UU Advocating, et al v. Oracle Health, et al filed 08/09/01   closed 02/26/02
1:01-cv-03472-UU Advocating, et al v. Ocean Auto Center filed 08/09/01   closed 10/26/01
1:01-cv-03805-UU Advocating, et al v. McLeod filed 09/10/01   closed 12/10/01
1:01-cv-03806-PAS Advocating, et al v. Naron filed 09/10/01   closed 10/29/01
1:01-cv-03812-PCH Advocating, et al v. Rakofsky Limited filed 09/10/01   closed 10/25/01

William D. Tucker
List of Cases Brought under the ADA
Page 7

_____

1:01-cv-03813-AJ Advocating, et al v. Loan & Investment filed 09/10/01   closed 12/10/01
1:01-cv-03885-SH Advocating, et al v. Ocean Bank, Inc. filed 09/19/01   closed 01/02/02
1:01-cv-04171-PAS Collado, et al v. Class II, Inc. filed 10/05/01   closed 01/31/02
1:01-cv-04550-JAL Advocating, et al v. Miami Hotel, Inc. filed 11/06/01   closed 01/24/02
1:01-cv-04552-ASG Advocating, et al v. Montes De Oca Pizza, et al filed 11/06/01   closed 02/22/02
1:01-cv-04554-PAS Advocating, et al v. Lasalle Cleaners filed 11/06/01   closed 01/03/02
1:01-cv-04555-ASG Advocating, et al v. Rieguz Group, Inc., et al filed 11/06/01   closed 07/22/02
1:01-cv-04556-JLK Advocating, et al v. Bankers Real Estate filed 11/06/01   closed 11/30/01
1:01-cv-04557-JLK Advocating, et al v. 1501 Venera, L.L.C. filed 11/06/01   closed 06/04/02
1:01-cv-04670-UU Advocating, et al v. Beverly Expands, Inc filed 11/14/01   closed 05/24/02
1:01-cv-04671-PCH Advocating, et al v. Central Park filed 11/14/01   closed 06/21/02
1:01-cv-04672-SH Advocating, et al v. Kendar Realty, Inc. filed 11/14/01   closed 12/26/01
1:01-cv-04673-PAS Advocating, et al v. Gables Travel filed 11/14/01   closed 03/22/02
1:01-cv-04674-JAL Advocating, et al v. First Class Cellular, et al filed 11/14/01   closed 11/27/02
1:01-cv-05003-AJ Advocating, et al v. 2334 Ponce Corp. filed 12/13/01   closed 04/17/02
1:01-cv-05004-AJ Advocating v. It's a Living, Inc., et al filed 12/13/01   closed 03/10/03
1:01-cv-05154-SH Advocating, et al v. 4011 Professional filed 12/27/01   closed 05/30/02
1:01-cv-05155-DLG Advocating, et al v. Parnasos Properties filed 12/27/01   closed 03/11/02
1:01-cv-05157-FAM Advocating, et al v. Atie Properties, Inc filed 12/27/01   closed 06/28/02
1:01-cv-05158-FAM Advocating, et al v. Diversified Invest filed 12/27/01   closed 02/28/02
1:01-cv-05159-ASG Advocating, et al v. Jemajo Corporation filed 12/27/01   closed 05/07/02
1:02-cv-20042-PAS Advocating, et al v. Linet Family Limited filed 01/07/02   closed 08/21/02
1:02-cv-20043-JAL Advocating, et al v. Salmon & Salmon, et al filed 01/07/02   closed 05/21/03
1:02-cv-20044-DLG Advocating, et al v. La Hacienda Restaura filed 01/07/02   closed 03/20/02
1:02-cv-20045-UU Advocating, et al v. Victor Super Dollar, et al filed 01/07/02   closed 03/19/02
1:02-cv-20046-UU Advocating, et al v. Sharpe, et al filed 01/07/02   closed 04/03/02
1:02-cv-20047-AJ Advocating, et al v. Ideal Supermarket filed 01/07/02   closed 09/04/02
1:02-cv-20048-AJ Advocating, et al v. Alberto Martin filed 01/07/02   closed 12/13/02
1:02-cv-20049-JEM Advocating v. Sabanilla Corp, et al filed 01/07/02   closed 12/10/02
1:02-cv-20050-PAS Advocating, et al v. Weeks Gas of Broward, et al filed 01/07/02   closed 05/31/02
1:02-cv-20051-ASG Advocating, et al v. Home Gas Corp. filed 01/07/02   closed 03/27/02
1:02-cv-20052-DMM Advocating, et al v. Zagami's Supermarket filed 01/07/02   closed 05/06/02
1:02-cv-20987-KMM Advocating, et al v. Forte Properties filed 04/02/02   closed 04/24/02
1:02-cv-21007-UU Advocating, et al v. D.A.S.A. Investment filed 04/02/02   closed 08/06/02
1:02-cv-21008-UU Advocating, et al v. Professional Plaza filed 04/02/02   closed 05/09/02
1:02-cv-21009-DLG Advocating, et al v. Hoover filed 04/02/02   closed 04/04/03
1:02-cv-21010-JLK Advocating, et al v. Joseph Dixon Company filed 04/02/02   closed 12/12/02
1:02-cv-21013-JAL Advocating, et al v. Dalfen Interamerican filed 04/02/02   closed 06/07/02
1:02-cv-21352-JLK Advocating, et al v. Fortuna Shoppes, Inc filed 05/03/02   closed 01/15/03
1:02-cv-21353-DLG Advocating, et al v. Four Dragons, Inc. filed 05/03/02   closed 07/11/02
1:02-cv-21354-UU Advocating, et al v. Manzano, et al filed 05/03/02   closed 08/14/02
1:02-cv-21355-DLG Advocating, et al v. RRJ HOLDINGS, INC., filed 05/03/02   closed 08/30/02
1:02-cv-21356-DLG Advocating, et al v. Shadow Creek filed 05/03/02   closed 08/12/02
1:02-cv-21358-FAM Advocating, et al v. Valley Family filed 05/03/02   closed 10/31/02
1:02-cv-21360-DLG Advocating, et al v. Diaz filed 05/03/02   closed 09/19/02
1:02-cv-21361-FAM Advocating v. Wilson, et al filed 05/03/02   closed 07/25/02
1:02-cv-21362-DLG Advocating, et al v. Lawrence Plumbing, et al filed 05/03/02   closed 09/30/02
1:02-cv-21363-FAM Advocating, et al v. Ocean Mall, Inc., filed 05/03/02   closed 08/27/02
1:02-cv-21364-AJ Advocating, et al v. 10 Le Jeune, Inc., filed 05/03/02   closed 03/21/03
1:02-cv-21367-UU Advocating, et al v. Simon filed 05/03/02   closed 10/21/02

William D. Tucker
List of Cases Brought under the ADA
Page 8
_____

1:02-cv-21368-FAM Advocating, et al v. Avigdor Landman filed 05/03/02   closed 08/27/02
1:02-cv-21369-KMM Advocating, et al v. Weiss, et al filed 05/03/02   closed 07/19/02
1:02-cv-21370-JLK Advocating, et al v. Jade's Investment filed 05/03/02   closed 03/17/03
1:02-cv-21371-JLK Advocating, et al v. Mapa Investments filed 05/03/02   closed 07/29/02
1:02-cv-21372-AJ Advocating, et al v. Salcines, et al filed 05/03/02   closed 09/18/02
1:02-cv-21373-DLG Advocating v. Roig and Son filed 05/03/02   closed 09/16/02
1:02-cv-21374-PCH Advocating v. Simeon International filed 05/03/02   closed 08/19/02
1:02-cv-21469-AJ Advocating, et al v. Mozes filed 05/15/02   closed 07/26/02
1:02-cv-21470-JEM Advocating, et al v. 100 Douglas Office filed 05/15/02   closed 04/14/03
1:02-cv-21471-FAM Advocating, et al v. Moremart, Inc. filed 05/15/02   closed 04/09/03
1:02-cv-21472-PCH Advocating, et al v. Mills filed 05/15/02   closed 01/29/03
1:02-cv-21473-JLK Advocating, et al v. Get Wireless, Inc. filed 05/15/02   closed 06/21/02
1:02-cv-21474-UU Advocating, et al v. Cafe Miami Inc., et al filed 05/15/02   closed 08/02/02
1:02-cv-22339-JAL Advocating, et al v. Lejeune Auto Wholesa filed 08/08/02   closed 09/27/02
1:02-cv-22340-FAM Advocating, et al v. Mesa, et al filed 08/08/02   closed 11/18/02
1:02-cv-22341-JLK Advocating, et al v. Corinthian Antiques, et al filed 08/08/02   closed 03/10/03
1:02-cv-22573-PCH Advocating, et al v. Nidal Investments filed 08/30/02   closed 10/10/02
1:02-cv-22615-FAM Advocating, et al v. Garvaz Investments filed 09/09/02   closed 11/27/02
1:02-cv-22616-KMM Advocating, et al v. Essington Company filed 09/06/02   closed 02/28/03
1:02-cv-22617-PCH Advocating, et al v. 2815 NW 7th Street filed 09/06/02   closed 01/21/03
1:02-cv-22624-ASG Advocating, et al v. Gator Porto Bello filed 09/06/02   closed 09/26/02
1:02-cv-22625-PCH Advocating, et al v. Gran Auto Centro filed 09/06/02   closed 09/26/02
1:02-cv-22985-ASG Advocating, et al v. Mavi Construction filed 10/04/02   closed 11/22/02
1:02-cv-22991-PCH Advocating, et al v. Rodriguez filed 10/04/02   closed 04/16/03
1:02-cv-23062-JAL Advocating, et al v. Lehman Dealership filed 10/15/02   closed 07/02/03
1:02-cv-23064-ASG Advocating, et al v. P.E. Internationale filed 10/15/02   closed 03/27/03
1:02-cv-23065-KMM Advocating, et al v. Home Equity Mortgage filed 10/15/02   closed 01/27/03
1:02-cv-23066-PCH Advocating, et al v. Jose, et al filed 10/15/02   closed 11/25/02
1:02-cv-23067-SH Advocating, et al v. Omni at Coral Way filed 10/15/02   closed 03/19/04
1:02-cv-23068-UU Advocating, et al v. Kitu Investment, Inc filed 10/15/02   closed 03/24/03
1:02-cv-23069-PCH Advocating, et al v. Rainbow Health Corp. filed 10/15/02   closed 04/16/03
1:02-cv-23071-JAL Advocating, et al v. Levy, et al filed 10/15/02   closed 01/08/03
1:02-cv-23072-JEM Advocating, et al v. Lopez, et al filed 10/15/02   closed 07/18/03
9:02-cv-80389-WPD Advocating, et al v. Haasze filed 04/30/02   closed 10/07/02
9:02-cv-80390-WDF Advocating, et al v. Kitten Club filed 04/30/02   closed 03/07/03
9:02-cv-80391-WPD Advocating, et al v. Permits, Inc. filed 04/30/02   closed 09/30/02
9:02-cv-80393-WDF Advocating, et al v. Casablanca East filed 04/30/02   closed 02/24/03
9:02-cv-80394-WPD Advocating v. L.L.D. of Boca, et al filed 04/30/02   closed 09/16/02
9:02-cv-80395-WJZ Advocating, et al v. RKO, Inc. filed 04/30/02   closed 08/01/02
9:02-cv-80396-WDF Advocating, et al v. Sugar Daddy's, Inc. filed 04/30/02   closed 06/07/02
9:02-cv-80798-WJZ Advocating, et al v. Florida Day Cruises filed 08/22/02   closed 01/22/03
9:02-cv-80943-KLR Advocating, et al v. Leo Equity Group,Inc filed 10/04/02   closed 11/19/03

# EXHIBIT 7

Sworn Statement of Eduardo Umpierre, individually and as director of Advocating Disability Rights, Inc. a not-for-profit Corporation.

**SWORN STATEMENT**
**OF EDUARDO UMPIERRE**

1.      I am at least 18 years of age and otherwise sui juris.

2.      I am a director and member of the disabled rights advocacy group Advocating Disability Rights,

Inc. ("ADR"), and am the President of its Puerto Rico Chapter.

3.      I am a paraplegic as a result of a gun shot wound and the severity, extent, and duration of my

functional limitations render me substantially limited in several major life activities.

4.      I am a qualified individual with disabilities as defined by the Americans with Disabilities Act.

5.      I make this statement in my capacity as individual plaintiff, and on behalf of plaintiff ADR in

support of Plaintiffs' motion for attorneys' fees in *Advocating Disability Rights, Inc. v. Puerto*

*Rico Ports Authority*, United States District Court for the District of Puerto Rico – 05-1185

(ADC).

6.      ADR is and has been since its formation a corporation described in section 501(c) of the Internal

Revenue Code of 1986, as amended (26 U.S.C. §501(c)).

7.      ADR was organized to advocate for the rights of the disabled.  Article III of ADR's original

articles of incorporation provided that its purpose was to "to engage in the advocacy of the need

for those individuals and-or entities required to comply with the provisions of the American with

Disabilities Act to fulfil their obligation under the American with Disabilities Act so that those

persons disabled can have access to all places of public accommodation."

8.      I support ADR's purpose, which is to educate people and businesses on accessibility issues and

ensure full participation of all people with all types of disabilities, in every community.  See

<www.advocatingdisabilityrights.org/about.htm>.

9.      I support ADR's efforts to end the isolation and segregation of disabled individuals from the

mainstream of society that Congress found so pervasive in enacting the ADA.  *See The*

*Americans with Disabilities Act of 1990 § 2(a).*

10.   ADR focuses its efforts on assuring equality of opportunity, full participation, independent living, and economic self-sufficiency for individuals with disabilities and to assist disabled individuals in competing on an equal basis to pursue those opportunities for which our free society is justifiably famous.   *See The Americans with Disabilities Act of 1990 § 2(a).*

11.   I support ADR's regular initiation of litigation to educate private and public entities of the requirements of the ADA and to require their compliance with the ADA on behalf of its members and all individuals with disabilities.

12.   Attorneys William D. Tucker and Lorenzo Palomares have had a close and lengthy legal relationship with me and Advocating disability Rights, Inc., spanning many years

13.   In 2004 when preparations were begun to bring suit sunder the ADA against the Puerto Rico Ports Authority and its ferry transportation system, we were advised by William D. Tucker and Lorenzo Palomares that this case involved complicated legal and factual issues, would require "many hundreds" of hours of attorney time,  and would require the retention of experts, the cost of which would, they advised at the time, likely exceed fifty thousand dollars.

14.   In November 2004, I, along with the other members of the board of Advocating Disability Rights, Inc., including an attorney, determined that there were few attorneys in the United States, much less in Puerto Rico, if any, who possessed the expertise, ability, experience, and resources necessary to litigate this case, and who would be willing to incur the substantial investment of time and money necessary to pursue this action.

15.   At the time preparations for bringing suit against the Ports Authority commenced, it was determined that Attorneys William D. Tucker and Lorenzo Palomares possessed the special expertise, ability, experience, and resources necessary to litigate this case, and who would be willing to incur the substantial investment of time and money necessary to pursue this action.

16.    These attorneys have attorneys have the demonstrated expertise and willingness to pursue lengthy and costly legal battles on behalf of the disabled, and the Plaintiffs seek to ensure that their expertise, efforts, and accomplishments are adequately rewarded so as to ensure continued representation in the future.

17.    It was on this basis that Attorneys William D. Tucker and Lorenzo Palomares were selected to represent the plaintiffs in *Advocating Disability Rights, Inc. v. Puerto Rico Ports Authority*, United States District Court for the District of Puerto Rico – 05-1185 (ADC).

18.    Attorneys William D. Tucker and Lorenzo Palomares were recently recognized for their outstanding efforts on behalf of Advocating Disability Rights, Inc., by a special resolution by the board of directors, a copy of which is attached.

### Verification pursuant to 28 U.S.C. § 1746:

Under penalties of perjury, I declare that I have read the foregoing Sworn Statement and that the facts stated in it are true.

**s/Eduardo Umpierre            March 17, 2008**

Z:\ADA\__Ports Authority\TIME AND COSTS\motion for fees\SWORN STATEMENT OF eduardo umpierre.wpd

# RESOLUTION
## BY THE BOARD OF DIRECTORS
## OF
## ADVOCATING DISABILITY RIGHTS, INC. ("ADR")

WHEREAS, William D. Tucker represents ADR in *Advocating Disability Rights, and Carlisle Wilson v. City of Fort Lauderdale,* United States District Court, Southern District of Florida, Case No. 02-61126-CIV-ZLOCH/SNOW (the "Fort Lauderdale" case);

WHEREAS, William D. Tucker represents ADR in *Advocating Disability Rights, and Carlisle Wilson v. Broward County*, United States District Court, Southern District of Florida, Case No. 03-61239-CIV-MARRA/Seltzer (the "Bus Stop" case)[1];

WHEREAS, William D. Tucker and Lorenzo Palomares represent ADR in *Advocating Disability Rights, Inc. v. Puerto Rico Ports Authority*, United States District Court for the District of Puerto Rico – 05-1185 (ADC),

WHEREAS in connection with their representation of ADR attorneys William D. Tucker, and Lorenzo Palomares, have at all times acted appropriately and professionally;

WHEREAS in connection with their representation of ADR attorneys

---

[1] *Advocating Disability Rights, a Florida not for profit corporation, and Carlisle Wilson v. Water Taxi, Inc., et al,* U.S.D.C. So. Dist. Fla. Case No. 04-60492-CIV-ZLOCH/SNOW, was consolidated with this case in 2005.

William D. Tucker, and Lorenzo Palomares, have at all times communicated appropriately with ADR, and have at all times kept ADR informed on what is occurring in the lawsuits.

WHEREAS in connection with their representation of ADR attorneys William D. Tucker, and Lorenzo Palomares, have at all times pursued ADR's interests and have never pursued their own interests over the interests of ADR.

WHEREAS The principal purpose, mission, and objects of Advocating Disability Rights, Inc., are twofold:

FIRST on behalf of its members and the citizens of the United States, to advance the interests of the disabled and to secure and to promote by education, equality of rights and eradicate disability based prejudice and discrimination among; and to increase their opportunities for securing justice in the courts; employment according to their ability; to ensure their full participation in every community; to ensure that public spaces and commercial premises are accessible to, and usable by, them; to ensure they are not excluded from the enjoyment and use of benefits, services, programs, and activities of public accommodations; and complete equality before the law; and

SECOND to advocate on behalf of its members and the citizens of the

United States to end disability based discrimination, by invoking as Congress intended, the judicial branch of our government as created by Article III of the Constitution of the United States of America, under the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities in furtherance of the purposes of the Rehabilitation act of 1973 and the Americans with Disabilities Act of 1990, P.L. 101-336.

IT IS HEREBY RESOLVED that attorneys William D. Tucker and Lorenzo Palomares are hereby recognized for substantially advancing the principal purpose, mission, and objects of Advocating Disability Rights, Inc.

Dated this 29th day of September, 2007.

_____
Edward T. Dinna, Director, President

Z:\advocating disability rights\advocating disability rights (adr) corporate file\CORPORATE ORGANIZATIONAL DOCUMENTS\minutes 2007 minutes of special meeting of board of directors RESOLUTION.wpd

# EXHIBIT 8

Sworn Statement of Edward T. Dinna, a director of Advocating Disability Rights, Inc. a not-for-profit Corporation.

# SWORN STATEMENT
## OF EDWARD T. DINNA, ESQ.

1.      I am at least 18 years of age and otherwise sui juris.

2.      I am an attorney licensed to practice law in the state of Florida.

3.      I am a director and member of the disabled rights advocacy group Advocating Disability Rights,

Inc. ("ADR").

4.      I am a quadriplegic as a result of an automobile crash when I was sixteen years old, and the

severity, extent, and duration of my functional limitations render me substantially limited in

several major life activities.

5.      I am a qualified individual with disabilities as defined by the Americans with Disabilities Act.

6.      I make this statement in my capacity as director and on behalf of plaintiff ADR in support of

Plaintiffs' motion for attorneys' fees in *Advocating Disability Rights, Inc. v. Puerto Rico Ports*

*Authority*, United States District Court for the District of Puerto Rico – 05-1185 (ADC).

7.      ADR is and has been since its formation a corporation described in section 501(c) of the Internal

Revenue Code of 1986, as amended (26 U.S.C. §501(c)).

8.      ADR was organized to advocate for the rights of the disabled.  Article III of ADR's original

articles of incorporation provided that its purpose was to "to engage in the advocacy of the need

for those individuals and-or entities required to comply with the provisions of the American with

Disabilities Act to fulfil their obligation under the American with Disabilities Act so that those

persons disabled can have access to all places of public accommodation."

9.      I support ADR's purpose, which is to educate people and businesses on accessibility issues and

ensure full participation of all people with all types of disabilities, in every community.  See

<www.advocatingdisabilityrights.org/about.htm>.

10.     I support ADR's efforts to end the isolation and segregation of disabled individuals from the

mainstream of society that Congress found so pervasive in enacting the ADA. *See The Americans with Disabilities Act of 1990 § 2(a).*

11.    ADR focuses its efforts on assuring equality of opportunity, full participation, independent living, and economic self-sufficiency for individuals with disabilities and to assist disabled individuals in competing on an equal basis to pursue those opportunities for which our free society is justifiably famous. *See The Americans with Disabilities Act of 1990 § 2(a).*

12.    I support ADR's regular initiation of litigation to educate private and public entities of the requirements of the ADA and to require their compliance with the ADA on behalf of its members and all individuals with disabilities.

13.    Attorneys William D. Tucker and Lorenzo Palomares have had a close and lengthy legal relationship with Advocating disability Rights, Inc., spanning many years.

14.    In 2004 when preparations were begun to bring suit sunder the ADA against the Puerto Rico Ports Authority and its ferry transportation system, ADR was advised by William D. Tucker and Lorenzo Palomares that this case involved complicated legal and factual issues, would require "many hundreds" of hours of attorney time,  and would require the retention of experts, the cost of which would, they advised at the time, likely exceed fifty thousand dollars.

15.    In November 2004, the board of Advocating Disability Rights, Inc., including an attorney, determined that there were few attorneys in the United States, much less in Puerto Rico, if any, who possessed the expertise, ability, experience, and resources necessary to litigate this case, and who would be willing to incur the substantial investment of time and money necessary to pursue this action.  When combined with the fact that there is no "common fund", i.e., plaintiffs seek only injunctive and declaratory relief, result in this case being "undesirable"from an economic point of view for all but a few attorneys.

16.    At the time preparations for bringing suit against the Ports Authority commenced, it was

determined that Attorneys William D. Tucker and Lorenzo Palomares possessed the special

expertise, ability, experience, and resources necessary to litigate this case, and who would be

willing to incur the substantial investment of time and money necessary to pursue this action.

17.    These attorneys have attorneys have the demonstrated expertise and willingness to pursue lengthy

and costly legal battles on behalf of the disabled, and the Plaintiffs seek to ensure that their

expertise, efforts, and accomplishments are adequately rewarded so as to ensure continued

representation in the future.

18.    It was on this basis that Attorneys William D. Tucker and Lorenzo Palomares were selected to

represent the plaintiffs in *Advocating Disability Rights, Inc. v. Puerto Rico Ports Authority*,

United States District Court for the District of Puerto Rico – 05-1185 (ADC).

19.    Attorneys William D. Tucker and Lorenzo Palomares were recently recognized for their

outstanding efforts on behalf of Advocating Disability Rights, Inc., by a special resolution by the

board of directors, a copy of which is attached.


**Verification pursuant to 28 U.S.C. § 1746**:

Under penalties of perjury, I declare that I have read the foregoing Sworn Statement and that the

facts stated in it are true.


**s/Edward T. Dinna          March 17, 2008**


Z:\ADA\_Ports Authority\TIME AND COSTS\motion for fees\SWORN STATEMENT OF edward t. dinna, esq

## RESOLUTION
## BY THE BOARD OF DIRECTORS
## OF
## ADVOCATING DISABILITY RIGHTS, INC. ("ADR")

WHEREAS, William D. Tucker represents ADR in *Advocating Disability Rights, and Carlisle Wilson v. City of Fort Lauderdale,* United States District Court, Southern District of Florida, Case No. 02-61126-CIV-ZLOCH/SNOW (the "Fort Lauderdale" case);

WHEREAS, William D. Tucker represents ADR in *Advocating Disability Rights, and Carlisle Wilson v. Broward County*, United States District Court, Southern District of Florida, Case No. 03-61239-CIV-MARRA/Seltzer (the "Bus Stop" case)[1];

WHEREAS, William D. Tucker and Lorenzo Palomares represent ADR in *Advocating Disability Rights, Inc. v. Puerto Rico Ports Authority*, United States District Court for the District of Puerto Rico – 05-1185 (ADC),

WHEREAS in connection with their representation of ADR attorneys William D. Tucker, and Lorenzo Palomares, have at all times acted appropriately and professionally;

WHEREAS in connection with their representation of ADR attorneys

---

[1] *Advocating Disability Rights, a Florida not for profit corporation, and Carlisle Wilson v. Water Taxi, Inc., et al,* U.S.D.C. So. Dist. Fla. Case No. 04-60492-CIV-ZLOCH/SNOW, was consolidated with this case in 2005.

Page -1-

William D. Tucker, and Lorenzo Palomares, have at all times communicated appropriately with ADR, and have at all times kept ADR informed on what is occurring in the lawsuits.

WHEREAS in connection with their representation of ADR attorneys William D. Tucker, and Lorenzo Palomares, have at all times pursued ADR's interests and have never pursued their own interests over the interests of ADR.

WHEREAS The principal purpose, mission, and objects of Advocating Disability Rights, Inc., are twofold:

FIRST on behalf of its members and the citizens of the United States, to advance the interests of the disabled and to secure and to promote by education, equality of rights and eradicate disability based prejudice and discrimination among; and to increase their opportunities for securing justice in the courts; employment according to their ability; to ensure their full participation in every community; to ensure that public spaces and commercial premises are accessible to, and usable by, them; to ensure they are not excluded from the enjoyment and use of benefits, services, programs, and activities of public accommodations; and complete equality before the law; and

SECOND to advocate on behalf of its members and the citizens of the

United States to end disability based discrimination, by invoking as Congress intended, the judicial branch of our government as created by Article III of the Constitution of the United States of America, under the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities in furtherance of the purposes of the Rehabilitation act of 1973 and the Americans with Disabilities Act of 1990, P.L. 101-336.

IT IS HEREBY RESOLVED that attorneys William D. Tucker and Lorenzo Palomares are hereby recognized for substantially advancing the principal purpose, mission, and objects of Advocating Disability Rights, Inc.

Dated this 29th day of September, 2007.


_____

Edward T. Dinna, Director, President

Z:\advocating disability rights\advocating disability rights (adr) corporate file\CORPORATE ORGANIZATIONAL DOCUMENTS\minutes 2007 minutes of special meeting of board of directors RESOLUTION.wpd